Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage
Anchorage Police Department

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ANCHORAGE POLICE DEPARTMENT and ) | |
| the MUNICIPALITY OF ANCHORAGE, a ) | |
| municipal corporation, WALTER MONEGAN, ) | |
| Officer JOHN DOE 1, and Officer JOHN DOE 2 ) | |
| ) | |
| Defendants. ) | Case No. 3:05-cv-00273-JWS |
| ) | |

## ANSWER OF DEFENDANT WALT MONEGAN

Defendant Walt Monegan, through counsel, the Municipal Attorney's Office, hereby answers plaintiff Carolyn Mitchell's complaint as follows:

1.1.    Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1.1 of plaintiff's complaint and therefore denies the same.

1.2     Answering defendant admits the allegations contained in paragraph 1.2 of plaintiff's complaint.

1.3     Answering defendant admits the allegations contained in paragraph 1.3 of plaintiff's complaint.

1.4     Answering defendant admits the allegations contained in paragraph 1.4 of plaintiff's complaint.

1.5     Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1.5 of plaintiff's complaint and therefore denies the same.

1.6     Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1.6 of plaintiff's complaint and therefore denies the same.

1.7     Paragraph 1.7 of plaintiff's complaint states a legal conclusion to which no answer is required at this time.

2.1     Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.1 of plaintiff's complaint and therefore denies the same.

2.2     Answering defendant lacks knowledge as to the activities of plaintiff and her son prior to their becoming part of a group of persons whom police directed to leave the mall through its Benson Boulevard exit.  Answering defendant admits that plaintiff and her son complied with these directions.

2.3	Answering defendant lacks knowledge as to plaintiff's state of mind.  Answering defendant admits plaintiff and her son and the rest of a group of persons complied with police directions.

2.4	Answering defendant lacks knowledge as to the precise timing of the events, the ethnic makeup of the group of persons who exited the mall with plaintiff, and the exact wording of the instructions which plaintiff describes in paragraph 2.4 of her complaint, and therefore denies the same.  Answering defendant admits the plaintiff and her son were soon isolated from other persons outside the Benson Boulevard exit of the mall.

2.5	Answering defendant lacks knowledge as to plaintiff's state of mind, the number of officers present at any specific time, or the exact wording of the instructions she or the police gave to her son.  Answering defendant admits that plaintiff's son moved away from her.

2.6	Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.6 of plaintiff's complaint and therefore denies the same.

2.7	Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.7 of plaintiff's complaint and therefore denies the same.

2.8	Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.8 of plaintiff's complaint and therefore denies the same.

2.9     Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.9 of plaintiff's complaint and therefore denies the same.

2.10    Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.10 of plaintiff's complaint and therefore denies the same.

2.11    Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.11 of plaintiff's complaint and therefore denies the same.

2.12    Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.12 of plaintiff's complaint and therefore denies the same.

2.13    Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.13 of plaintiff's complaint and therefore denies the same.

2.14    Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.14 of plaintiff's complaint and therefore denies the same.

2.15    Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.15 of plaintiff's complaint and therefore denies the same.

2.16   Answering defendant denies that police incarcerated plaintiff at any time described in her complaint. Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 2.16 of plaintiff's complaint and therefore denies the same.

3.1   Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.1 of plaintiff's complaint and therefore denies the same.

3.2   Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.2 of plaintiff's complaint and therefore denies the same.

3.3   Answering defendant denies that police arrested plaintiff at any time described in her complaint. Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 3.3 of plaintiff's complaint and therefore denies the same.

3.4   Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.4 of plaintiff's complaint and therefore denies the same.

3.5   Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.5 of plaintiff's complaint and therefore denies the same.

Case 3:05-cv-00273-JWS    Document 21    Filed 03/07/2006    Page 6 of 10

3.6     Answering defendant denies the allegations contained in paragraph 3.6 of plaintiff's complaint.

3.7     Answering defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.7 of plaintiff's complaint and therefore denies the same.

