Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org


Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT and the MUNICIPALITY OF ANCHORAGE, a municipal corporation, WALTER MONEGAN, Officer JOHN DOE 1, and Officer JOHN DOE 2 | ) ) ) ) |
| | ) |
| Defendants. | ) Case No. 3:05-cv-00273-JWS |
| | ) |

### SCHEDULING AND PLANNING CONFERENCE REPORT

1. **Meeting.** In accordance with F.R.Civ.P. 26(f), a meeting was held on March 14, 2006, and was attended by:

   Isaac D. Zorea, co-counsel for the plaintiff

   Joyce Weaver Johnson, attorney for defendants Municipality of Anchorage, Anchorage Police Department and Walt Monegan

The parties recommend the following:

2. **Pre-Discovery Disclosures.** The information required by F.R.Civ.P. 26(a)(1):

   \_\_\_    have been exchanged by the parties

   \_x\_\_    will be exchanged by the parties by March 20, 2006

   Proposed changes to disclosure requirements: (insert proposed changes, if any)

   **Preliminary witness lists**

   \_\_\_    have been exchanged by the parties

   \_x\_\_    will be exchanged by the parties by July 20, 2006 and will include categories of experts the parties have retained or anticipate retaining.

3. **Contested Issues of Fact and Law.** Preliminarily, the parties expect the

following issues of fact and/or law to be presented to the court at trial in this matter:

Defamation of character, false arrest, liability, damages, discretionary immunity, qualified immunity, justification, intentional infliction of emotional distress, civil rights.

4. **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

   A.    Discovery will be needed on the following issues:

See (3) above.

   B.    All discovery commenced in time to be completed by November 1, 2006

("discovery close date").

   C.    Limitations on Discovery.

      1.    Interrogatories.

         \_x\_\_    No change from F.R.Civ.P. 33(a)

         \_\_\_    Maximum of (number) by each party to any other party.

         Responses due in (number) days.

    2.    Request for Admissions.

        _x__   No change from F.R.Civ.P. 36(a)

        ___   Maximum of (<u>number</u>) requests.

    Responses due in (number) days.

    3.    Depositions.

        _x__   No change from F.R.Civ.P. 30.1.

        ___   Maximum of (<u>number</u>) depositions by each party.

    Depositions not to exceed (number) hours unless agreed to by all parties.

D.    Reports from retained experts.

    ___   Not later than 90 days before the close of discovery subject to F.R.Civ.P. 26(a)(2)(C).

    _x__   Reports due:

      From plaintiff September 1, 2006    From defendant September 1, 2006

E.    Supplementation of disclosures and discovery responses are to be made:

    ___   Periodically at 60-day intervals from the entry of scheduling and planning order.
    _x__   As new information is acquired, but not later than 60 days before the close of discovery.

F.    A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

    ___   45 days prior to the close of discovery.
    _x__   Not later than September 15, 2006

5.    **Pretrial Motions.**

    _x__   No change from D.Ak.LR.16.1(c).

The following changes to D.Ak. LR 16.1(c).  [Check and complete all that apply]

    ___   Motions to amend pleadings or add parties to be filed not later than (<u>date</u>).

    ___ Motions under the discovery rules must be filed not later than (<u>date</u>).

    ___ Motions in limine and dispositive motions must be filed not later than (<u>date</u>).

6. **Other Provisions:**

    A.  _x_  The parties do not request a conference with the court before entry of the scheduling order.
         ___ The parties request a scheduling conference with the court on the following issue(s):
         (Insert issues on which a conference is requested)

    B.  Alternative Dispute Resolution. [D.Ak.LR 16.2]

        ___ This matter is not considered a candidate for court-annexed alternative dispute resolution.
        _x_ The parties will file a request for alternative dispute resolution not later than September 18, 2006.
        ___ Mediation        ___ Early Neutral Evaluation

    C.  The parties ___ do _x_ not consent to trial before a magistrate judge.

    D.  Compliance with the Disclosure Requirements of F.R.Civ.P.7.1

        ___ All parties have complied _x_ Compliance not required by any party.

7. **Trial.**

    A.  The matter will be ready for trial:

        _x_ 75 days after the discovery close date.

        ___ not later than (<u>date</u>).

    B.  The matter is expected to take 7 days to try.

    C.  Jury Demanded: _x_Yes ___No

        Right to jury trial disputed? ___ Yes _x_No

Respectfully submitted this 21 day of March, 2006.

By: _/s/ Isaac Derek Zorea_
Isaac Derek Zorea
Alaska Bar No. 0011090
Co-Counsel for Carolyn Mitchell

Respectfully submitted this 22nd day of March, 2006.

FREDERICK H. BONESS
Municipal Attorney

By:   s/ Joyce Weaver Johnson
      Municipal Attorney's Office
      P.O. Box 196650
      Anchorage, Alaska 99519-6650
      Phone: (907) 343-4545
      Fax: (907) 343-4550
      E-mail: uslit@muni.org
      Alaska Bar No. 9306029

The undersigned hereby certifies that on 03/22/06 a true and correct copy of the *Scheduling and Planning Conference Report* was served on:

**Isaac D. Zorea**
P.O. Box 210434
Anchorage, AK 99521

**Moshe C. Zorea**
7540 E. 17th Avenue
Anchorage, AK 99504

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

  s/ Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office