Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT and | ) |
| the MUNICIPALITY OF ANCHORAGE, a | ) |
| municipal corporation, WALTER MONEGAN, | ) |
| Officer HENIKMAN, and Officer J. VOSS, | ) |
| | ) |
| Defendants. | ) Case No. 3:05-cv-00273-JWS |
| | ) |

**ANSWER OF DEFENDANTS HENIKMAN AND VOSS**

**TO AMENDED COMPLAINT**

Defendant Officers Henikman and Voss, through counsel, the Municipal Attorney's Office, hereby answer plaintiff Carolyn Mitchell's Amended Complaint as follows:

1.1.   Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1.1 of plaintiff's Amended Complaint and therefore deny the same.

1.2   Answering defendants admit the allegations contained in paragraph 1.2 of plaintiff's Amended Complaint.

1.3   Answering defendants admit the allegations contained in paragraph 1.3 of plaintiff's Amended Complaint.

1.4   Answering defendants admit the allegations contained in paragraph 1.4 of plaintiff's Amended Complaint.

1.5   Answering defendants admit the allegations of paragraph 1.5 of plaintiff's Amended Complaint.

1.6   Answering defendants admit the allegations of paragraph 1.6 of plaintiff's Amended Complaint.

1.7   Paragraph 1.7 of plaintiff's Amended Complaint states a legal conclusion to which no answer is required at this time.

2.1   Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.1 of plaintiff's Amended Complaint and therefore deny the same.

2.2   Answering defendants lack knowledge as to the activities of plaintiff and her son prior to their becoming part of a group of persons whom police directed to leave the mall

through its Benson Boulevard exit. Answering defendants admit that plaintiff and her son complied with these directions.

2.3     Answering defendants lack knowledge as to plaintiff's state of mind. Answering defendants admit plaintiff and her son and the rest of a group of persons complied with police directions.

2.4     Answering defendants lack knowledge as to the precise timing of the events, the ethnic makeup of the group of persons who exited the mall with plaintiff, and the exact wording of the instructions which plaintiff describes in paragraph 2.4 of her Amended Complaint, and therefore deny the same. Answering defendants admit the plaintiff and her son were soon isolated from other persons outside the Benson Boulevard exit of the mall.

2.5     Answering defendants lack knowledge as to plaintiff's state of mind, the number of officers present at any specific time, or the exact wording of the instructions she or the police gave to her son. Answering defendants admit that plaintiff's son moved away from her.

2.6     Answering defendants admit the allegations of paragraph 2.6 of plaintiff's Amended Complaint.

2.7     Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.7 of plaintiff's Amended Complaint and therefore deny the same.

2.8     Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.8 of plaintiff's Amended Complaint and therefore deny the same.

2.9     Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.9 of plaintiff's Amended Complaint and therefore deny the same.

2.10    Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.10 of plaintiff's Amended Complaint and therefore deny the same.

2.11    Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.11 of plaintiff's Amended Complaint and therefore deny the same.

2.12    Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.12 of plaintiff's Amended Complaint and therefore deny the same.

2.13    Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.13 of plaintiff's Amended Complaint and therefore deny the same.

2.14    Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.14 of plaintiff's Amended Complaint and therefore deny the same.

2.15   Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.15 of plaintiff's Amended Complaint and therefore deny the same.

2.16   Answering defendants deny that police incarcerated plaintiff at any time described in her Amended Complaint.  Answering defendants lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 2.16 of plaintiff's Amended Complaint and therefore deny the same.

3.1   Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.1 of plaintiff's Amended Complaint and therefore deny the same.

3.2   Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.2 of plaintiff's Amended Complaint and therefore deny the same.

3.3   Answering defendants deny that police arrested plaintiff at any time described in her Amended Complaint.  Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 3.3 of plaintiff's Amended Complaint and therefore deny the same.

3.4   Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.4 of plaintiff's complaint and therefore deny the same.

3.5     Answering defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.5 of plaintiff's Amended Complaint and therefore deny the same.

3.6     Answering defendants deny the allegations contained in paragraph 3.6 of plaintiff's Amended Complaint.

3.7     Answering defendants state that, at all times during the detention of plaintiff on May 8, 2004, they were acting within the scope of their employment and pursuant to training and instructions they received as officers of the Anchorage Police Department, under the supervision of Chief Walt Monegan. Answering defendants deny all other allegations of paragraph 3.7 of plaintiff's Amended Complaint.

