Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 677-3779
(907) 644-2802 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CAROLYN MITCHELL,                                    )
        Plaintiff,                                        )
  vs.                                                            )
                                                                        )
ANCHORAGE POLICE DEPARTMENT and the  )
MUNICIPALITY OF ANCHORAGE, a                )
municipal corporation, WALTER MONEGAN,  )
Officer HENIKMAN, and Officer J. VOSS,       )
        Defendants.                                     )
_____ )
Case No. 3:05-cv-00273-JWS

### PLAINTIFF'S MOTION FOR RECONSIDERATION/ MOTION CLARIFYING REQUEST FOR SUMMARY JUDGMENT

On October 30, 2007, at docket 72, this Court entered its Order and Opinion concerning a motion for summary judgment filed by defendants, and a motion for partial summary judgment filed by the plaintiff, Carolyn Mitchell. Having reviewed the court's opinion, Mitchell now files this motion requesting reconsideration of her motion for partial summary judgment. The court neither granted nor denied Mitchell's motion, citing her failure to clarify what claim she sought from the court. This motion will attempt to clarify Mitchell's position, thereby enabling the court to render its ruling on her motion.

In its opinion, the court points to an apparent discrepancy in Mitchell's

argument for partial summary judgment.  The court states that Mitchell's initial briefing (Doc. 53) requested partial summary judgment on the issue of false arrest. Doc. 72, at 9.  Then the court notes that her reply brief (Doc. 66) states that her "motion for partial summary judgment is premised on the legal theory of 'unlawful seizure . . . .'"  Doc. 72, at 9.  Mitchell recognizes that the two briefs she submitted outwardly seem to identify two different legal theories.  For this confusion, Mitchell apologizes to the court, and will make an effort at clarifying the confusion created by her reply brief.

In her reply brief (Doc. 66), Mitchell did not reference article I, section 14, of Alaska's Constitution in order to state her cause of action.  Rather, Mitchell referenced the unlawful search and seizure clause of Alaska's constitution, in order to counter an argument advanced by the defendants in their opposition brief (Doc. 61).  In its opposition brief, defendants argued that Mitchell improperly cited Alaska's statute for defining "arrest." (Doc. 61, at 2).  In response to defendants argument, Mitchell attempted to identify that Alaska courts identified when an arrest occurred differently when dealing with an unlawful search and seizure issue than when addressing a issue dealing with a speedy trial.  In retrospect, the distinction seems inapposite to the tort of false arrest, and it obviously created confusion for the court.

The tort of false arrest does not rely on AS 12.25.160, as defendants alleged in their opposition brief.  Mitchell acknowledges that in order to prove false arrest as a matter of law, she must establish (1) restraint upon her freedom, (2) without proper

legal authority. In her reply brief, Mitchell referenced Alaska's constitution as a means of proving that the restraint upon her freedom occurred *without proper legal authority*. By invoking article I, section 14, of Alaska's Constitution, Mitchell merely argued that the constitutional basis for false arrest is distinct from an argument centered around the right to a speedy trial (article I, section 11).

As clarification, Mitchell's request for partial summary judgment is limited solely to whether a *false arrest* occurred on May 8, 2004. Further, Mitchell believes that the elements for the tort of false arrest are whether there occurred (1) a restraint upon her freedom, (2) without proper legal authority. (See: Doc. 53, at 8).

With that clarification concerning what she is pursuing, Mitchell requests that this court reconsider her motion for partial summary judgment on the issue of false arrest. The relevant facts concerning whether a restraint on her freedom occurred, and whether such a restraint occurred without proper legal authority, are all undisputed. As such, Mitchell requests that this court enter judgment as a matter of law in her favor on the issue of whether defendants Officer Justin Voss and Ross Henikman falsely arrested her on May 8, 2004.

Respectfully submitted this 6th day of November 2007.

        S/ Isaac Zorea
        Law Offices of Isaac D Zorea
        P.O. Box 210434
        Anchorage, AK 99521
        907-830-1385
        907-677-3779
        Eyedz@gci.net

<u>Certificate of Service</u>

I hereby certify that on November 6, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification to the following:

    Joyce Weaver Johnson

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    none.

Dated this 6th day of November, 2007, at Anchorage, Alaska.

 S/ Isaac Zorea
  Law Offices of Isaac D Zorea
 P.O. Box 210434
 Anchorage, AK 99521
 907-830-1385
 907-677-3779
 Eyedz@gci.net