Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT and | ) |
| the MUNICIPALITY OF ANCHORAGE, a | ) |
| municipal corporation, WALTER MONEGAN, | ) |
| Officer HENIKMAN, and Officer J. VOSS, | ) |
| | ) |
| Defendants. | ) Case No. 3:05-cv-00273-JWS |
| | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION FOR RECONSIDERATION**

**INTRODUCTION**

To reverse itself on Plaintiff's Motion for Reconsideration, this Court would have to apply the wrong definition of "false arrest." It would also have to rule, as a matter of law, that the circumstances of the subject incident, the officers' legal duties, and the

information available to them at the time, did not add up to "proper legal authority" to detain Plaintiff pending a victim show-up. The Motion for Reconsideration should be denied.

At issue is whether Plaintiff is entitled to partial summary judgment on "false arrest." The Court (Dkt. 73) declined to rule either way on this claim because it could not tell from Plaintiff's briefs whether her summary judgment motion (Dkt. 53) was made under Constitutional or Alaska tort law. She now clarifies (Dkt. 73) that she intended her motion to be decided under tort law, not under the Fourth Amendment. Based on this clarification, her motion fails as a matter of law.

**Plaintiff Confuses Legal Definitions.**

There are three possible legal regimes under which Plaintiff might seek to prove "false arrest." Differing characterizations, as well as definitions taken from the wrong legal regime, have confused this issue and hampered the Court in making its decision.

The first possible legal regime is the Fourth Amendment, barring "unreasonable searches and seizures." The second is Title 12 of the Alaska Statutes, our Code of Criminal Procedure, which gives both the <u>definition</u> of an arrest, and the <u>method of making</u> an arrest. The third is Alaska's common law, derived from Prosser's <u>Law of Torts</u>.

Only one of these applies to Plaintiff's motion as she has clarified it: the common law. The Alaska Supreme Court in 1986 adopted the Prosser, or common-law, definition:

>The elements of a false arrest claim are: (1) a restraint upon plaintiff's freedom (2) without proper legal authority.

Hazen v. Municipality of Anchorage, 718 P.2d 456, 461 (Alaska 1986) (citing W. Prosser, Law of Torts § 11 (4th ed. 1971)).

In adopting the Prosser definition of "false arrest," the Hazen court did not cite any prior Alaska cases. Pre-Hazen cases such as City of Nome v. Ailak, 570 P.2d 162, 170 (Alaska 1977), which neither state nor apply any tort law definition of "false arrest," do not help the Court determine whether a "false arrest" occurred in this case. As for the Court's post-Hazen decisions on "false arrest," they simply adopt Hazen's definition.

Hazen did cite City of Nome, but only on another issue: that a "probable cause" determination depends upon facts known to the officers at the time, not with hindsight. As stated elsewhere in this brief, probable cause to arrest is not at issue on the instant motion. The tort of "false arrest" is, and it does not require "probable cause", only "proper legal authority," see Hazen at 461, for restraining plaintiff's freedom. Under Alaska law, it is no tort to restrain plaintiff's freedom, if the defendant has "proper legal authority."

Plaintiff has confused the issue by delving back before Hazen, to a case mentioning "false arrest", but never defining it, nor applying a tort law definition. City of Nome came nine years before the Alaska Supreme Court had occasion to define the tort in Hazen.

City of Nome does not address, let alone define, Alaska's common-law tort of "false arrest". City of Nome does not even mention "common law", "Prosser" or

"Restatement."   The Court in City of Nome was addressing very different facts and circumstances; the case is procedurally different; and, rightly or wrongly, the Court was not relying on the common-law definition, which Hazen later adopted for Alaska's tort of "false arrest".  It appears that in City of Nome, the Court could easily determine a full-blown, statutory "arrest" had occurred, on the egregious facts therein.  They didn't need a precise definition of "false arrest," for tort purposes, until the Hazen case came along.[1]

**Restraint Occurred, But "On Proper Legal Authority."**

Defendant officers had an affirmative legal duty to protect the lives and property of the public.  Armed bank robbery incontrovertibly threatens those interests.  They were also required to investigate and seek the perpetrator.  See authorities cited in Defendants' Opposition. (Dkt. 62).  The restraint of freedom took place "on proper legal authority," with time, place and appearance all giving rise to reasonable suspicion that Plaintiff could be the robber.  Where there is a duty to detain, there is "appropriate legal authority," and there can be no cause of action for "false arrest".

Defendants disagree with Plaintiff's assertion that the "facts are undisputed" on this. At the very least, questions such as how closely Plaintiff resembled the sketchy descriptions of the robber broadcast on police radio are not for the Court, but for the jury.

---

[1] The City of Nome court used an Alaska statute to reach its conclusion.  Like Plaintiff herein, it erred, Defendants submit, by using Sec. 12.25.050, **Method of making arrest**, instead of Sec. 12.25.160, **Arrest defined**.  The difference would be significant on the facts of the present case, if the statute applied.  But here, the common-law definition must prevail.

## **CONCLUSION**

Defendant officers did not arrest. Instead, they restrained plaintiff's freedom for 20-30 minutes. They did so on "proper legal authority." If the Court is not yet convinced of that, then the jury must consider the question of "proper legal authority" on the facts, circumstances, and information available to the officers at the time. Either way, Plaintiff's Motion for Reconsideration must fail, letting stand the Court's denial of Plaintiff's proposed partial summary judgment.

Respectfully submitted this 16th day of November, 2007.

                                                JAMES N. REEVES
                                                Municipal Attorney

                                        By:  <u>s/ Joyce Weaver Johnson</u>
                                                    Municipal Attorney's Office
                                                    P.O. Box 196650
                                                    Anchorage, Alaska 99519-6650
                                                    Phone: (907) 343-4545
                                                    Fax: (907) 343-4550
                                                    E-mail: uslit@muni.org
                                                    Alaska Bar No. 9306029

The undersigned hereby certifies that on <u>11/16/07</u> a true and correct copy of *Defendants' Response to Plaintiff's Motion for Reconsideration* was served on:

Isaac D. Zorea
and
Moshe C. Zorea

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.
 <u>s/ Retah Hicks</u>