UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANCHORAGE POLICE ) <br> DEPARTMENT and MUNICIPALITY ) <br> OF ANCHORAGE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 3:05-cv-00273 JWS <br><br> ORDER AND OPINION <br> [Re: Motion at Docket 73] |

At docket 73, plaintiff Carolyn Mitchell moves for reconsideration of the portion of the court's order dated October 30, 2007,[1] declining to grant plaintiff summary judgment on the issue of whether plaintiff was falsely arrested on May 8, 2004. By order dated November 7, 2007,[2] the court invited defendants to file a response to plaintiff's motion for reconsideration pursuant to D. Ak. LR 59.1(d). Defendants filed a response at docket 75. The background facts in this matter are set forth in the court's order at docket 72.

---

[1] Doc. 72.

[2] Doc. 74.

In its order at docket 72, the court declined to grant plaintiff judgment as a matter of law on her false arrest claim because "[b]ased on plaintiff's briefing, it is unclear to the court whether plaintiff is attempting to pursue a state law false arrest claim or whether plaintiff is attempting to pursue an unlawful seizure claim under the Alaska Constitution."[3] In her motion at docket 73, entitled "Plaintiff's Motion for Reconsideration/Motion Clarifying Request for Summary Judgment," plaintiff acknowledges that her briefs seemed to identify two different legal theories and affirms that her "request for partial summary judgment is limited solely to whether a false arrest occurred on May 8, 2004."[4] Plaintiff further states that under Alaska law, the elements for the tort of false arrest are whether there occurred (1) a restraint upon her freedom, (2) without proper legal authority.[5]

In their response to plaintiff's motion, defendants do not dispute the elements of the tort of false arrest, nor do they dispute that a restraint upon plaintiff's freedom occurred on May 8, 2004. However, defendants argue that they restrained plaintiff's freedom "'on proper legal authority,' with time, place and appearance all giving rise to reasonable suspicion that Plaintiff could be the robber."[6] Defendants cite *Deal v. State*[7] and *Coleman v. State*[8] for the proposition that defendants "had an affirmative legal duty

---

[3]Doc. 72 at 10.

[4]Doc. 72 at 3.

[5]*Waskey v. Municipality of Anchorage*, 909 P.2d 342, 345 (Alaska 1996).

[6]Doc. 75 at 4, 5.

[7]626 P.2d 1073 (Alaska 1980).

[8]553 P.2d 40 (Alaska 1976).

to do as they did in response" to the alleged armed bank robbery in that they "were required to investigate and to seek the perpetrator."[9]

However, *Deal* and *Coleman* are clearly distinguishable from the case at bar. In *Deal*, the Alaska Supreme Court ruled that "[a] police officer is under a duty to protect the lives and property of the public." Accordingly, "[w]here an officer is aware that the operator of an unattended, unsecured vehicle will not be returning to the vehicle in the near future, his entry of that vehicle for the limited purpose of securing it is entirely justified."[10] In *Coleman*, the Alaska Supreme Court ruled that in light of the facts known to the police officers, they had a right and duty to stop and question the defendant who met the description of the suspect in a recent robbery and rape. The *Coleman* decision, which involved a claim under the Fourth Amendment and not a state law false arrest claim, states in pertinent part:

> We do not believe that our rule permitting temporary detention for questioning in certain cases, i.e., cases where the police officer has a reasonable suspicion that imminent public danger exists or serious harm to persons or property has recently occurred, conflicts with the Fourth Amendment of the State Constitution.
>
> It strikes a balance between a person's interest in immunity from police interference and the community's interest in law enforcement. It wards off pressure to equate reasonable cause to investigate with reasonable cause to arrest, thus protecting the innocent from the risk of arrest when no more than reasonable investigation is justified.

The *Coleman* court also pointed out that Alaska does not have a statute authorizing the police to forcibly stop a citizen on less than probable cause to arrest.

---

[9] Doc. 75 at 4.

[10] *Deal*, 626 P.2d at 1080.

Unlike *Coleman*, the facts of this case do not involve the mere stopping and questioning of plaintiff. Here, it is undisputed that defendants held plaintiff at gunpoint, handcuffed her, searched her person and belongings, and kept her in custody for about 30 minutes, without asking her any questions related to the investigation of the armed robbery. It is also undisputed that plaintiff was cooperative and was not perceived as a safety concern by the defendants.

The facts of this case amount to an arrest, not an investigative stop, and although defendants Voss and Henikman may have had reasonable cause to investigate, they have conceded that they did not have probable cause to arrest plaintiff.[11] Moreover, as discussed in the court's order at docket 72, the facts and circumstances known to the defendant officers at the time would not warrant a reasonable person in believing that plaintiff committed the armed robbery at issue. For the above reasons, plaintiff has met her burden of showing that there are no genuine disputes of material fact and she is entitled to judgment as a matter of law finding that defendants Henikman and Voss falsely arrested her on May 8, 2004.

The court has reviewed plaintiff's motion for reconsideration and finds that it has merit. Moreover, upon review of plaintiff's amended complaint, the court notes that even though plaintiff made arguments under the Alaska Constitution in her briefing on summary judgment, plaintiff's complaint plainly sets forth a state law false arrest claim and not an unlawful seizure claim under the Alaska Constitution. For the reasons set out above, the court erroneously denied plaintiff's motion for partial summary judgment

---

[11] Doc. 53, exh. E at 2, exh. F at 2-3.

on the issue of whether defendants Henikman and Voss falsely arrested plaintiff on May 8, 2004.

Accordingly, it is hereby **ORDERED** that plaintiff's motion for reconsideration at docket 72 is **GRANTED**, and the court finds as a matter of law that defendants Henikman and Voss falsely arrested plaintiff on May 8, 2004.

DATED at Anchorage, Alaska, this 26th day of December 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE