Joyce Weaver Johnson, Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL,                                              ) | |
|                                                                ) | |
|         Plaintiff,      ) | |
|                                                                ) | |
| vs.                                                            ) | |
|                                                                ) | |
| ANCHORAGE POLICE DEPARTMENT and     ) | |
| the MUNICIPALITY OF ANCHORAGE, a          ) | |
| municipal corporation, WALTER MONEGAN,  ) | |
| Officer HENIKMAN, and Officer J. VOSS,        ) | |
|                                                                ) | |
|         Defendants.    ) | Case No. 3:05-cv-00273-JWS |

## MOTION TO RECONSIDER ORDER AND OPINION

Defendants Municipality of Anchorage, Walt Monegan and Officers Henikman and Voss, through the Municipal Attorney's Office, move this Court to reconsider its Order and Opinion (Dkt. 76) granting Plaintiff summary judgment on the issue of the tort of false arrest. This Motion is supported by the Affidavits of Captain Bill Miller, Trooper Major Matt Leveque, Officer John Daily and FBI Special Agent Steven Payne submitted

to provide this Court supplemental information on the policy and procedural context in which law enforcement conducts investigative stops.

## A.   THE COURT MISCONSTRUED WHAT CONSTITUTES AN ARREST UNDER ALASKA AND FEDERAL LAW.

The Court found that an "arrest" occurred and then held that the "arrest" was without legal authority for lack of "probable cause."  Defendants argue that Plaintiff was not arrested pursuant to either Alaska or federal case law.  In finding an "arrest," the Court overlooked undisputed facts in the record and failed to analyze the difference between an "investigatory stop" and an "arrest" under Alaska and federal law.

### 1.   The Court Elevated "Restraint Of Personal Freedom" Into An Arrest Contrary To Alaska And Federal Case Law.

The Order, at 4, states "the facts of this case amount to an arrest."  Alaska Statute 12.25.160 (discussed at Dkt. 50 at 7) defines arrest under Alaska law.  Under the statute and case law, no arrest occurred.  *Howard v. State*, 664 P.2d 603, 609-10 (Alaska 1983), creates a five-factor test to determine whether a detention is a valid investigatory stop: 1) The stop must be limited to an investigation of a crime of violence or involving serious and substantial loss to property; 2) The stop must be limited and for the purpose of a specific inquiry soon to be resolved; 3) The stop must be brief; 4)  The stop must not require travel of an appreciable distance; and 5) The force used must be proportional to the risk reasonably foreseen by the officer at the time of the stop.  Captain Bill Miller's attached affidavit analyzes the facts of Plaintiff's stop and shows that, under *Howard,* an investigatory stop, not an arrest, occurred.  *See also* Affidavit of FBI Agent Payne at ¶ 14.

Captain Miller's review of the Anchorage Police Department procedures in the Mitchell case accords with Ninth Circuit law defining an "investigatory stop" which does not rise to the level of an "arrest." Miller Aff. at ¶ 3. In *U.S. v. Torres-Sanchez*, 83 F.3d 1123, 1127 (9th Cir. 1996), the Ninth Circuit found "no bright-line for determining when an investigatory stop crosses the line and becomes an arrest." *Id. quoting United States v. Hatfield*, 815 F.2d 1068, 1070 (6th Cir. 1987). Convicted of possession with intent to distribute methamphetamine, Sanchez was initially stopped for traffic violations. Sanchez argued that what commenced as a valid *Terry* stop turned into a *de facto* arrest when he was asked to stay in a patrol car for 20 minutes without probable cause. *Id*. The Ninth Circuit found that under the "totality of the circumstances" the stop did not rise to the level of a *de facto* arrest. *Id*. at 1129. The Ninth Circuit relied on *U.S. v. Sharpe*, 470 U.S. 675, 105 S.Ct. 1568 (1985), where the Supreme Court "specifically refused to set a definitive rule on the time limit of a lawful investigative stop." *Torres-Sanchez*, 83 F.3d at 1128

