Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 677-3779
(907) 644-2802 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CAROLYN MITCHELL,                              )
        Plaintiff,                      )
    vs.                                          )
                                               )
ANCHORAGE POLICE DEPARTMENT and the            )
MUNICIPALITY OF ANCHORAGE, a                   )
municipal corporation, WALTER MONEGAN,         )
Officer HENIKMAN, and Officer J. VOSS,         )
        Defendants.                     )
_____)

Case No. 3:05-cv-00273-JWS

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION**

On December 26, 2007, at docket 76, this Court issued its Order and Opinion

concerning whether Carolyn Mitchell was falsely arrested on May 8, 2004.  In its

opinion, the Court identified the legal issues that defendants raised in its response to

Mitchell's motion for reconsideration.  The Court acknowledged defendants' reliance

on Deal v. State, and Coleman v. State, for the proposition that Officers Henikman

and Voss "had an affirmative legal duty" to detain Mitchell as they did. Doc. 76, at 2.

Nonetheless, the Court's analysis held that Deal and Coleman were "clearly

distinguishable from the case at bar." Id., at 3.

After providing an analysis into why defendants' legal arguments failed to

persuade, the Court issued its ruling.  The Court held that "the facts of this case do not involve the mere stopping and questioning of plaintiff." Id., at 4.  Continuing the Court observed that "it is undisputed that defendants held plaintiff at gunpoint, handcuffed her, searched her person and belongings, and kept her in custody for about 30 minutes, without asking her any questions related to the investigation of the armed robbery." Id..  Further the Court observed that "it is also undisputed that plaintiff was cooperative and was not perceived as a safety concern by the defendants." Id..  Based on the undisputed facts, the Court held that "plaintiff has met her burden of showing that there are no genuine disputes of material fact and she is entitled to judgment as a matter of law finding that defendants Henikman and Voss falsely arrested her on May 8, 2004." Id..

On January 15, 2008, at docket 79, defendants "move this Court to reconsider its Order and Opinion (Dkt. 76) granting plaintiff summary judgment on the issue of false arrest." Doc. 79, at 1.  In its motion, however, defendants merely reargue the same legal theories already presented to this Court on at least four separate occasions.  In its motion, defendants presented no intervening change in the controlling law of this case.  Neither did the defendants submit any newly discovered evidence, such as would warrant reconsideration.  Rather than provide legitimate grounds for reconsideration, the defendants merely provides this Court with "an Alaska perspective on the U.S. Supreme Court and Ninth Circuit case law cited in Defendants' briefs." Id., at 5.

The defendants motion for reconsideration utterly fails, and must be denied.

The motion filed by defendants at docket 79 bears the caption of motion for reconsideration, but it is nothing more than a newly presented motion opposing summary judgment.

Federal Rules of Civil Procedure 59(e) permits a motion for reconsideration, but such motions serve a narrow purpose. Waltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. AcandS, Inc., 5 F.3d 1255, 1263, (9th Cir. 1993).

Applying the standard adopted by the Ninth Circuit, defendants' motion for reconsideration must be denied. First, defendants' motion does not present newly discovered evidence. It is true that defendants submitted four new affidavits to its motion for reconsideration, but these affidavits cannot be deemed "new evidence." The Ninth Circuit stated that the "overwhelming weight of authority is that failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" Id.. See also: Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1557 & n. 4 (9th Cir. 1987). As such, the affidavits submitted with defendants' motion must be ignored since they are merely opinions from law enforcement officers that could have been presented with defendants earlier filed opposition to plaintiff's partial summary judgment.

Additionally, it is clear that defendants' motion for reconsideration does not

cite to any "intervening changes to controlling law." To the contrary, defendants'

motion quite stubbornly holds to the same legal arguments already argued to this

Court. As such, this Court should not be persuaded by any of the legal theories

presented by defendants' new motion, since none of these theories have changed.

Finally, defendants' motion fails to show that this Court "committed clear

error" or that "the initial decision was manifestly unjust." The defendants' motion

argues that the "Court overlooked undisputed facts in the record," but it fails to

specifically identify what "undisputed facts," the Court allegedly overlooks. Doc. 79,

at 2. Similarly, defendants' motion argues that the Court "failed to analyze the

difference between an 'investigatory stop' and an 'arrest' under Alaska and federal

law," but its argument is without merit. Id..  In its original Order and Opinion, at

docket 72, the Court devoted three pages of analysis into distinguishing between an

investigatory stop and an arrest. Doc. 72, at 4-7.  Nothing presented in defendants'

motion for reconsideration provides any authority that differs from the analysis

provided by the Court on that subject.

Taken in its entirety, defendants' motion for reconsideration is simply a

continuation of its opposition to plaintiff's motion for partial summary judgment.

Defendants fail to identify upon what grounds it seeks reconsideration, they provide

the Court with nothing that has been newly discovered, nor do they identify any

intervening change in controlling law.

In support of its motion for reconsideration, the defendants did submit new

evidence from law enforcement officers.  However, the new evidence submitted by

defendants should have no sway on this Court since the evidence could have been

submitted as an attachment to defendants' opposition to partial summary judgment.

Further, the evidence provided by Captain Miller, Agent Payne, Trooper

Leveque, and Officer Daily provide nothing that is relevant to Mitchell's case.

Captain Miller's affidavit is utterly self-serving, and useless as persuasive evidence

before this Court.  As an employee of the Municipality, defendant in this suit,

Captain Miller's testimony is nothing more than a declaration of innocence by an

employee of a party to this litigation.  It is incomprehensible that Captain Miller, an

agent of the executive branch of government, makes such a bold challenge to the

authority of this federal court.  Captain Miller's statement that "[t]o me, it seems

clear this was no arrest under any definition, but rather, an appropriate detention to

investigate a crime," (Doc. 80, at 2-3) can have no conceivable persuasive effect

upon this Court.

## Conclusion

This Court is vested with the duty, and authority, to determine if Mitchell has

met her burden of showing that there are no genuine disputes of material facts, and if

she is entitled to judgment as a matter of law concerning whether defendants

Henikman and Voss falsely arrested her on May 8, 2004.  This Court executed its

duty, and decided as a matter of law that Mitchell had been falsely arrested.  The

defendants have provided nothing to warrant a reversal of this Court's decision to

grant her partial summary judgment on the issue of false arrest.  Mitchell respectfully

requests that this Court DENY defendants' motion for reconsideration.

1

Respectfully submitted this 20th day of February 2008.

2

 S/  Isaac Zorea

3

Law Offices of Isaac D Zorea
P.O. Box 210434

4

Anchorage, AK 99521
907-830-1385

5

907-677-3779

6

Eyedz@gci.net

7

8

Certificate of Service

9

I hereby certify that on February 20, 2008
I electronically filed the foregoing with

10

the Clerk of Court using the CM/ECF

11

system which sent notification to the
following:

12

13

Joyce Weaver Johnson

14

and I hereby certify that I have mailed by
United States Postal Service the document

15

to the following non CM/ECF participants:

16

none.

17

Dated this 20th day of February 2008, at Anchorage, Alaska.

18

 S/ Isaac Zorea

19

Law Offices of Isaac D Zorea

20

P.O. Box 210434
Anchorage, AK 99521

21

907-830-1385

22

907-677-3779
Eyedz@gci.net

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR RECONSIDERATION: MITCHELL V. MOA, POLICE DEPARTMENT, ET AL..                PAGE - 6 -