UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANCHORAGE POLICE )<br>DEPARTMENT and MUNICIPALITY )<br>OF ANCHORAGE, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | 3:05-cv-00273 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motions at Docket 77 and 79] |

## I. MOTION PRESENTED

The motion for extension of time to file motion for reconsideration is **GRANTED**. At docket 79, defendants Municipality of Anchorage, Walt Monegan, and Officers Henikman and Voss move for reconsideration of the court's order dated December 26, 2007,[1] granting plaintiff Carolyn Mitchell's motion for reconsideration and finding as a matter of law that defendants Henikman and Voss falsely arrested plaintiff on May 8, 2004. By order dated February 4, 2008,[2] the court invited plaintiff to file a response to

---

[1]Doc. 76.

[2]Doc. 84.

defendants' motion for reconsideration pursuant to D. Ak. LR 59.1(d). Plaintiff filed a response at docket 85. The background facts in this matter are set forth in the court's order at docket 72.

## II. PROCEDURAL HISTORY

The court briefly reviews the procedural history of this case as related to plaintiff's false arrest claim. At docket 50, defendants moved for summary judgment dismissing plaintiff's false arrest claim on the grounds that defendants restrained plaintiff with proper legal authority. Defendants specifically argued that they had reasonable cause to arrest plaintiff under AS 12.25.030(a)(3),[3] which provides that a peace officer without a warrant may arrest a person "when a felony has in fact been committed, and the person making the arrest has reasonable cause for believing the person to have committed it."

By order dated October 30, 2007, the court denied defendants' motion for summary judgment on plaintiff's false arrest claim . The court's order states in pertinent part:

> ..."under AS 12.25.030(3) a peace officer, without a warrant, may arrest a person for a felony when the officer has probable cause to believe that a felony has been committed and probable cause to believe that the person committed it."[4] "In order to establish probable cause, there must exist facts and circumstances known to the officer which would warrant a prudent person in believing that an offense has been or is being committed."[5]

---

[3] Doc. 50 at 14-16.

[4] *McCoy v. State*, 491 P.2d 127, 130 (Alaska 1971).

[5] *Id.*

-2-

Here, Officers Voss and Henikman have conceded that they did not have probable cause to arrest plaintiff.[6] Moreover, the facts and circumstances known to the officers at the time would not warrant a prudent person in believing that plaintiff committed the robbery at the Wells Fargo Bank. For the above reasons, defendants have failed to establish that they are entitled to judgment as a matter of law on plaintiff's false arrest claim.[7]

The court's order further stated that "[t]he evidence on record...shows that the only real physical similarity between plaintiff and the robbery suspect was the color of their skin."[8]

The police dispatch described the robbery suspect as a heavy set black female, about five feet nine inches tall, carrying a bag, and wearing a dark blue t-shirt, a black headband or bandana, and dark sunglasses. Ms. Mitchell, who is an African American female, is five feet four inches tall, and was wearing a white jogging suit with a blue shirt underneath at the time police took her into custody.[9]

At docket 53, plaintiff cross moved for summary judgment on her false arrest claim. In its order at docket 72, the court declined to grant plaintiff judgment as a matter of law on her false arrest claim because "[b]ased on plaintiff's briefing, it is unclear to the court whether plaintiff is attempting to pursue a state law false arrest claim or whether plaintiff is attempting to pursue an unlawful seizure claim under the Alaska Constitution."[10] Plaintiff subsequently filed a motion for reconsideration affirming that her request for partial summary judgment is limited to the issue of whether a false arrest occurred on May 8, 2004, under Alaska state law.[11]

---

[6] Doc. 53, exh. E at 2, exh. F at 2-3.

[7] Doc. 72 at 8-9.

[8] Doc. 72 at 7.

[9] Doc. 72 at 2-3.

[10] Doc. 72 at 10.

[11] Doc. 73.

In response to plaintiff's motion for reconsideration, defendants argued that they restrained plaintiff's freedom "'on proper legal authority,' with time, place and appearance all giving rise to reasonable suspicion that Plaintiff could be the robber."[12] Defendants cited *Deal v. State*[13] and *Coleman v. State*[14] for the proposition that defendants "had an affirmative legal duty to protect the lives and property of the public" and "[w]here there is a duty to detain, there is 'appropriate legal authority,' and there can be no cause of action for 'false arrest.'"[15]

By order dated December 26, 2007, the court granted plaintiff's motion for reconsideration and found as a matter of law that defendants Henikman and Voss falsely arrested plaintiff on May 8, 2004.[16] In its order granting plaintiff's motion for reconsideration, the court distinguished *Deal* and *Coleman* from the case at bar, stating in pertinent part:

> In *Deal*, the Alaska Supreme Court ruled that "[a] police officer is under a duty to protect the lives and property of the public." Accordingly, "[w]here an officer is aware that the operator of an unattended, unsecured vehicle will not be returning to the vehicle in the near future, his entry of that vehicle for the limited purpose of securing it is entirely justified."[17] In *Coleman*, the Alaska Supreme Court ruled that in light of the facts known to the police officers, they had a right and duty to stop and question the defendant who met the description of the suspect in a recent robbery and rape. The *Coleman* decision, which involved a

---

[12] Doc. 75 at 4, 5.

[13] 626 P.2d 1073 (Alaska 1980).

