Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| ANCHORAGE POLICE DEPARTMENT and the MUNICIPALITY OF ANCHORAGE, a municipal corporation, WALTER MONEGAN, Officer HENIKMAN, and Officer J. VOSS, | ) ) ) ) ) |
| Defendants. | ) Case No. 3:05-cv-00273-JWS ) |

**MOTION FOR RELIEF FROM MINUTE ORDER (DKT. 49) AND
FOR LEAVE TO SEEK SUMMARY JUDGMENT BASED ON IMMUNITY**

Defendants Municipality of Anchorage, Walt Monegan and Officers Henikman and Voss, through the Municipal Attorney's Office, move for relief from the Minute Order (Dkt. 49) in order to file their Motion for Summary Judgment Based on Immunity,

and for leave to file that Motion, which is lodged herewith. Defendants request it be deemed filed as of this date.

Defendants also file today a Non-Opposed Request for Status Conference and Affidavit of Counsel concerning a conflict with the trial date recently set by the Court.

## I.   RESOLVING IMMUNITY ISSUES NOW BEST REDUCES BURDENS ON THE COURT AND PARTIES.

The Court's resolution of qualified and discretionary immunity on motion will very likely reduce the burdens on Court resources and on the parties. This is because a finding in Defendants' favor on any theory in the Motion for Summary Judgment Based on Immunity will eliminate the need for trial. At the least, resolving the immunity questions may dispose of either Plaintiff's federal claims, or her state law claims.

To deny leave to file the motion lodged herewith would be to leave the immunity issues for resolution in the middle of trial on Motion for Directed Verdict, or post-trial, on Motion for Judgment <u>Non Obstante Veredicto</u>. Either would plainly be inefficient for all concerned.

These are legal, not factual issues. Resolution by the Court at this time is appropriate.

## II.   POLICIES BEHIND IMMUNITY REQUIRE COURT CONSIDERATION OF THESE FUNDAMENTAL ISSUES.

The public policies underlying qualified and discretionary immunity militate in favor of pre-trial resolution. These doctrines allow local governments and their officials to do their work and make their decisions according to their best judgment, without

Motion for Relief for Minute Order (Dkt. 49) &
for Leave to Seek Summary Judgment Based on Immunity
*Mitchell v. APD et. al.,* Case No. 3:05-cv-00273-JWS
Page 2 of 5

looking over their shoulders for fear of liability. They relieve them of the burdens of litigation and trial by resolving such questions early.

The Alaska Supreme Court has said,

> Under Alaska law, the doctrines of absolute and qualified immunity protect public officials from tort suits for discretionary acts committed within the scope of their authority.

Smith v. Stafford, --- P.3d ----, 2008 WL 540181 at 4 (Alaska 2008)

The Court also said,

> Both forms of immunity seek to balance the protection of private citizens' rights and the "substantial social costs" of imposing liability on public officials.

Id. at 4.

The U.S. Supreme Court has said,

> Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." . . . The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."

Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 2155-56, 150 L.Ed.2d 272 (2001). (citations omitted.)

For these reasons, Officers Henikman and Voss, former Chief Monegan and the Municipality urge this Court to consider the immunity issues now.

Motion for Relief for Minute Order (Dkt. 49) &
for Leave to Seek Summary Judgment Based on Immunity
Mitchell v. APD et. al., Case No. 3:05-cv-00273-JWS
Page 3 of 5

### III. PARTIES' DISPOSITIVE MOTIONS ON SUBSTANTIVE ISSUES WERE FINALLY RESOLVED JUST LAST MONTH.

Municipal Defendants first sought summary judgment on the substantive issues in this case, expecting the questions of Constitutional violations and torts would be resolved in their favor.[1] The parties' earlier cross-motions were finally resolved just last month (Dkt. 86), when this Court denied reconsideration of its summary judgment in Plaintiff's favor on the state law issue of false arrest.

Had Defendants moved first on immunity, they perhaps would have taken advantage of the policies underlying qualified and discretionary immunity, and have avoided the need to brief the substantive issues. With that said, the first summary judgment motions served to develop the facts and theories, and the Court and parties find themselves now with these fundamental issues of immunity to be resolved.

### IV. CONCLUSION.

At this juncture, tackling the Motion for Summary Judgment Based on Immunity is the best course, not only for Defendants, but also for Plaintiff and the Court, as it may eliminate the need to try some or all of Plaintiff's claims.

Whatever should have come first, it nonetheless remains in the interest of all parties and the Court that they finish briefing the immunity issues on their merits at this time, and that the Court decide them prior to trial. For this reason and because of the schedule conflict shown in the Unopposed Request for Status Conference and the

---

[1] It is noted that Defendants, in their earlier Summary Judgment motion, did expressly reserve the issue of qualified immunity. Dkt. 50 at p.2.

Motion for Relief for Minute Order (Dkt. 49) &
for Leave to Seek Summary Judgment Based on Immunity
*Mitchell v. APD et. al.,* Case No. 3:05-cv-00273-JWS
Page 4 of 5

Affidavit of Counsel filed today, Defendants submit, it will probably be necessary to vacate the June 30 trial date, and to re-set trial in line with the parties' and Court's calendars.

Respectfully submitted this 28th day of April, 2008.

JAMES N. REEVES
Municipal Attorney

By: s/ Joyce Weaver Johnson
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org
Alaska Bar No. 9306029

The undersigned hereby certifies that on 04/28/08 a true and correct copy of the *Motion for Relief of Minute Order(Dtk. 49) & for Leave to Seek Summary Judgment Based on Immunity & Proposed Order* was served on:

Isaac D. Zorea
Moshe C. Zorea

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

 s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office

Motion for Relief for Minute Order (Dkt. 49) &
for Leave to Seek Summary Judgment Based on Immunity
*Mitchell v. APD et. al.,* Case No. 3:05-cv-00273-JWS
Page 5 of 5