Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 677-3779
(907) 644-2802 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CAROLYN MITCHELL, )
    Plaintiff, )
  vs. )
 )
ANCHORAGE POLICE DEPARTMENT and the )
MUNICIPALITY OF ANCHORAGE, a )
municipal corporation, WALTER MONEGAN, )
Officer HENIKMAN, and Officer J. VOSS, )
    Defendants. )
_____ )

Case No. 3:05-cv-00273-JWS

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR RELIEF FROM MINUTE ORDER (DKT. 49) AND LEAVE TO SEEK SUMMARY JUDGMENT BASED ON IMMUNITY**

On April 20, 2007, at docket 49, this court issued a minute order holding that parties were "to submit dispositive motions by April 30, 2007." The order at docket 49, followed a status conference between the parties held on April 20, 2007, wherein the parties sought a deadline for when dispositive motions could be filed to the court. Although, the order at docket 49 does not stipulate what sort of dispositive motions either party could file, nothing in the order indicated that the April 30, 2007 deadline would be merely the deadline for round 1 of dispositive motions.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION AT DOCKET 95:
MITCHELL V. MOA, POLICE DEPARTMENT, ET AL..                                    PAGE - 1 -

On April 28, 2008, at docket 95, the defendants' have requested relief from this court's order at docket 49.  After reviewing the motion at docket 95, Plaintiff, Carolyn Mitchell, is astounded that defendant has waited over a year to seek relief from the minute order at docket 49.  The motion at docket 95, identifies no justification for waiting such a long time to expand the deadline for filing dispositive motions.  Further, nothing in defendants' request explains why it failed to include **all** dispositive issues it had within its motion filed on April 30, 2007.  Plaintiff argues that the right to file a dispositive motion is not an absolute right.

Plaintiffs, and defendants, can, and do, waive the right to file dispositive motions.  It is plaintiff's position when April 30, 2007 passed, defendants waived their right, or option, for filing dispositive motions.  Plaintiff strategically chose to seek summary judgment on the single issue of false arrest.  Plaintiff could have sought summary judgment on the other issues she presented in her complaint.  It would be ludicrous for plaintiff, having prevailed on the issue of false arrest, to now ask indulgence from the court to attempt to prevail on all the remaining issues.  Yet, defendants' argument to this court is simply that since their initial motions for summary judgment failed, they want to try again on a different issue.  The court should deny this merit-less request.

Further, nothing within the defendants' motion at docket 95, provides a compelling reason why this court should vacate the June 30, 2008 trial date.  It appears that the defendants' attorney, Joyce Weaver Johnson, has a time conflict with the June 30, 2008 trial date.  While this time conflict could have been brought to this

court's attention over a month ago, Johnson chose to wait until April 28, 2008 to identify this conflict.

Plaintiff is not convinced that non-refundable tickets to Europe are an issue of great importance, especially when compared with her goal of resolving a legal conflict she has had with the Municipality for over four years. Further, plaintiff points out that defendants' defense is undertaken by the Municipal Attorney's Office, an agency with great resources, and numerous attorneys. If Joyce Weaver Johnson is unable to attend the June 30, 2008 trial, undoubtedly Municipal Attorney James N. Reeves is capable of handing the case to a replacement attorney.

Perhaps the most egregious aspect of defendants' motion at docket 95, is the fact that this court has already specifically denied reopening dispositive motions. On March 24, 2008, at docket 88, plaintiff's attorney certified that defendants intended to file a dispositive motion on the issue of immunity. Plaintiff's attorney informed the court that defendants wanted an April 15, 2008 deadline for filing a new motion for summary judgment. Dkt. 88, at 1. In his certification at docket 88, Isaac Derek Zorea expressed plaintiff's opposition to any further motions being filed. Id., at 2. On March 25, 2008, at docket 89, this court specifically held that "dispositive motion deadline passed April 30, 2007." Further, the court, at docket 89, ordered that trial would be set for June 30, 2008.

On the same day that it issued its order at docket 89, this court also issued an order at docket 90, establishing pretrial proceeding for this case. At docket 90, this court unambiguously stated that "[t]he time for filing pre-trial motions has expired."

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION AT DOCKET 95:
MITCHELL V. MOA, POLICE DEPARTMENT, ET AL..                                              PAGE  - 3 -

Case 3:05-cv-00273-JWS   Document 102   Filed 05/02/2008   Page 4 of 6

Dkt. 90, at 4. Further, in its order at docket 90, this court stated unambiguously that "[t]his case **IS NOT** a 'backup' case which has been scheduled for trial in the event that a primary case setting is vacated." Id., at 5 (emphasis is original). Nonetheless, the defendants have waited over a month after the order at docket 90 to bring forward their desire to vacate the June 30, 2008 trial date.

Plaintiff finds it odd that defendants originally intended to file their new summary judgment on April 15, 2008 (at docket 88), but since their request was denied by the court (at docket 89), the defendants decided to take an additional 13 days before filing the motion. Plaintiff argues that defendants' motion at docket 95 would have shown greater good faith had it been filed on March 26, 2008, rather than having waited more than a month.

For the reasons set forth above, Plaintiff ardently opposes defendants' request for relief from docket 49. Plaintiff argues that on May 1, 2007, defendants fully waived the filing of any additional dispositive motions. While defendants' argue that the issue of immunity is a legal issue that should be resolved prior to trial, they provide no reason for why this issue was not argued with the summary judgment filed on April 30, 2007. This court is fully aware of the fact that defendants' initial motion for summary judgment sought adjudication on multiple issues. Plaintiff sees no reason why defendants chose not to include the immunity issue within its original request for summary judgment.

This court's orders, at docket 89 and docket 90, have been clear and unambiguous concerning the immutable characteristic of the June 30, 2008 trial date.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION AT DOCKET 95:
MITCHELL V. MOA, POLICE DEPARTMENT, ET AL..                                              PAGE - 4 -

1  Plaintiff is fully prepared for the upcoming trial, a trial that has been four years in the
2  making. Defendants' motion work filed on April 28, 2008, seems specifically aimed
3  at vacating the June 30, 2008 trial date. This court should not permit defendants'
4  tactic to succeed.
5  
6  In its order at docket 90, this court stated that "[a]ny party should expect to
7  pay costs to the opposing party or to the court if it is found that he or she has
8  willfully and without good cause failed to comply with this order." Dkt. 90, at 5.
9  Plaintiff views defendants' motions at docket 92, and docket 95, as a clear violation
10 of the order issued at docket 90. As such, plaintiff requests that in addition to
11 denying defendants motion at docket 95, this court also award costs to plaintiff based
12 on the delay, and distress that those motions placed on her, and her attorneys.
13 
14 For the above stated reasons, plaintiff requests that this court deny the
15 defendants' motion at docket 95. Plaintiff requests that the court again order that the
16 deadline for dispositive motions has passed. Finally, plaintiff requests that this court
17 reaffirm the June 30, 2008 trial date.
18 
19 Respectfully submitted this 2nd day of May 2008.

             S/ Isaac Zorea
             Law Offices of Isaac D Zorea
             P.O. Box 210434
             Anchorage, AK 99521
             907-830-1385
             907-677-3779
             Eyedz@gci.net

## Certificate of Service

I hereby certify that on May 2, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification to the following:

    Joyce Weaver Johnson

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    none.

Dated this 2nd day of May 2008, at Anchorage, Alaska.

S/ Isaac Zorea
  Law Offices of Isaac D Zorea
  P.O. Box 210434
  Anchorage, AK 99521
  907-830-1385
  907-677-3779
  Eyedz@gci.net