UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| Plaintiff, | ) 3:05-cv-00273 JWS |
| vs. | ) ORDER |
| ANCHORAGE POLICE DEPARTMENT and MUNICIPALITY OF ANCHORAGE, *et al.*, | ) [Re: Motions at Dockets 95 and 99] |
| Defendants. | ) |

This order addresses the motions at dockets 95 and 99. Some of the procedural history of this case will be set out as background for the court's disposition of the motions.

Plaintiff filed this lawsuit in state court. It was removed to this court on November 21, 2005, some two and a half years ago. The parties filed their Rule 26(f) report on March 22, 2006. Based on that report, the court issued a scheduling order at docket 28 which provided that discovery was to be completed by November 3, 2006, and that all dispositive motions were to be filed not later than 30 days after the close of discovery. Thereafter, the parties stipulated to extend the deadline for discovery until December 1, 2006, (which would extend the motion deadline to early January 2007). This was approved in an order at docket 38. Shortly thereafter, the parties stipulated to extend discovery until December 18, 2006, and to extend the motions deadline to January 18, 2007. This

stipulation was approved in an order at docket 40.  After that, the parties stipulated for a third time to extend discovery in a joint motion at docket 41.  The court denied the third request in an order at docket 43.

The court then asked the parties to certify that the case was ready for trial in an order at docket 45.   In response, the parties advised that discovery had at last been completed, but asked the court to extend the deadline for dispositive motions.  The court set a status conference at which the deadline for filing dispositive motions was extended to April 30, 2007,  as requested by the parties.  *See* docket 49.  This deadline was nearly a year and a half after the case was removed to this court, and it was the third extension approved by the court.

Defendants filed a motion for summary judgment on April 30, 2007, and plaintiff filed a motion for partial summary judgment on April 30, 2007.  The parties requested and were granted extensions in the briefing schedule.  Eventually, the motions were fully briefed and decided.  The motions did not dispose of the case.  On March 25, 2008, the court entered an order setting a trial date and providing deadlines for final pre-trial activities at docket 90.  Trial was set for June 30, 2008, and various milestones were set beginning with the filing of a joint statement of issues, joint statement of uncontested facts, and witness lists on April 28, 2008.

Among other things the parties filed on April 28, 2008, was defendants' "unopposed" request for a status conference at docket 92, supported by an affidavit from defendants' counsel explaining that she had planned to be out of the district in Europe from June 15 thru July 6, 2008.   The request was refiled as a motion at docket 99.  In the supporting affidavit, counsel stated that she had purchased her tickets for Europe on January 17, 2008.  Also filed on April 28, 2008, at docket 95, was defendants' request for permission to file a second motion for summary judgment.   This second motion would present the issue of qualified immunity.  The motion was opposed by plaintiff, but no reply has been filed by defendants.

In the motion at docket 95, defendants discuss the advisability of deciding the immunity issue prior to trial, but there is utterly no explanation why the immunity issue was not included in a timely filed motion.  As the procedural history set out above shows, the court several times extended the time for both discovery and dispositive motions.  Clearly the parties had ample time to make whatever dispositive motions they might choose, for they did so.  Defendants elected not to raise the immunity issue in a timely motion.  That issue easily could and certainly should have been part of the original motion for summary judgment, were it defendants intent to pursue it.  In the absence of any explanation for defendants' failure to timely raise the immunity issue in compliance with the court's order,  and given the ample time afforded for motion practice, the court  deems the immunity issue to have been waived.  The motion at docket 95 is DENIED.

With respect to the request for a status conference to set a new trial date, the court notes that it is not actually unopposed.  *See* plaintiff's response at docket 98 (filed in response to defendants' original request at docket 92).  As she explains in her response, plaintiff has prepared for and relied on the June 30 trial date.  She has a right to have her case decided with reasonable dispatch.  It has been pending since November of 2005.  Defendants' lawyer has known since January 17, 2008, that she had a conflict with a June 30 trial date, but failed to call this to the attention of the court or plaintiff's counsel until April 28, 2008.  Under these circumstances, the court agrees with plaintiff that the trial date should not be continued.  Defendants' lawyer can either arrange for a colleague in the office of the Municipal Attorney to try the case or make other arrangements regarding her vacation.  The motion at docket 99 is DENIED.

      The court commends to the parties' consideration the proposition that this case is one that probably could be settled.  If a settlement judge would be of assistance, a request for settlement conference (which would be before a judicial officer other than the trial judge) should be promptly filed.

      DATED at Anchorage, Alaska, this 19th day of May 2008.

                                            /s/ JOHN W. SEDWICK
                                  UNITED STATES DISTRICT JUDGE