Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT and | ) |
| the MUNICIPALITY OF ANCHORAGE, a | ) |
| municipal corporation, WALTER MONEGAN, | ) |
| Officer HENIKMAN, and Officer J. VOSS, | ) |
| | ) |
| Defendants. | ) Case No. 3:05-cv-00273-JWS |
| | ) |

## MOTION TO RECONSIDER ORDER DENYING STATUS CONFERENCE

Defendants move this Court to reconsider its denial of their Non-Opposed Request for Status Conference (Dkt. 105).  The Court's Order indicates it may have acted under the misapprehension that Defendants' counsel waited three or four months after the scheduling conflict arose before bringing it to the Court's attention.

The Court also appears to assume Defendants seek a significant delay of trial. In fact, Defendants seek only a two-to four-week delay for assigned counsel's overseas schedule. Such a slight delay cannot unduly prejudice Plaintiff. For these and other reasons, the Court should reconsider its Order and hold the requested status conference to set an appropriate trial date.

1.   <u>Mistakes of fact.</u>

The Court apparently believes a conflict existed when defendants' counsel made overseas travel plans.[1] In fact, no conflict existed until the Court set the trial date on March 25 (Dkt. 89), because the travel plans were made first.

The Court also incorrectly states defendants delayed notifying Plaintiff of the conflict. Plaintiff herself admits receiving prompt notice: "the call[2] occurred very soon after this court issued its order, perhaps on March 26, 2008." Dkt. 98, pages 1-2.

2.   <u>Ruling at odds with Local Rule, Court's own Order.</u>

This Court's earlier Order to certify readiness for trial, Dkt. 87, follows Local Rule 40.3(b)(2). Both anticipate the Court will look at "two (2) <u>agreeable</u> alternative trial dates" proposed by the parties, "at least one (1) of which should be approximately six (6) months subsequent to the date of" the report the parties submit. (Emphasis added.)

In this case, however, with no input from the parties, and in the face of their joint request for a status conference, Dkt. 88, the Court set a trial date just three months after

---

[1] On page 3 of the Order, the Court said, "Defendants' lawyer has known since January 17, 2008, that she had a conflict with a June 30 trial date, but failed to call this to the attention of the court or plaintiff's counsel until April 28, 2008."

[2] This was the call in which defendants' counsel gave plaintiff's counsel notice of the scheduling conflict.

the report was filed.  Had the Court scheduled a status conference, its calendar and those of the parties could have been considered.

3.    <u>Short postponement cannot unduly prejudice Plaintiff.</u>

Clearly the emphasis in Plaintiff's Opposition, Dkt. 98, is on avoiding a continuance long enough for full briefing of an additional summary judgment motion. Defendants accept the ruling of the Court denying their motion to permit the filing of the additional dispositive motion before trial, and do not seek to reopen that closed door. Because of that denial, defendants need no more than a 2-week continuance to allow assigned counsel to return from overseas and appear for trial.

The Court's refusal to consider a brief continuance appears to be predicated upon a different concern: the effect of a brief delay of trial upon the plaintiff.  There is no evidence (nor, indeed, even an unsubstantiated claim) that a brief trial continuance would cause any harm whatsoever to the plaintiff.  The trial should be re-set.

4.    <u>Brevity of needed continuance moots Court's other concerns.</u>

The Court understandably disfavors a lengthy continuance in a case pending 2-1/2 years.  But Defendants seek only to reschedule for an early date available on the Court's schedule, compatible with the parties' and counsel's schedules.  Preferably, this will be within weeks.  The brevity of the needed continuance should allay the Court's concerns.

<u>CONCLUSION.</u>

The Court should order a status conference to re-set trial at least two weeks after June 30, 2008.  The local rule and Dkt. 87 both anticipated trialsetting would proceed

with input from the parties. Both the Rule and the Order allowed the parties to opt for a

conference with the Court concerning scheduling. And both parties originally requested

such a conference. No good reason remains to hold Defendants to an unsuitable date.

Respectfully submitted this 27th day of May, 2008.

JAMES N. REEVES
Municipal Attorney

By:  s/ Joyce Weaver Johnson
          Municipal Attorney's Office
          P.O. Box 196650
          Anchorage, Alaska 99519-6650
          Phone: (907) 343-4545
          Fax: (907) 343-4550
          E-mail: uslit@muni.org
          Alaska Bar No. 9306029

The undersigned hereby certifies that on 5/27/08 a
true and correct copy of the *Motion to Reconsider
Order Denying Status Conference* was served on:

Isaac D. Zorea
Moshe C. Zorea

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

 s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office