Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| ANCHORAGE POLICE DEPARTMENT and the MUNICIPALITY OF ANCHORAGE, a municipal corporation, WALTER MONEGAN, Officer HENIKMAN, and Officer J. VOSS, | ) ) ) ) ) |
| Defendants. | ) Case No. 3:05-cv-00273-JWS ) |

## MOTION TO RECONSIDER ORDER
## IMPLYING "WAIVER" OF IMMUNITY

Defendants move to reconsider that portion of this Court's Order stating, "the court deems the immunity issue to have been waived."[1] Whether inadvertent, as Defendants suspect, or deliberate, the Court should withdraw it and order that immunity, and all other affirmative defenses, survive for trial.

---
[1] Dkt. 105 at 3.

Procedural posture.

In their Motion for Relief from Minute Order,[2] Defendants sought leave to file their Motion for Summary Judgment Based on Immunity.[3] They lodged the motion at the same time. In Plaintiff's opposition,[4] she did not seek a ruling that Defendants had "waived" immunity as a defense. In fact, neither the motion nor the opposition mentioned the concept of "waiver" of the underlying affirmative defenses. Instead, Plaintiff argued Defendants had waived the right to have the Court address their dispositive motion before trial.[5] The Court agreed with Plaintiff, denying the Motion for Relief, and thus refusing to consider the lodged Motion.

Defendants do not here seek to revisit the denial of the Motion for Relief. Rather, they ask the Court to correct an error, made in the complete absence of notice by the Court, motion or briefing by either party. The Court's "waiver" statement was incorrect.

Argument.

It is unclear whether the Court's "waiver" language was inadvertent, was a kind of sanction or a <u>sua sponte</u> summary judgment. Each possibility will be addressed.

1. Municipal Defendants Asserted Immunity from the Start, and Did Nothing to "Waive" It.

Municipal Defendants did not waive their immunity defenses. They asserted them at the outset and have continued to do so.

In their Answers, all Defendants pled immunity.[6] All referenced this defense in their original Motion for Summary Judgment.[7] All again restated it in the Motion for Relief and the lodged Motion for Summary Judgment Based on Immunity.[8]

The Ninth Circuit uses a "stringent" test for determining a defendant has waived immunity. Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007,

---

[2] Dkt. 95.
[3] Dkt. 94.
[4] Dkt. 102.
[5] Dkt. 102 at 2.
[6] Municipality of Anchorage (no dkt. Number) at 8-9; Monegan, Dkt. 21 at 8-9; Voss and Henikman, Dkt. 32 at 9.
[7] Dkt. 50 at 2.
[8] Dkt. 95; Dkt. 94.

Motion to Reconsider Order Implying "Waiver" of Immunity
*Mitchell v. APD et al.,* Case No. 3:05-cv-00273-JWS
Page 2 of 5

Judge H. Russel Holland, sitting by designation) (cert. den. <u>Aholelei v. Hawaii Dept. of Public Safety</u>, 128 S.Ct. 441, 169 L.Ed.2d 308 (2007).  State of Hawaii defendants in <u>Aholelei</u> were asserting 11th Amendment immunity.  The Court noted they had raised their immunity defense "at the first opportunity, when they answered Aholelei's complaint," <u>id.</u> at 1148, giving plaintiff "fair warning" of the defense.  They reasserted it in a summary judgment motion.  <u>Id.</u>  Judge Holland stated the immunity defense was duly raised and preserved.  The Court affirmed the grant of summary judgment based on immunity.  <u>Id.</u> at 1149.  Municipal Defendants herein raised their immunity defense "at the first opportunity" and repeatedly.  No waiver has occurred.

The Court implies that "waiver" of immunity occurred through failure to file a timely summary judgment motion concerning the defense.  But nothing requires a defendant to seek judgment pre-trial or risk waiver.[9]  A properly pled and preserved defense need not be proved on summary judgment.  The parties can move during or even after trial for judgment as a matter of law on immunity.[10]  Nor does the running of the time for filing summary judgment motions preclude a party from litigating an affirmative defense via a Rule 50(a) motion for judgment as a matter of law presented during trial.[11]

If Defendants had waived immunity, such waiver would be limited to one narrow issue: false arrest.  This is the only claim determined to date.  If this Court has concluded Defendants were required to fully brief all of their defenses on that narrow issue, or waive them <u>as to all of Plaintiff's claims</u>, this again was incorrect.  Such a waiver could apply, at most, to that one common-law tort. No other act or omission by Defendants herein is fairly or conceivably construed as a "waiver."

