UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL,         )<br>                                              )<br>          Plaintiff,                 )<br>                                              )<br>     vs.                                 )<br>                                              )<br>ANCHORAGE POLICE       )<br>DEPARTMENT and MUNICIPALITY )<br>OF ANCHORAGE, *et al.*,     )<br>                                              )<br>          Defendants.             )<br>_____) | 3:05-cv-00273 JWS<br><br>ORDER<br><br>[Re: Motion at Docket 107] |

      At docket 107, defendants move for reconsideration of that portion of the order at docket 105 which denied the request for a status conference to set a new trial date. The motion is based on three propositions. First, defense counsel speculates that the court "acted under the misapprehension that Defendants' counsel waited three or four months after the scheduling conflict arose before bringing it to the court's attention." Second, defense counsel speculates that the court acted on the basis that defendants were seeking more than a two- to four-week delay in the trial. Finally, defense counsel contends that the order is inconsistent with an earlier order and D.Ak.LR 40.3(b)(2).

      The first proposition lacks merit. As the order at docket 105 plainly recites, the court set the June 30 trial date in an order issued on March 25, 2008. That was obviously the first time that defense counsel could have sought a continuance based on a conflict with travel plans she made back in January. However, defense counsel did not seek relief. Instead, she waited for over a month until April 28, 2008. By that time plaintiff had filed her witness list (docket 97), what purports to be a joint statement of

issues and uncontested facts, although it looks more like a unilateral statement (docket 98), and must have nearly completed work on her exhibit list which was filed on April 30, 2008 (docket 100).  The court did not assume that defense counsel had waited three or four months.  The court understood that defense counsel had waited slightly more than one month.

The second proposition lacks merit.  Neither the motion for a status conference at docket 99 nor the supporting affidavit at docket 93 said anything about the length of continuance of the trial date which was desired.  Furthermore, although defense counsel represented to the court that the motion was not opposed, it was in fact opposed by plaintiff in a memorandum at docket 98.  In her reply to that opposition at docket 104, defense counsel finally did suggest the duration of the continuance she would seek at the status conference:  "None [of the preparation] will be wasted because this case goes to trial **30, 60, or more days** later than currently scheduled." (Doc. 104 at p. 2 emphasis added)  The order at docket 105 recited much of the procedural history of this case, which shows that its resolution had already been significantly delayed.  Thus, when it denied the motion at docket 99, the court relied on the case history of delay and the clearly reasonable assumption that defendants were seeking a minimum delay of 30 days, and probably quite a bit more given that defendants were also asking to file an untimely motion for summary judgment, the briefing and disposition of which, if permitted, would take well over 30 days.

The third proposition lacks merit.  D.Ak.LR 40.3(b)(2) recites that a case may be set for trial "by the Court upon its own motion or upon written motion by any party."  The rule also contemplates that after the date when discovery should be complete, the parties will be notified and asked to suggest two alternative trial dates.  Here, the procedure was followed by the court, not once but twice, in orders at dockets 45 and 87 wherein the court asked the parties to suggest trial dates.  However, on neither occasion did the parties provide suggested trial dates.  Most recently, this was because defendants were planning to file an untimely motion for summary judgment.   *See* the report at docket 88 and the order at docket  90.

While it is now defendant's position that only a two- to four-week continuance is needed, the first date available to the court for a trial that is expected to last 6 days (doc. 28 at p. 4), would be August 11, 2008.  Even that date is potentially subject to criminal trials yet to be scheduled, but which pursuant to 18 U.S.C. § 3161 might have to be set during the time needed for trial in this case.  The criminal trials would have priority on the docket, so any oversetting could result in still more delay in the resolution of this already much delayed case.  Finally, the court notes that according to the Spring 2008 edition of the Alaska Directory of Attorneys, there are eleven lawyers working in the civil division of the office of the Municipal Attorney, so keeping the trial date does not necessarily foreclose defense counsel's planned trip.

The request for reconsideration at docket 107 is **DENIED**.

DATED at Anchorage, Alaska, this 28th day of May 2008.

/s/ JOHN W. SEDWICK  
UNITED STATES DISTRICT JUDGE