James N. Reeves
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL,<br><br>    Plaintiff,<br><br>vs.<br><br>ANCHORAGE POLICE DEPARTMENT and<br>the MUNICIPALITY OF ANCHORAGE, a<br>municipal corporation, WALTER MONEGAN,<br>Officer HENIKMAN, and Officer J. VOSS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:05-cv-00273-JWS<br>) |

## NOTICE OF FILING OF DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS

Defendants hereby file their proposed jury instructions, attached.  Also attached

are proposed Special Verdict Forms.  Defendants recognize that the Special Verdict

Forms may require revisions to reflect jury instructions proposed by the Plaintiff, rulings

Defendants' Proposed Jury Instructions             Page 1

of the Court made prior to or during trial, and final determination by the Court of the instructions that the Court will give the jury.  In light of these inherent uncertainties, and as may be permitted by the Court, Defendants reserve the right to submit revised proposed Special Verdict Forms.

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 1**

**CLARIFYING DIFFERENCE BETWEEN "FALSE ARREST"**
**AND "FOURTH AMENDMENT" 1983 CLAIMS**

Mrs. Mitchell has claimed that when the police officers detained her, she was subjected to a "false arrest" under Alaska state law.  I have made a legal ruling that Mrs. Mitchell's detention was a "false arrest."  However, the fact that Mrs. Mitchell's detention was a "false arrest" does not necessarily establish that any of the defendants are liable for damages to Mrs. Mitchell.   In certain circumstances Alaska law provides an immunity defense to liability for a "false arrest."   I will give you instructions on the law that you are to apply to determine whether the defendants have immunity.

Mrs. Mitchell has also brought a claim under federal law for violating her Fourth Amendment rights to be free from "unreasonable searches and seizures."  Mrs. Mitchell has brought this claim under a federal statute which is 42 United States Code Section 1983.  This is often referred to as a "Section 1983" or a "1983" claim.

Section 1983 provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.   "Under color of law" means that a person is acting in an official capacity.  In this case, all the parties agree that the police officers were acting in their official capacity when Mrs. Mitchell was stopped.  Mrs.

Mitchell claims that the officers violated her fourth amendment rights when they stopped and detained her.

There is a difference between the "1983" federal claim and the "false arrest" claims under Alaska state law.  It is important that you consider each of these claims separately.

The legal rules that are applied to determine whether detention of Mrs. Mitchell was an unreasonable search and seizure under the Fourth Amendment are different than the legal rules that are applied to determine whether a "false arrest" occurred under state law.  Because these legal rules are different, not every "false arrest" is a violation of the Fourth Amendment's protection against unreasonable search and seizure.    In deciding whether Mrs. Mitchell's detention was an unreasonable search and seizure, the jury may not take into account the Court's ruling on false arrest.  I will now explain the law that you are to apply in deciding whether any defendant violated Mrs. Mitchell's Fourth Amendment right to be free of an unreasonable search and seizure.

Ninth Circuit Model Civil Jury Instructions:  9.1 SECTION 1983 CLAIM— INTRODUCTORY INSTRUCTION (modified)

Defendants' Proposed Jury Instructions                                    Page 4

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 2**

**Fourth Amendment Seizure/Investigatory Stop**

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officer[s] at the time:

1.    The officers had a reasonable suspicion that the person seized was engaged in criminal activity; and

2.    The length and scope of the seizure was reasonable.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that the officers lacked reasonable suspicion to stop her or that the length and scope of the stop was excessive.

"Reasonable suspicion" is an objectively reasonable belief based on specific and articulable facts.

In determining whether the length and scope of the seizure was reasonable, consider how the officer restricted the plaintiff's liberty and the officer's reasons for using such methods and for the length of the stop.

Source:  Ninth Circuit Model Civil Jury Instructions
9.19 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCEPTION TO WARRANT REQUIREMENT— TERRY STOP

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 3**

**MOA/APD 1983 Claim**

In order to prevail on her § 1983 claim against the Anchorage Police Department and the Municipality of Anchorage alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

      1.    Officers Voss and Henikman acted under color of law;

      2.    The acts of Officers Voss and Henikman deprived the plaintiff of her particular rights under the Fourth Amendment of the United States Constitution as explained in later instructions; and

      3.    Officers Voss and Henikman acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Anchorage Police Department/Municipality of Anchorage.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Officer Voss and Officer Henikman acted under color of law.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the defendant Anchorage Police Department/Municipality of Anchorage.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant Anchorage Police Department/Municipality of Anchorage.

If you find the plaintiff has proved each of these elements, and if you also find that the plaintiff has proved all the elements she is required to prove under Instruction _____ [4th Amendment claim], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant, Anchorage Police Department/Municipality of Anchorage.

