James N. Reeves
Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT and | ) |
| the MUNICIPALITY OF ANCHORAGE, a | ) |
| municipal corporation, WALTER MONEGAN, | ) |
| Officer HENIKMAN, and Officer J. VOSS, | ) |
| | ) |
| Defendants. | ) Case No. 3:05-cv-00273-JWS |
| | ) |

## TRIAL BRIEF OF DEFENDANTS

## I.    SUMMARY.

### A.    Parties.

Carolyn Mitchell is the sole plaintiff.  The Municipality of Anchorage, Anchorage Police Officers Justin Voss and Ross Henikman, and former Anchorage Police Department Chief Walt Monegan are Defendants.  ("Anchorage Police Department," also named as a Defendant, is a department of the Municipality of Anchorage and is not a separate legal entity.)

### B.    Theories Of Recovery And Defenses Pled.

This case arises from Mrs. Mitchell's temporary detention by the defendant officers at the Sears Mall on May 8, 2004.  A bank holdup had occurred.  APD officers and FBI agents were on the lookout for women fitting the teller's description of the robber.  The robber was reportedly armed, and the public was in danger.  Police officers detained Mrs. Mitchell and other women in and around the Mall until the teller could view them.  Officers Voss and Henikman displayed their firearms and used handcuffs in detaining Mrs. Mitchell.  She was detained for a period of 20 to 30 minutes, until the bank teller informed police that Mrs. Mitchell was not the robber.   During her detention, a local television station filmed her standing near police.  This footage appeared on the evening news.  She has not sued the TV station or its personnel.

Mrs. Mitchell sued under four theories: false arrest under Alaska common law, defamation *per se* under Alaska common law, intentional infliction of emotional distress under Alaska common law, and violation of her right to be free from unreasonable

seizures under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983. She seeks compensatory and punitive damages.

In addition to their denials, Defendants have asserted these affirmative defenses, among others: qualified and discretionary immunity under federal and Alaska law, good faith and the right and duty to act, justification, fault of others, preexisting conditions, failure to mitigate, and a Municipality's protection from punitive damages under Alaska law.

## II.  KEY PLEADINGS AND ORDERS.

| Dkt. No. | Pleading |
|---|---|
| 21 | Answer of Monegan to original complaint |
| 25 | Amended Complaint |
| 32 | Answer of Voss and Henikman to Amended Complaint |
| 42 | Stipulation for Protective Order |
| 44 | Protective Order |
| 72 | Order (denying summary judgment to any party) |
| 76 | Order (granting judgment on false arrest) |
| 86 | Order (denying reconsideration on false arrest) |
| 91 | Defendants' Final, Revised Witness List |
| 94 | (Lodged) Motion for Summary Judgment Based on Immunity |
| 96 | Joint Statement and Pretrial Report |
| 97 | Mrs. Mitchell's Final, Revised Witness List |
| 100 | Mrs. Mitchell's Exhibit List |

101        Defendants' Exhibit List

105        Order (denying leave for second dispositive motion;
           denying request for status conference)

110        Order (granting reconsideration, correcting Dkt. 105 re:
           no waiver of immunity)

## III.    CLAIMS AND PARTIES REMAINING FOR DISPOSITION.

All named parties remain in the case.

Only one of Mrs. Mitchell's claims is partially resolved: false arrest under Alaska common law.  The Court at Dkt. 76 granted partial summary judgment that the officers had falsely arrested her.   It did not determine whether liability arose as a result of this act, or whether this act caused of any harm to Mrs. Mitchell for which she is entitled to compensation.

Defendants' qualified, discretionary and statutory immunities remain for determination.  *See* Dkt. 94, (lodged) Motion for Summary Judgment Based on Immunity; Dkt. 105, Order denying leave to file Dkt. 94; Dkt. 110, correcting Dkt. 105 to show that Defendants have not waived their immunities.  The Court has not addressed immunity with respect to false arrest or any of Mrs. Mitchell's other claims.  If "official immunity" under Alaska law applies, it protects Defendants from liability for the false arrest as well as the other alleged torts.  If "qualified immunity" under federal law applies, it protects defendants from the Section 1983 claims.

Finally, all of Defendants' other affirmative defenses, identified at (I)(B) above, remain to be addressed.

## IV.    SUMMARY OF EVIDENCE.

### A.    Evidence On Liability And Damages.

The evidence on liability is expected to consist chiefly of the parties' testimony and the news video of the incident.

Defendants anticipate the evidence of any damages will come from the testimony of Mrs. Mitchell, her family and friends, and her psychologist, with whom she discussed this incident and other issues.  There is no documentary evidence for Mrs. Mitchell's alleged physical injury or lost business claims.