3.8     Answering defendant denies the allegations contained in paragraph 3.8 of plaintiff's complaint.

3.9     Answering defendant denies the allegations contained in paragraph 3.9 of plaintiff's complaint.

4.1     Answering defendant denies the allegations contained in paragraph 4.1 of plaintiff's complaint.

4.2     Answering defendant denies the allegations contained in paragraph 4.2 of plaintiff's complaint.

4.3     Answering defendant denies the allegations contained in paragraph 4.3 of plaintiff's complaint.

4.4     Answering defendant denies the allegations contained in paragraph 4.4 of plaintiff's complaint.

4.5     Answering defendant denies the allegations contained in paragraph 4.5 of plaintiff's complaint.

4.6     Paragraph 4.6 of plaintiff's complaint states no allegation which answering defendant can answer. To the extent an answer is required, answering defendant denies paragraph 4.6.

5.1     Answering defendant denies the allegations contained in paragraph 5.1 of plaintiff's complaint.

5.2     Answering defendant denies the allegations contained in paragraph 5.2 of plaintiff's complaint.

5.3     Answering defendant denies the allegations contained in paragraph 5.3 of plaintiff's complaint.

5.4     Paragraph 5.4 of plaintiff's complaint states no allegation which answering defendant can answer. To the extent an answer is required, answering defendant denies paragraph 5.4.

6.1     Answering defendant denies the allegations contained in paragraph 6.1 of plaintiff's complaint.

6.2     Answering defendant denies the allegations contained in paragraph 6.2 of plaintiff's complaint.

6.3     Answering defendant denies the allegations contained in paragraph 6.3 of plaintiff's complaint.

6.4     Paragraph 6.4 of plaintiff's complaint states no allegation which answering defendant can answer. To the extent an answer is required, answering defendant denies paragraph 6.4.

6.5     Paragraph 6.5 of plaintiff's complaint states no allegation which answering defendant can answer. To the extent an answer is required, answering defendant denies paragraph 6.5.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's complaint fails to state a claim on which relief may be granted.

2. The conduct of which plaintiff complains was justified given the circumstances.

3. The Anchorage Police Department acted in a manner that was proper, reasonable, lawful and in good faith.

4. Defendants had no duty to protect plaintiff from conditions of which they had no actual or constructive knowledge.

5. Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons or entities, including plaintiff, over whom defendants have no responsibility or control.

6. As Chief of Police, defendant Walt Monegan had no duty to plaintiff.

7. Pursuant to AS 09.65.070(d)(1), defendant Walt Monegan is immune from liability for the acts of which plaintiff complains.

8. Plaintiff's injuries, if any, are the result of preexisting medical and/or emotional conditions or otherwise were not caused by defendants.

9. Plaintiff has failed to mitigate her damages.

10. Defendants are immune under the doctrines of sovereign immunity, discretionary immunity and/or qualified immunity.

Answering defendant reserves the right to assert such other and additional affirmative defenses as may be discovered during the investigation and defense of this action.

## REQUEST FOR RELIEF

WHEREFORE answering defendant respectfully requests relief as follows:

A. For judgment in favor of answering defendant and against plaintiff dismissing this action with prejudice;

B. For judgment awarding answering defendant his costs and attorney's fees incurred in this action; and

C. For such other relief as this court deems just and equitable.

Respectfully submitted this 7th day of March, 2006.

                                              FREDERICK H. BONESS
                                              Municipal Attorney

                                          By:  s/ Joyce Weaver Johnson
                                                  Municipal Attorney's Office
                                                  P.O. Box 196650
                                                  Anchorage, Alaska 99519-6650
                                                  Phone: (907) 343-4545
                                                  Fax: (907) 343-4550
                                                  E-mail: uslit@muni.org
                                                  Alaska Bar No. 9306029

The undersigned hereby certifies that on 03/07/06 a true and correct copy of the *Answer of Defendant Walt Monegan* was served on:

**Isaac D. Zorea**
P.O. Box 210434
Anchorage, AK 99521

**Moshe C. Zorea**
7540 E. 17th Avenue
Anchorage, AK 99504

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

 s/ Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office