3.8     Answering defendants deny the allegations contained in paragraph 3.8 of plaintiff's Amended Complaint.

3.9     Answering defendants deny the allegations contained in paragraph 3.9 of plaintiff's Amended Complaint.

4.1     Answering defendants deny the allegations contained in paragraph 4.1 of plaintiff's Amended Complaint.

4.2     Answering defendants deny the allegations contained in paragraph 4.2 of plaintiff's Amended Complaint.

4.3     Answering defendants deny the allegations contained in paragraph 4.3 of plaintiff's Amended Complaint.

4.4    Answering defendants deny the allegations contained in paragraph 4.4 of plaintiff's Amended Complaint.

4.5    Answering defendants deny the allegations contained in paragraph 4.5 of plaintiff's Amended Complaint.

4.6    Paragraph 4.6 of plaintiff's Amended Complaint states no allegation which answering defendants can answer.  To the extent an answer is required, answering defendants deny paragraph 4.6.

5.1    Answering defendants deny the allegations contained in paragraph 5.1 of plaintiff's Amended Complaint.

5.2    Answering defendants denies the allegations contained in paragraph 5.2 of plaintiff's complaint.

5.3    Answering defendants deny the allegations contained in paragraph 5.3 of plaintiff's Amended Complaint.

5.4    Paragraph 5.4 of plaintiff's Amended Complaint states no allegation which answering defendants can answer.  To the extent an answer is required, answering defendants deny paragraph 5.4.

6.1    Answering defendants deny the allegations contained in paragraph 6.1 of plaintiff's Amended Complaint.

6.2    Answering defendants deny the allegations contained in paragraph 6.2 of plaintiff's Amended Complaint.

6.3    Answering defendants deny the allegations contained in paragraph 6.3 of plaintiff's Amended Complaint.

6.4    Paragraph 6.4 of plaintiff's Amended Complaint states no allegation which answering defendants can answer. To the extent an answer is required, answering defendants deny paragraph 6.4.

6.5    Paragraph 6.5 of plaintiff's Amended Complaint states no allegation which answering defendants can answer. To the extent an answer is required, answering defendants deny paragraph 6.5.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

2.    The conduct of which plaintiff complains was justified given the circumstances.

3.    The Anchorage Police Department acted in a manner that was proper, reasonable, lawful and in good faith.

4.    Defendants had no duty to protect plaintiff from conditions of which they had no actual or constructive knowledge.

5.    Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons or entities, including plaintiff, over whom defendants have no responsibility or control.

6. Pursuant to AS 09.65.070(d)(1), answering defendants are immune from liability for the acts of which plaintiff complains.

7. Plaintiff's injuries, if any, are the result of preexisting medical and/or emotional conditions or otherwise were not caused by defendants.

8. Plaintiff has failed to mitigate her damages.

9. Defendants are immune under the doctrines of sovereign immunity, discretionary immunity and/or qualified immunity.

Answering defendants reserve the right to assert such other and additional affirmative defenses as may be discovered during the investigation and defense of this action.

## REQUEST FOR RELIEF

WHEREFORE answering defendants respectfully request relief as follows:

A. For judgment in favor of answering defendants and against plaintiff dismissing this action with prejudice;

B. For judgment awarding answering defendants their costs and attorney's fees incurred in this action; and

C. For such other relief as this court deems just and equitable.

Respectfully submitted this 21st day of June, 2006.

FREDERICK H. BONESS
Municipal Attorney

By: s/ Joyce Weaver Johnson
Municipal Attorney's Office

> P.O. Box 196650
> Anchorage, Alaska 99519-6650
> Phone: (907) 343-4545
> Fax: (907) 343-4550
> E-mail: uslit@muni.org
> Alaska Bar No. 9306029

The undersigned hereby certifies that on 06/21/06 a true and correct copy of the *Answer of Defendants Voss & Henikman* was served on:

**Isaac D. Zorea**
P.O. Box 210434
Anchorage, AK 99521

**Moshe C. Zorea**
7540 E. 17th Avenue
Anchorage, AK 99504

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

 s/ Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office