Alaska uses the same analysis. In *LeMense v. State*, 754 P.2d 268 (Alaska App. 1988), the defendant appealed denial of his motion to suppress evidence of cocaine found in his suitcase. A Trooper stopped LeMense as he was entering a cab to leave the airport and requested that he return to the terminal. The Trooper brought a drug detection canine to sniff the luggage, yielding a positive response. LeMense argued that the police did not have sufficient grounds to take his luggage back to the terminal and subject it to the canine search which took "almost thirty minutes." *Id*. at 273. The Court of Appeals

applied the rule that "any investigative stop must be reasonable in terms of scope and duration" and found the search reasonable under the facts. *Id.*

Similarly in the Mitchell case, Agent Payne explained why it was necessary to detain Mitchell for 30 minutes in order to bring the victim teller to see her and rule her out as a suspect. Payne Aff. at ¶ 14; *see also* Miller Aff. at ¶ 2-3. Defendants' previous briefing has analyzed a peace officer's legal duty to investigate (Dkt. 50 at 12, 19) and a peace officer's legal duty to protect lives and property (Dkt. 61 at. 5; *Deal v. State*, 626 P.2d 1073 at 1079-80 (Alaska 1980.))

## 2. The Court Does Not Explain Why It Found That Plaintiff's Detention Lacked "Proper Legal Authority."

The Alaska tort of "false arrest" consists of "(1) a restraint upon plaintiff's freedom (2) without proper legal authority." *Hazen v. Municipality of Anchorage*, 718 P.2d 456, 461 (Alaska 1986). The parties agree that Plaintiff's freedom was restrained. However, the restraint was *with* proper legal authority, as an investigatory stop, and the Court's opinion fails to provide an analysis of why the Defendants' legitimate law enforcement activities aimed at finding and preventing the escape of a bank robber[1] do not constitute "proper legal authority."[2] Captain Miller's affidavit at ¶3(a) and Major

---

[1] Officer Daily explains the practical problems of using a sketchy description from Dispatch and trying to recognize and apprehend suspects for a serious crime, in a setting like a busy mall. Affidavit at ¶¶ 4-12.

[2] This Court may have erroneously used a "divide-and-conquer analysis" expressly precluded by the Supreme Court instead of "totality of the circumstances." *U.S. v. Arvizu*, 534 U.S. 266, 273 (2002). The Ninth Circuit affirmed this Court's ruling that an Alaska officer reasonably extended an initial traffic stop. The Court held that "particularized objective factors" justified broadening the stop. *U.S. v. Goss*, No. 07-30086, slip. op. at 3 (9th Cir. Dec. 26, 2007), on appeal from D.C. No. CR-06-00024-JWS.

Leveque at ¶2 detail the typical activities of law enforcement which necessitate investigatory stops similar in duration and restraint of freedom to Plaintiff's.

## B.    THE COURT'S RULING HAS FAR-REACHING IMPLICATIONS.

If the facts in this case constitute the tort of false arrest, then Alaska law enforcement officers risk committing false arrest every day. Miller Aff. at ¶4; Leveque Aff. at ¶2.  Comparable detentions occur regularly as part of processing a suspect for driving under the influence (Miller at ¶3(a)); stabilizing a domestic violence situation (Leveque at ¶3(a)); and executing a search warrant in an occupied home (Miller at ¶ 3(b)).  The scenarios described by these veteran law enforcement officers put an Alaska perspective on the U.S. Supreme Court and Ninth Circuit case law cited in Defendants' briefs.  *See, e.g.,* Dkt. 50, pp. 6-12; *Gallegos v. City of Los Angeles*, 308 F.3d 987 (Ninth Cir. 2002).  These decisions uniformly find no bright line on handcuffing, length of detention, etc., in an investigative stop and look to the "totality of the circumstances." The "totality of the circumstances" of this case show an investigatory stop, not an arrest.

## Conclusion

The Defendants urge this Court to review its finding that the detention was an "arrest" or that it was "without proper legal authority" and reverse its findings. In the alternative, and at minimum, it should clarify and explain its analysis in order to permit a reasoned appeal.

Respectfully submitted this 15th day of January, 2008.

JAMES N. REEVES
Municipal Attorney

By:  s/ Joyce Weaver Johnson
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org
Alaska Bar No. 9306029

The undersigned hereby certifies that on 1/15/08 a
true and correct copy of the *Motion to Reconsider Order*
*and Opinion & Proposed Order*
was served on:

Isaac D. Zorea
Moshe C. Zorea

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

 s/ Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office