[14] 553 P.2d 40 (Alaska 1976).

[15] Doc. 75 at 4.

[16] Doc. 76.

[17] *Deal*, 626 P.2d at 1080.

claim under the Fourth Amendment and not a state law false arrest claim, states in pertinent part:

> We do not believe that our rule permitting temporary detention for questioning in certain cases, i.e., cases where the police officer has a reasonable suspicion that imminent public danger exists or serious harm to persons or property has recently occurred, conflicts with the Fourth Amendment of the State Constitution.
>
> It strikes a balance between a person's interest in immunity from police interference and the community's interest in law enforcement. It wards off pressure to equate reasonable cause to investigate with reasonable cause to arrest, thus protecting the innocent from the risk of arrest when no more than reasonable investigation is justified.

The *Coleman* court also pointed out that Alaska does not have a statute authorizing the police to forcibly stop a citizen on less than probable cause to arrest.

Unlike *Coleman*, the facts of this case do not involve the mere stopping and questioning of plaintiff. Here, it is undisputed that defendants held plaintiff at gunpoint, handcuffed her, searched her person and belongings, and kept her in custody for about 30 minutes, without asking her any questions related to the investigation of the armed robbery. It is also undisputed that plaintiff was cooperative and was not perceived as a safety concern by the defendants.

The facts of this case amount to an arrest, not an investigative stop, and although defendants Voss and Henikman may have had reasonable cause to investigate, they have conceded that they did not have probable cause to arrest plaintiff.[18] Moreover, as discussed in the court's order at docket 72, the facts and circumstances known to the defendant officers at the time would not warrant a reasonable person in believing that plaintiff committed the armed robbery at issue. For the above reasons, plaintiff has met her burden of showing that there are no genuine disputes of material fact and she is entitled to judgment as a matter of law finding that defendants Henikman and Voss falsely arrested her on May 8, 2004.[19]

---

[18] Doc. 53, exh. E at 2, exh. F at 2-3.

[19] Doc. 76 at 3-4.

-5-

## III. DISCUSSION

Defendants now move for reconsideration of the court's order granting plaintiff summary judgment on her false arrest claim. The Ninth Circuit has ruled that "[r]econsideration is appropriate if the district court is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[20]

It is undisputed that under Alaska law, the elements of the tort of false arrest are "(1) a restraint upon the plaintiff's freedom, (2) without proper legal authority."[21] In support of their motion, defendants now argue that the restraint on plaintiff's freedom "was with proper legal authority, as an investigatory stop."[22] In support of this proposition, defendants cite the five-factor test set forth in *Howard v. State* for distinguishing between an investigatory stop and a custodial arrest under the Fourth Amendment. The court points out that defendants previously cited the five-factor test in *Howard* in support their motion for summary judgment as to plaintiff's claims under 42 U.S.C. § 1983, but not as to plaintiff's false arrest tort claim. Rather, defendants first argued that they had legal authority to restrain plaintiff under AS 12.25.030(a)(3), and then argued on reconsideration that defendants had legal authority to restrain plaintiff under *Deal* and *Coleman* . The court expressly rejected defendants' arguments in its orders at dockets 72 and 76. Defendants have failed to make any showing that the

---

[20]*School Dist. No. 1J, Multnomah County, Or. v. AcandS*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[21]*Waskey v. Municipality of Anchorage*, 909 P.2d 342, 345 (Alaska 1996).

[22]Doc. 79 at 2.

court committed clear error in rejecting defendants' arguments. Nor have defendants shown an intervening change in controlling law

In their motion for reconsideration, defendants argue that "[i]n finding an 'arrest,' the Court overlooked undisputed facts in the record and failed to analyze the difference between an 'investigatory stop' and an 'arrest' under Alaska and federal law."[23] Defendants do not, however, point to any undisputed facts that the court overlooked. Moreover, contrary to defendants' assertion, the court fully analyzed the difference between an investigatory stop and an arrest in its order at docket 72 in discussing plaintiff's claim under 42 U.S.C. § 1983 that defendants violated her Fourth Amendment right to be free from unreasonable search and seizure.[24]

In support of their motion for reconsideration, defendants file for the first time the affidavits of Captain Bill Miller, Trooper Major Matt Leveque, Officer John Daily, and FBI Special Agent Steven Payne, stating their opinions that an investigatory stop, and not a false arrest, occurred. "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'"[25] Here, the affidavits filed in support of defendants' motion for reconsideration are clearly not "newly discovered evidence" warranting reconsideration of the court's order granting plaintiff summary judgment on her false arrest claim. Because defendants have failed to present any newly discovered

---

[23]Doc. 79 at 2.

[24]Doc. 72 at 4-7.

[25]Id.

-7-

Case 3:05-cv-00273-JWS   Document 86   Filed 03/04/08   Page 7 of 8

evidence or to show that the court committed clear error, or the initial decision was manifestly unjust, or there is an intervening change in controlling law, the court will deny defendants' motion for reconsideration.

### IV.  CONCLUSION

For the reasons set out above, it is hereby **ORDERED** that defendants' motion for reconsideration at docket 79 is **DENIED**.

DATED at Anchorage, Alaska, this 4th day of March 2008.

          /s/ JOHN W. SEDWICK
         UNITED STATES DISTRICT JUDGE