    2.    <u>If Court Intended a Sanction, It Was Improper</u>.

If the Court intended its mention of "waiver" as a sanction against Municipal Defendants, it was improper, coming as it did without violation of a previous order.  Rule 16, regarding pretrial conferences and case management, incorporates by reference

---

[9] <u>See</u>, e.g., <u>Kimberly-Clark Corp. v. Continental Cas. Co.</u>, 2006 WL 3436064 (N.D.Tex.), pp. 2-3 and note 2.
[10] Rule 50(a), (b); <u>Priester v. City of Riviera Beach, Fla.</u>, 208 F.3d 919, 925 (11th Cir. 2000); <u>Kimberly-Clark</u>, <u>supra</u>, at 2.
[11] Kimberly-Clark , supra, at 2, note 1.

Motion to Reconsider Order Implying "Waiver" of Immunity
*Mitchell v. APD et al.,* Case No. 3:05-cv-00273-JWS
Page 3 of 5

portions of Rule 37 providing sanctions for refusal to obey what is typically a Rule 37(a) discovery order. A sanction is only entered for violating a prior order. Defendants have not violated a discovery order or any other kind of order. Instead, Defendants sought relief from an order, by motion (Dkt. 95). The Court denied the Motion for Relief, and Defendants do not here seek to revisit that decision.

The Ninth Circuit considers such sanctions without notice and an opportunity to be heard an abuse of discretion..[12] The Rules require notice; such sanctions are only entered after a prior order and its violation. There was no order, no violation, and no notice. The Court should withdraw its reference to "waiver".

    3.    <u>On This Record, the Court Could Neither "Waive" Defenses Nor Grant Summary Judgment on Immunity.</u>

If the Court intended its "waiver" statement as a <u>sua sponte</u> grant of summary judgment, it was clearly incorrect. <u>Sua sponte</u> summary judgment is not appropriate unless the losing party has notice that the sufficiency of its claim will be at issue. <u>Santos Zamora v. Hedger Smith</u>, 2008 WL 467690, p. 1. (9th Cir.) "Reasonable notice" implies there was time for that party to develop facts to oppose summary judgment. <u>Id.</u> To the same effect, <u>see</u> <u>G.E. Capital Mortg. Services, Inc., v. Maldonado</u>, 2005 WL 3099683 (9th Cir.) No request by Plaintiff or notice by the Court raised the issue; no fact development has occurred on immunity, and the Court has not set forth its analysis of the facts to support summary judgment. To decide summary judgment, the Court would have had to consider all the facts in the light most favorable to the non-movant, here, Defendants.[13]

<u>CONCLUSION.</u>

Failure to prove an affirmative defense pre-trial does not waive that defense. Nor does failure to move for judgment on a defense cause its waiver. It simply leaves that

---

[12] <u>Ford v. Alfaro</u>, 785 F.2d 835, 840 (9th Cir. 1986).
[13] <u>Priester</u>, <u>supra</u>, at pp. 2-3, note 2.

Motion to Reconsider Order Implying "Waiver" of Immunity
*Mitchell v. APD et al.,* Case No. 3:05-cv-00273-JWS
Page 4 of 5

defense to be resolved at trial. Today, the correct status of all affirmative defenses in this case is this: they await proof or dismissal at trial.

Appearing as it did, a passing reference, without motion by Plaintiff, notice, or briefing, the Court's "waiver" statement may have been inadvertent. On the other hand, it may have been intended as either a sanction or a sua sponte summary judgment.

The importance of the immunity defenses to local governments and public employees in civil rights cases cannot be overstated. Regardless of the Court's intent, its "waiving" the immunity defenses on this record (or lack of record) would be wrong. The Court should order that all defenses – the immunities included – survive for trial.

Respectfully submitted this 27th day of May, 2008.

        JAMES N. REEVES
        Municipal Attorney

By:  s/ Joyce Weaver Johnson
      Municipal Attorney's Office
      P.O. Box 196650
      Anchorage, Alaska 99519-6650
      Phone: (907) 343-4545
      Fax: (907) 343-4550
      E-mail: uslit@muni.org
      Alaska Bar No. 9306029

The undersigned hereby certifies that on 5/27/08 a
true and correct copy of the *Motion to Reconsider Order
Implying "Waiver" of Immunity* was served on:

Isaac D. Zorea
Moshe C. Zorea

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office

Motion to Reconsider Order Implying "Waiver" of Immunity
*Mitchell v. APD et al.,* Case No. 3:05-cv-00273-JWS
Page 5 of 5