Source:  Ninth Circuit Model Civil Jury Instructions, 9.4 section 1983 claim against local governing body defendants based on official policy, practice, or custom—elements and burden of proof.

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 4**

**Elements of Defamation Per Se**

In this case, the plaintiff claims that the defendant harmed the plaintiff's reputation by making a false statement about the plaintiff. For the plaintiff to recover on this claim, you must decide that it is more likely true than not true:

(1)    that the defendant communicated the statement, either orally or in writing, to a person other than the plaintiff; and

(2)    that the statement was reasonably understood by this person to be about the plaintiff; and

(3)    that the statement was false; and

(4)    that the statement was a legal cause of plaintiff's harm. I will explain "legal cause" to you in a moment.

In order for the plaintiff to recover, you must also find clear and convincing evidence that, when the defendant made the statement, either:

(a)    the defendant knew the statement was false; or

(b)     the defendant had serious doubts about the truth of the statement.

If you find that the elements of this instruction are satisfied, you must decide whether the law allows the defendant to make the statement even though it may injure the plaintiff's reputation.  If you find that the elements of this instruction are not satisfied, you must return a verdict for the defendant.

Source:     Alaska Civil Jury Instructions 16.01 (DEFAMATION — ELEMENTS OF DEFAMATION PER SE WHERE ACTUAL SPECIAL DAMAGES ARE NOT CLAIMED)

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 5**

**Defamation Burden of Proof**

In this case, you will be asked to decide questions according to two different standards. In some questions you will be asked whether something is "more likely true than not true." In other questions you will be asked whether there is "clear and convincing evidence" of something. I will now explain these terms to you.

An alleged fact is "more likely true than not true" if you believe that the chance that it is true is even the slightest bit greater than the chance that it is false. In more familiar language, an alleged fact is more likely true than not true if you believe that there is a greater than 50% chance that it is true. Fifty-one percent certainty is sufficient; no more is required for you to decide that the alleged fact is more likely true than not true.

An alleged fact is established by "clear and convincing evidence" if the evidence induces belief in your minds that the alleged fact is highly probable. It is not necessary that the alleged fact be certainly true or true beyond a reasonable doubt or conclusively true. However, if must be more than probably true.

Source: Alaska Civil Jury Instruction 16.07 DEFAMATION — BURDEN OF PROOF.

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 6**

**LEGAL CAUSE**

I will now define "legal cause" for you.  A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

(1)     the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

(2)     the harm would not have occurred but for the act or failure to act.

Source:  Alaska Civil Jury Instructions, 03.06

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 7**

**Damages Injury to Reputation**

Plaintiff has claimed a loss due to injury to reputation.

You may require the defendant to pay the plaintiff an amount of money that will fairly and justly compensate the plaintiff for any injury to the plaintiff's general reputation and good name in the community.

You may not assume that such a loss occurred just because the statement about the plaintiff was made. There must be evidence to show that the plaintiff's reputation was actually injured and that the defendant's wrongful conduct was the legal cause of the injury.

Source:    Alaska Civil Jury Instruction 16.04 (adapted to include reference to causation requirement).

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 8**

**Duplicative Damages Awards Prohibited**

In this case, Mrs. Mitchell asserts claims against a number of defendants and bases her claims on different legal theories.  A person who has been harmed and proves that one or more persons are liable to compensate her for that harm by paying money damages may only recover damages once for the harm she suffered.   The law prohibits the jury from awarding damages more than once for the same harm.  Even if you find for Mrs. Mitchell on more than one legal theory or against more than one defendant, she can only recover once for the same harm.

Source:  *Bold v. Simpson*, 802 F2d 314, 321 (8th Cir. 1986); *Bear Valley Church of Christ v. DeBose*, 928 P.2d 1315, 1331 (Colo. 1996); *Tazewell Oil Co. v. United Virginia Bank,* 413 S.E. 2d 611, 621-11 (Va. 1992); *Linkage Corp. v. Trustees of Boston University,* 679 N.E. 2d 191 (Mass. 1997); *Sparaco v. Lawler, Matusky, Skelly Engineers LLP,* 313 F. Supp. 2d 247 (S.D.N.Y. 2004); *Norber v. Marcotte,* 134 S.W. 3d 651, 661 (Mo. App. 2004)

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 9**

**Liability for Punitive Damages**

The plaintiff has requested that you award her a separate amount of money in order to punish the defendant and to deter the defendant and others from repeating similar acts.  You may award the plaintiff such an amount of money only if the plaintiff proves by clear and convincing evidence that the defendant's conduct which forms the basis of your verdict demonstrated reckless indifference to the interests of others, or was outrageous.  Outrageous conduct includes acts done with malice or bad motives.