### B.    List Of Relief Requested.

Defendants have not asserted a counterclaim and do not seek any damages. Depending upon the outcome, Defendants have the right to recover costs and fees on all claims under Rule 68, Federal Rules of Civil Procedure, and their attorneys' fees for the Alaska common-law claims under Rule 82, Alaska Rules of Civil Procedure.

## V.    CONTROLLING LAW.

*Saucier v. Katz*, 533 U.S. 194 (2001), governs the application of qualified immunity to the federal claims in this case.  *Gallegos v. City of Los Angeles*, 308 F.3d 987 (9th Cir. 2002), governs the Fourth Amendment claims.  *Sheldon v. City of Ambler and Jones*, 178 P.3d 459 (Alaska 2008), governs the application of qualified immunity to the claims made under Alaska law, and AS 09.65.070(d)(2) governs the discretionary immunity question.

## VI.    <u>SUMMARY OF MOST PROMINENT ISSUES ANTICIPATED.</u>

Matters likely to be most at issue at trial include Defendants' immunity defenses. The Court ruled, Dkts. 105 and 110, that immunity would not be decided before trial.

The Court's pretrial ruling that the detention of Mrs. Mitchell constituted "false arrest" under state law did not establish that any defendant is liable to pay damages as a result. Defendants have proposed jury instructions to guide the jury in determining issues including causation, damages and immunity in connection with the false arrest claims.

In addition, Defendants note that the elements of a state "false arrest" tort claim, as determined by the Court's pretrial ruling, are not the same as the elements of a Section 1983 claim predicated on an alleged violation of the Fourth Amendment. Defendants have submitted a proposed instruction to explain this distinction to the jury so that the jury does not make the error of assuming that the Court's pretrial ruling on the false arrest tort claim also determined that there was a violation of the Fourth Amendment.

Factual questions likely to be at issue at trial include the reasonableness of the following actions by Defendants: initially detaining Mrs. Mitchell; holding her until the bank teller could view her; using handcuffs and firearms as part of controlling the scene; keeping her 12-year-old son separate from her; allowing her to remain in the area where they had detained her rather than taking her to a place where she could not be observed by the public; whether the officers acted with malice or reckless disregard for Mrs. Mitchell's rights so as to raise a question of punitive damages; whether Chief Monegan enacted improper police procedures or failed to supervise the officers, thus causing a violation of Mrs. Mitchell's constitutional rights.

As for punitive damages claims, Defendants note that under Alaska law "punitive damages may not be awarded against governmental entities [here, the Municipality of Anchorage, a/k/a the Anchorage Police Department] in the absence of explicit statutory authorization." *Alaska Housing Finance Corporation v. Salvucci*, 950 P.2d 1116, 1123 (Alaska 1997): *Hazen v. Municipality of Anchorage*, 718 P. 2d 456, 465-66 (Alaska 1986).   In addition, Alaska law requires bifurcation of the issue and deferral of the presentation of evidence regarding the considerations material to the question of quantum of punitive damages until after the jury returns its initial verdict.   AS 09.17.020(c) (requiring "separate proceeding" if Mrs. Mitchell proves by clear and convincing evidence that there are grounds for a punitive damages award).   Evidence concerning these considerations may not be presented in the initial trial unless there is an independent basis for its admission in evidence to prove some other fact.   For consistency, and to avoid jury confusion, Defendants request that the Court exercise its discretion to manage the trial by making a similar bifurcation of issues with respect to punitive damages on Section 1983 claims.

## VII.    <u>SUMMARY OF LIKELY EVIDENTIARY ISSUES.</u>

The Protective Order at Dkt. 44 covers several Anchorage Police Department documents, confidential internal procedures, which Defendants produced on February 15, 2007. That Order incorporated by reference all terms of the parties' Stipulation for Protective Order, Dkt. 42.  Under those terms, the specified documents cannot be used at trial unless this Court so rules upon a proper *in limine* motion.  Mrs. Mitchell has not filed such a motion.

Respectfully submitted this 16th day of June, 2008.

JAMES N. REEVES
Municipal Attorney

By:   s/ James N. Reeves
      Municipal Attorney's Office
      P.O. Box 196650
      Anchorage, Alaska 99519-6650
      Phone: (907) 343-4545
      Fax: (907) 343-4550
      E-mail: uslit@muni.org
      Alaska Bar No. 7206031

The undersigned hereby certifies that on 06/16/08 a true and correct copy of the *Trial Brief of Defendants* was served on:

Isaac D. Zorea
and
Moshe C. Zorea

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

 s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office