I will now define what it means to prove something by clear and convincing evidence.  An alleged fact is established by clear and convincing evidence if the evidence induces belief in your minds that the alleged fact is highly probable.   It is not necessary that the alleged fact be certainly true or true beyond a reasonable doubt or conclusively true.  However, it is not enough to show that the alleged fact is more likely true than not true.

At this time, you must only decide whether the plaintiff has proved by clear and convincing evidence that punitive damages should be awarded.  You should not discuss the amount of a punitive damage award at this time, or make any decision about the amount of a punitive damage award.  Before you make a decision about the amount of any punitive damage award, I will instruct you on how to determine the amount of the punitive damages award.

Source:  Alaska Civil Jury Instructions 20.20A

**[Defendants Proposed Jury Instructions]**

**INSTRUCTION NO. 10**

**INTRODUCTORY INSTRUCTION DIFFERENTIATING
FEDERAL AND STATE IMMUNITY**.

I am going to provide you two instructions on the immunity a public official such as a police officer can claim under federal and state law. Federal immunity is called "qualified immunity." Alaska state immunity is called "official immunity." There are different standards for these two types of immunity. The plaintiff has made claims under federal law, 42 U.S.C. § 1983. She has also made claims under state law for defamation, intentional infliction of emotional distress and false arrest. The "qualified immunity" instruction applies to the federal claims and the "official immunity" instruction applies to the state claims.

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 11**

**Instruction on Immunity Defense**

Officer Voss and Officer Henikman have asserted the Alaska state law defense of "official immunity" to Mrs. Mitchell's claims for defamation, intentional infliction of emotional distress and false arrest under Alaska state law.

"Official immunity" applies to an officer's conduct if the action he took

(1) is within the scope of his authority, and

(2) is a discretionary act.

An official acts within the scope of his authority when he has the authority to engage in the underlying conduct out of which the alleged claim arises.

A "discretionary act" is an act requiring personal deliberation, decision and judgment.

In deciding whether Officer Voss or Officer Henikman have "official immunity" you should determine whether they had the authority as police officers to detain a suspect and whether the decision to detain Mrs. Mitchell involved exercising personal deliberation, decision making and judgment.

Source:  *Smith v. Stafford*  2008 WL 540181, 4 (Alaska 2008); *Prentzel v. State, Dept. of Public Safety*, 53 P.3d 587 (Alaska 2002); *Pauley v. Anchorage School District*, 31 P.3d 1284, 1286 (Alaska 2001)

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 12**

**1983 Claims Qualified Immunity**

The law allows a police officer the defense of "qualified immunity" to a 42 U.S.C. § 1983 claim.  This means that an officer may have done a particular act, but because of the circumstances the officer is considered immune from liability.  "Qualified immunity" is established if an officer violates a right that was not clearly established in law.  A right is "clearly established" if its contours are sufficiently clear that a reasonable officer would understand that what he is doing violates that right.

An officer can also be entitled to the defense of qualified immunity if the officer makes a mistake in applying the law so long as the mistake is reasonable.

Source:  *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151 (2001)

**[Defendants Proposed Jury Instructions]**
**INSTRUCTION NO. 13**

**Intentional Infliction of Emotional Distress**

In order to recover for intentional infliction of emotional distress a plaintiff must demonstrate that

      (1)    the defendant's conduct is extreme and outrageous,

      (2)    the conduct is intentional or reckless,

      (3)    the conduct was the legal cause of the emotional distress, and

      (4)    the emotional distress is severe

"Severe emotional distress" is of such substantial quality or enduring quantity that no reasonable person in a civilized society should be expected to endure it.

"Outrageous and extreme" conduct is that which goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community.

Source:  *Jones v. State*, 125 P.3d 343 (Alaska 2005); *Lybrand v. Trask*, 31 P.3d 801 (Alaska 2001); *Fyffe v. Wright*, 93 P.3d 444 (Alaska 2004); *State v. Carpenter*, 171 P.3d 41 (Alaska 2007).

### DEFENDANTS SPECIAL VERDICT FORM
### OFFICER ROSS HENIKMAN

## I.    Claim for Violation of 42 U.S.C. § 1983

*Question 1.*    When Officer Henikman stopped Carolyn Mitchell, did Officer Henikman have knowledge of any of the following facts:

(a)    Was Officer Henikman informed by Police Dispatch to look for a suspect in the Sears Mall Wells Fargo Bank hold up?

Yes _____    No _____ [*If no*, skip to question 2]

(b)    Did Police Dispatch tell Officer Henikman to look for a suspect who was:

(i)    Female    Yes _____    No _____

(ii)    African American    Yes _____    No _____

(iii)    Heavy-set  Yes _____    No _____

(iv)    Carrying a bag   Yes _____    No _____

(v)    Wearing blue clothing Yes _____    No _____

*Question 2.*    Based on your answers to Question 1, did Officer Henikman have "reasonable suspicion" based on the information he had at the time, to stop Carolyn Mitchell to investigate whether she was the bank robber?   "Reasonable suspicion" is defined as "an objectively reasonable belief based on specific and articulable facts."

Yes _____    No _____

*Question 3.*(a)    How long did Officer Henikman detain Carolyn Mitchell?

_____ minutes

(b)    Did Officer Henikman detain Carolyn Mitchell for purposes of the bank teller identifying her?

Yes _____    No _____

(c)     Was the length of time Officer Henikman detained Carolyn Mitchell excessive under the circumstances?

Yes _____ No _____

*Question 4.*

(a)     Was Carolyn Mitchell placed in handcuffs until the bank teller was brought to identify her?

Yes _____ No _____

(b)     Was the use of handcuffs reasonable under the circumstances?

Yes _____ No _____

(c)     Did Officer Henikman place Carolyn Mitchell in handcuffs?

Yes _____ No _____

(d)     Was Officer Henikman personally responsible for the decision to place Carolyn Mitchell in handcuffs?

Yes _____ No _____

*Question 5.*     Carolyn Mitchell must prove by a preponderance of the evidence that the length and scope of the stop was excessive.  Based on your answers to Questions 3 and 4, was the length and scope of the stop excessive?

Yes _____ No _____

[*If your answer to Question 2 is "Yes" and your answer to Question 5 is "No", Skip to Section II.   If your answer to Question 2 is "No" or your answer to Question 5 is "Yes" answer Question 6.*]

*Question 6.*     Was Officer Henikman responsible for the length and scope of the stop being excessive?

Yes _____ No _____

*[If your answer to Question 6 is "No", Skip to Section II.  If your answer is "Yes" answer Question 7.]*

*Question 7.*      The law allows a police officer the defense of "*qualified immunity*."  This means that an officer may have done a particular act, but because of the circumstances the officer is considered immune from a finding of liability.  "*Qualified immunity*" is established if:

(a)    When Officer Henikman stopped Mrs. Mitchell was it "clearly established" that stopping a person who generally met the description of a bank robber and placing them in handcuffs was beyond the scope of what the law allows a police officer to do?  A right is "clearly established" if its contours are sufficiently clear that a reasonable officer would understand that what he is doing violates that right.

The law was clearly established:  _____

The law was not clearly established:  _____

 *[If you answer that the law was <u>not</u> clearly established go to Section II, if you answer that the law was clearly established, answer "b".]*

(b)    If an officer makes a mistake in applying the law, he can still claim qualified immunity so long as the mistake is reasonable.   Did Officer Henikman make a reasonable mistake?

Yes_____  No _____

*[If you Answer Yes go to Section II; If you Answer "No" answer Question 8.]*

*Question 8.*

(a)    (i)    Did Carolyn Mitchell suffer physical injury as a result of any actions Officer Henikman took?

Yes _____   No _____ [*skip to (b)*]

*If yes*, (ii)   Did she incur monetary costs as a result of the physical injury?

Yes _____   No _____

(b)    Did Officer Henikman's actions cause Carolyn Mitchell to suffer humiliation or embarrassment?

Yes _____    No _____

(c)    Did Carolyn Mitchell have any other damages as a result of Officer Henikman's actions?

Yes _____    No _____

*If      yes,*      list      the      damages      you found:_____

[*If your answers to (a)(i) or (a)(2), and (b) and (c) are "NO", skip to Section II.  If your answers to (a) (ii) or (b) or is (c) is YES answer Question 9.]*

*Question 9.*      What is the amount of monetary damages you find that Officer Henikman is liable for:

(a)    Physical injury to Carolyn Mitchell: $ _____

(b)    Humiliation/Embarrassment: $_____

(c)    Other damages _____:  $_____

***GO TO SECTION II***

**DEFENDANTS SPECIAL VERDICT FORM**
**OFFICER ROSS HENIKMAN**

## II.    Claim for Defamation.

(1)    Is it more likely true than not true that Officer Henikman communicated a statement, either orally or in writing, to a person other than the plaintiff?

Yes _____  No _____

*[If your answer to Question No. 1 is "NO" go to Section III.*
*If your answer to Question No. 2 is "YES," answer Question No. 2.]*

(2)    It is more likely true than not true that the statement was reasonably understood by this person to be about the plaintiff?

Yes _____  No _____

*[If your answer to Question No. 2 is "NO" go to Section III.*
*If your answer to Question No. 2 is "YES," answer Question No. 3.]*

(3)    Is it more likely true than not true that the statement was false?

Yes _____  No _____

*[If your answer to Question No. 3 is "NO" go to Section III.*
*If your answer to Question No. 3 is "YES," answer Question No. 4.]*

(4)    Is it more likely true than not true that the statement was a legal cause of harm to the plaintiff?

Yes _____  No _____

*[If your answer to Question No. 4 is "NO" go to Section III.*
*If your answer to Question No. 4 is "YES," answer Question No. 5.]*

(5)    Is there clear and convincing evidence (is it highly probable) that Officer Henikman either knew the statement was false or had serious doubts about the truth of the statement?

Yes _____  No _____

*[If your answer to Question No. 5 is "NO" go to Section III.*
*If your answer to Question No. 5 is "YES," answer Question No. 6.]*

(6)    Is the statement made by Officer Henikman subject to "official immunity?"

     Yes _____   No _____

*[If your answer to Question No. 6  is "NO" go to Section III.*
*If your answer to Question No. 6 is "YES," answer Question No. 7.]*

(7)    What amount of money will fairly compensate the plaintiff for the harm to the plaintiff which was more likely than not legally caused by the statement of Officer Henikman?

        Answer:     $_____

*[If you have not awarded plaintiff money in response to Question No. 7, go to Section III.  If you have awarded plaintiff money in response to Question No. 7, answer Question No. 8.]*

(8)    Should punitive damages be awarded in this case?

     Yes _____   No _____

***Go to Section III.***

Source:  16.08  DEFAMATION PER SE – SPECIAL VERDICT FORM – SPECIAL DAMAGES NOT CLAIMED

## DEFENDANTS SPECIAL VERDICT FORM
## OFFICER ROSS HENIKMAN

### III. __Claim for Intentional Infliction of Emotional Distress__.

(1)    Is it more likely true than not true that Officer Henikman conducted himself in an extreme or outrageous way when he stopped the plaintiff at the Sears Mall?

Yes _____    No _____

*[If your answer to Question No. 1 is "NO" go to Section IV.*
*If your answer to Question No. 1 is "YES," answer Question No. 2.]*

(2)    It is more likely true than not true that Officer Henikman's actions were intentional or reckless?

Yes _____    No _____

*[If your answer to Question 2 is "NO" go to Section IV.*
*If your answer to Question No. 2 is "YES," answer Question No. 3.]*

(3)    Do you find that the plaintiff suffered severe emotional distress as a result Officer Henikman's actions?

Yes _____    No _____

*[If your answer to Question No. 3 is "NO" go to Section IV.*
*If your answer to Question No. 3 is "YES," answer Question No. 4.]*

(4)    Were Officer Henikman's actions the legal cause of plaintiff's severe emotional distress?

Yes _____    No _____

*[If your answer to Question No. 4 is "NO" go to Section IV.*
*If your answer to Question No. 4 is "YES," answer Question No. 5.]*

(5)    Were Officer Henikman's actions in detaining the plaintiff subject to "official immunity?"

Yes _____    No _____

[*If your answer to Question No. 4 is "NO" go to Section IV.*
*If your answer to Question No. 4 is "YES," answer Question No. 5.]*

(6)    What amount of money will fairly compensate the plaintiff for the emotional distress?

Answer:    $_____

[*If you have not awarded plaintiff money in response to Question No. 6, go to Section IV.  If you have awarded plaintiff money in response to Question No. 5, answer Question No. 7.*]

(7)    Should punitive damages be awarded in this case?

Yes _____   No _____

***Go to Section IV.***

Source:  *State v. Carpenter*, 171 P.3d 41 (Alaska 2007).

## DEFENDANTS SPECIAL VERDICT FORM
## OFFICER ROSS HENIKMAN

**IV.    Claim for False Arrest.**

*The court has found Officer Henikman committed the tort of "false arrest" as a matter of law.   The jury must now decide whether Officer Henikman has official immunity or whether any damages should be awarded.*

(1)    Were Officer Henikman's actions in detaining the plaintiff subject to "official immunity?"

      Yes _____   No _____

*[If your answer to Question No. 1 is "NO finalize the special verdict form by having the jury foreperson sign and date it.*

*If your answer to Question No.1  is "YES," answer Question No. 2.]*

(2)    Did the plaintiff suffer any monetary damages as a result of the false arrest?

      Yes _____   No _____

*[If your answer to Question No. 2 is "NO" finalize the special verdict form by having the jury foreperson sign and date it.*

*If your answer to Question No. 2 is "YES," answer Question No. 3.]*

(3)    What amount of money will fairly compensate the plaintiff for the false arrest?

          Answer:     $_____

*[If you have not awarded plaintiff money in response to Question No. 3, finalize the special verdict form by having the jury foreperson sign and date it.  If you have awarded plaintiff money in response to Question No. 3, answer Question No. 4.]*

(4)     Should punitive damages be awarded in this case?

        Yes _____   No _____

<u>**DEFENDANTS SPECIAL VERDICT FORM**</u>
<u>**OFFICER JUSTIN VOSS**</u>

**I.    <u>Claim for Violation of 42 U.S.C. § 1983</u>**

*Question 1.*        When Officer Voss stopped Carolyn Mitchell, did Officer Voss have knowledge of any of the following facts:

(a)    Was Officer Voss informed by Police Dispatch to look for a suspect in the Sears Mall Wells Fargo Bank hold up?

Yes _____   No _____ [*If no*, skip to question 2]

(b)    Did Police Dispatch tell Officer Voss to look for a suspect who was:

(i)    Female     Yes _____   No _____

(ii)    African American     Yes _____   No _____

(iii)    Heavy-set  Yes _____   No _____

(iv)    Carrying a bag   Yes _____   No _____

(v)    Wearing blue clothing Yes _____   No _____

*Question 2.*        Based on your answers to Question 1, did Officer Voss have "reasonable suspicion" based on the information he had at the time, to stop Carolyn Mitchell to investigate whether she was the bank robber? "Reasonable suspicion" is defined as "an objectively reasonable belief based on specific and articulable facts."

Yes _____   No _____

*Question 3.*(a)    How long did Officer Voss detain Carolyn Mitchell?

_____ minutes

(b)    Did Officer Voss detain Carolyn Mitchell for purposes of the bank teller identifying her?

Yes _____   No _____

(c)     Was the length of time Officer Voss detained Carolyn Mitchell excessive under the circumstances?

Yes _____ No _____

*Question 4.*

(a)     Was Carolyn Mitchell placed in handcuffs until the bank teller was brought to identify her?

Yes _____ No _____

(b)     Was the use of handcuffs reasonable under the circumstances?

Yes _____ No _____

(c)     Did Officer Voss place Carolyn Mitchell in handcuffs?

Yes _____ No _____

(d)     Was Officer Voss personally responsible for the decision to place Carolyn Mitchell in handcuffs?

Yes _____ No _____

*Question 5.*     Carolyn Mitchell must prove by a preponderance of the evidence that the length and scope of the stop was excessive.  Based on your answers to Questions 3 and 4, was the length and scope of the stop excessive?

Yes _____ No _____

*[If your answer to Question 2 is "Yes" and your answer to Question 5 is "No", Skip to Section II.   If your answer to Question 2 is "No" or your answer to Question 5 is "Yes" answer Question 6.]*

*Question 6.*     Was Officer Voss responsible for the length and scope of the stop being excessive?

Yes _____ No _____

*[If your answer to Question 6  is "No", Skip to Section II.  If your answer is "Yes" answer Question 7.]*

*Question 7.*        The law allows a police officer the defense of "*qualified immunity.*"  This means that an officer may have done a particular act, but because of the circumstances the officer is considered immune from a finding of liability.  "*Qualified immunity*" is established if:

(a)    When Officer Voss stopped Mrs. Mitchell was it "clearly established" that stopping a person who generally met the description of a bank robber and placing them in handcuffs was beyond the scope of what the law allows a police officer to do?  A right is "clearly established" if its contours are sufficiently clear that a reasonable officer would understand that what he is doing violates that right.

The law was clearly established:  _____

The law was not clearly established:  _____

*[If you answer that the law was not clearly established go to Section II, if you answer that the law was clearly established, answer "b".]*

(b)    If an officer makes a mistake in applying the law, he can still claim qualified immunity so long as the mistake is reasonable.   Did Officer Voss make a reasonable mistake?

Yes_____  No _____

*[If you Answer Yes go to Section II; If you Answer "No" answer Question 8.]*

*Question 8.*

(a)    (i)    Did Carolyn Mitchell suffer physical injury as a result of any actions Officer Voss took?

Yes _____   No _____ [*skip to (b)*]

*If yes*, (ii)   Did she incur monetary costs as a result of the physical injury?

Yes _____   No _____

(b)     Did Officer Voss's actions cause Carolyn Mitchell to suffer humiliation or embarrassment?

Yes _____ No _____

(c)     Did Carolyn Mitchell have any other damages as a result of Officer Voss's actions?

Yes _____ No _____

*If yes*, list the damages you found:_____

[*If your answers to (a)(i) or (a)(2), and (b) and (c) are "NO", skip to Section II.  If your answers to (a) (ii) or (b) or is (c) is YES answer Question 8.]*

*Question 9.*     What is the amount of monetary damages you find that Officer Voss is liable for:

(a)     Physical injury to Carolyn Mitchell: $ _____

(b)     Humiliation/Embarrassment: $_____

(c)     Other damages _____: $_____

***GO TO SECTION II***

## DEFENDANTS SPECIAL VERDICT FORM
## OFFICER JUSTIN VOSS

**II.    Claim for Defamation.**

(1)    Is it more likely true than not true that Officer Voss communicated a statement, either orally or in writing, to a person other than the plaintiff?

Yes _____ No _____

*[If your answer to Question No. 1 is "NO" go to Section III.*
*If your answer to Question No. 2 is "YES," answer Question No. 2.]*

(2)    It is more likely true than not true that the statement was reasonably understood by this person to be about the plaintiff?

Yes _____ No _____

*[If your answer to Question No. 2 is "NO" go to Section III.*
*If your answer to Question No. 2 is "YES," answer Question No. 3.]*

(3)    Is it more likely true than not true that the statement was false?

Yes _____ No _____

*[If your answer to Question No. 3 is "NO" go to Section III.*
*If your answer to Question No. 3 is "YES," answer Question No. 4.]*

(4)    Is it more likely true than not true that the statement was a legal cause of harm to the plaintiff?

Yes _____ No _____

*[If your answer to Question No. 4 is "NO" go to Section III.*
*If your answer to Question No. 4 is "YES," answer Question No. 5.]*

(5)    Is there clear and convincing evidence (is it highly probable) that Officer Voss either knew the statement was false or had serious doubts about the truth of the statement?

Yes _____ No _____

*[If your answer to Question No. 5 is "NO" go to Section III.*
*If your answer to Question No. 5 is "YES," answer Question No. 6.]*

(6)    Is the statement made by Officer Voss subject to "official immunity?"

      Yes _____  No _____

*[If your answer to Question No. 6  is "NO" go to Section III.*
*If your answer to Question No. 6 is "YES," answer Question No. 7.]*

(7)    What amount of money will fairly compensate the plaintiff for the harm to the plaintiff which was more likely than not legally caused by the statement of Officer Voss?

        Answer:    $_____

*[If you have not awarded plaintiff money in response to Question No. 7, go to Section III.  If you have awarded plaintiff money in response to Question No. 7, answer Question No. 8.]*

(8)    Should punitive damages be awarded in this case?

      Yes _____  No _____

**Go *to Section III.***

Source:  16.08   DEFAMATION PER SE – SPECIAL VERDICT FORM – SPECIAL DAMAGES NOT CLAIMED

## DEFENDANTS SPECIAL VERDICT FORM
## OFFICER JUSTIN VOSS

### III.   Claim for Intentional Infliction of Emotional Distress.

(1)    Is it more likely true than not true that Officer Voss conducted himself in an extreme or outrageous way when he stopped the plaintiff at the Sears Mall?

Yes _____  No _____

*[If your answer to Question No. 1 is "NO" go to Section IV.*
*If your answer to Question No. 1 is "YES," answer Question No. 2.]*

(2)    It is more likely true than not true that Officer Voss's actions were intentional or reckless?

Yes _____  No _____

*[If your answer to Question 2 is "NO" go to Section IV.*
*If your answer to Question No. 2 is "YES," answer Question No. 3.]*

(3)    Do you find that the plaintiff suffered severe emotional distress as a result Officer Voss's actions?

Yes _____  No _____

*[If your answer to Question No. 3 is "NO" go to Section IV.*
*If your answer to Question No. 3 is "YES," answer Question No. 4.]*

(4)    Were Officer Voss's actions the legal cause of plaintiff's severe emotional distress?

Yes _____  No _____

*[If your answer to Question No. 4 is "NO" go to Section IV.*
*If your answer to Question No. 4 is "YES," answer Question No. 5.]*

(5)    Were Officer Voss's actions in detaining the plaintiff subject to "official immunity?"

Yes _____  No _____

[*If your answer to Question No. 4 is "NO" go to Section IV.*
*If your answer to Question No. 4 is "YES," answer Question No. 5.]*

(6)    What amount of money will fairly compensate the plaintiff for the emotional distress?

Answer:    $_____

[*If you have not awarded plaintiff money in response to Question No. 6, go to Section IV.  If you have awarded plaintiff money in response to Question No. 5, answer Question No. 7.*]

(7)    Should punitive damages be awarded in this case?

Yes _____   No _____

**Go to Section IV.**

Source:  *State v. Carpenter*, 171 P.3d 41 (Alaska 2007).

## DEFENDANTS SPECIAL VERDICT FORM
## OFFICER JUSTIN VOSS

**IV.    Claim for False Arrest.**

***The court has found Officer Voss committed the tort of "false arrest" as a matter of law.  The jury must now decide whether Officer Voss has official immunity or whether any damages should be awarded***.

(1)    Were Officer Voss's actions in detaining the plaintiff subject to "official immunity?"

        Yes _____  No _____

        *[If your answer to Question No. 1 is "NO finalize the special verdict form by having the jury foreperson sign and date it.*

        *If your answer to Question No.1  is "YES," answer Question No. 2.]*

(2)    Did the plaintiff suffer any monetary damages as a result of the false arrest?

        Yes _____  No _____

        *[If your answer to Question No. 2 is "NO" finalize the special verdict form by having the jury foreperson sign and date it.*

        *If your answer to Question No. 2 is "YES," answer Question No. 3.]*

(3)    What amount of money will fairly compensate the plaintiff for the false arrest?

            Answer:    $_____

        *[If you have not awarded plaintiff money in response to Question No. 3, finalize the special verdict form by having the jury foreperson sign and date it.  If you have awarded plaintiff money in response to Question No. 3, answer Question No. 4.]*

(4)    Should punitive damages be awarded in this case?

      Yes _____  No _____

**SPECIAL VERDICT FORM**
**ANCHORAGE POLICE CHIEF WALT MONEGAN**

## I.    Claim for Violation of 42 U.S.C. § 1983

*Question 1.*       Was Police Chief Monegan physically present at the Sears Mall when Officer Henikman and Officer Voss stopped Carolyn Mitchell.

          Yes _____   No _____

*Question 2.*       Did Chief Monegan personally advise or instruct Officer Henikman or Officer Voss on the stop or detention of Carolyn Mitchell?

          Yes _____   No _____

*Question 3.*       Did Chief Monegan personally direct any of the activities during the Anchorage Police Department response to the bank robbery at the Sears Mall?

          Yes _____   No _____

*Question 4.*       Did Chief Monegan establish a policy in the Anchorage Police Department which specified the exact circumstances under which a suspect was to be placed in handcuffs?

             Yes _____   No _____

*Question 5.*       Did Chief Monegan establish a policy in the Anchorage Police Department which set a time limit on the amount of time in which a suspect could be held pending a "show up" by a crime victim?

             Yes _____   No _____

In order to prevail on her § 1983 claim against Chief Monegan, the plaintiff must prove each of the following elements by a preponderance of the evidence:

          (1)    Chief Monegan acted under color of law;

(2)     the acts of Chief Monegan's subordinates Officer Voss and Officer Henikman deprived the plaintiff of her Fourth Amendment rights under the United States Constitution; and

(3)     Chief Monegan directed his subordinates in the acts that deprived the plaintiff of these rights or Chief Monegan set in motion a series of acts by his subordinates that he knew or reasonably should have known would cause the subordinates to deprive the plaintiff of these rights.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Chief Monegan acted under color of law.]

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction _____ [Fourth Amendment] your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

The jury finds that Plaintiff ____ has _____ has not proved all the elements to show a violation of her fourth amendments rights by Chief Monegan.

**SPECIAL VERDICT FORM**
**MUNICIPALITY OF ANCHORAGE/ANCHORAGE POLICE**
**DEPARTMENT**

## I.    Claim for Violation of 42 U.S.C. § 1983

*Question 1.*        Did Officer Henikman and Officer Voss act under color of law when they stopped Carolyn Mitchell?

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the officers acted under color of law

        Yes _____    No _____

*Question 2.*        Did the acts of Officer Henikman or Officer Voss deprive the plaintiff of a right under the Fourth Amendment to the United States constitution?

        Yes _____    No _____

*Question 3.*        Did the Anchorage Police Department have a policy, practice or custom which specified the exact circumstances under which a suspect was to be placed in handcuffs?

            Yes _____    No _____

*Question 4.*        Did the Anchorage Police Department have a policy, practice or custom which set a time limit on the amount of time in which a suspect could be held pending a "show up" by a crime victim?

            Yes _____    No _____

*Question 5.*        In order to prevail on her § 1983 claim against the Anchorage Police Department/Municipality of Anchorage, the plaintiff must prove each of the following elements by a preponderance of the evidence:

        (1)    Officers Voss and Henikman acted under color of law;

(2)    the acts of Officer Voss or Officer Henikman deprived the plaintiff of her Fourth Amendment rights under the United States Constitution; and

(3)    the acts of Officer Voss or Officer Henikman were done pursuant to a policy, custom or practice of the Anchorage Police Department/Municipality of Anchorage.


If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction _____ [Fourth Amendment] your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

The jury finds that Plaintiff ____ has _____ has not proved all the elements.

Respectfully submitted this 16th day of June, 2008.

JAMES N. REEVES
Municipal Attorney

By:    s/ James N. Reeves
         Municipal Attorney's Office
         P.O. Box 196650
         Anchorage, Alaska 99519-6650
         Phone: (907) 343-4545
         Fax: (907) 343-4550
         E-mail: uslit@muni.org
         Alaska Bar No. 7206031

The undersigned hereby certifies that on 06/16/08 a
true and correct copy of the *Notice of Filing*
*Defendants' Proposed Jury Instructions and*
*Special Verdict Forms* was served on:

Isaac D. Zorea
and
Moshe C. Zorea

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

 s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office