1
2
3
4

Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 677-3779
(907) 644-2802 facsimile

5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

7
8
9
10
11
12
13

CAROLYN MITCHELL,                          )
                    Plaintiff,             )
            vs.                            )
                                           )
ANCHORAGE POLICE DEPARTMENT and the        )
MUNICIPALITY OF ANCHORAGE, a               )
municipal corporation, WALTER MONEGAN,     )
Officer HENIKMAN, and Officer J. VOSS,     )
                    Defendants.            )
_____   )

Case No. 3:05-cv-00273-JWS

14
15

**TRIAL BRIEF OF PLAINTIFFS**

16
17

Complying with this Court's Order dated March 25, 2008, at docket 90, the

plaintiff provides the following trial brief.

18
19
20

I.    **SUMMARY**

21

      A.    **Parties.**

22

      Carolyn Mitchell is the sole plaintiff.  The individuals named as defendants

23

are Ross Henikman, Justin Voss, Walter Monegan, and the Municipality of

24

Anchorage.  Also, the Anchorage Police Department is named as the employer of

25
26

Ross Henikman and Justin Voss, and is a defendant through respondeat superior.

27
28

PLAINTIFF'S TRIAL BRIEF: MITCHELL V. MOA, ET AL..                    PAGE - 1 -

1

2

B.    **Theories of Recovery and Defenses Pled.**

Carolyn Mitchell has sued under four legal theories: false arrest, intentional

infliction of emotional distress (IIED), defamation *per se*, and violation of her federal

civil rights, per 42 U.S.C. § 1983.   Mitchell's claims under false arrest, intentional

infliction of emotional distress and defamation are governed by Alaska common law.

Mitchell's claim under 42 U.S.C. § 1983 is governed by federal law.  Plaintiff seeks

compensatory and punitive damages.  Additionally, Mitchell claims that the

Anchorage Police Department is jointly liable for any state law torts for which

Henikman and Voss are found liable, based on respondeat superior.

Defendants have asserted various affirmative defenses, paramount of which

are allegations of immunity under federal and/or state law.


II.    **KEY PLEADINGS AND ORDERS.**

Dkt. No.        Pleading

21              Answer of Monegan to original complaint.

25              Amended Complaint.

32              Answer of Voss and Henikman to Amended Complaint.

72              Order (denying summary judgment to any party).

76              Order (granting judgment on false arrest).

86              Order (denying reconsideration on false arrest).

91              Defendants' Final, Revised Witness List.

96              Joint Statement and Pretrial Report.

97          Mitchell's Final, Revised Witness List.

100         Mitchell's Exhibit List

101         Defendants' Exhibit List

III.    **CLAIMS AND PARTIES REMAINING FOR DISPOSITION.**

All parties remain in the case.

This court has resolved as a matter of law one of Mitchell's state law claims, while the other three claims against the defendants remain.  The issue of false arrest has been resolved through summary judgment (dkt. 76).  Mitchell's motion for partial summary judgment on the issue of false arrest required that defendants argue all claims and defenses at the time she filed the motion.  As such, defendants waived any affirmative defenses regarding false arrest, and that issue has been fully decided.  Concerning false arrest, the issue of damages does remain for the jury to decide, but the jury is required to award at least nominal damages on that issue.

Mitchell's remaining claims, IIED, defamation *per se*, and 42 U.S.C. § 1983, all require resolution by the trier of fact.  Concerning Mitchell's remaining claims, defendants may potentially raise affirmative defenses alleging immunity.  However, the issue of immunity is an issue of law, when the facts are not at issue, and not an issue for jury consideration.

IV.    **SUMMARY OF EVIDENCE.**

A.    **Evidence on Liability And Damages**.

Mitchell intends to establish liability by testimony of the parties, and reliance

on exhibit evidence.  Evidence establishing municipal liability will additionally focus on testimony of training officers at the Anchorage Police Department, Cpt. Miller and Officer John Daily.

Evidence of Mitchell's damages will be based primarily on the expert testimony of her psychologist.  Mitchell additionally will rely on her own testimony, and that of family and friends.

**B.    List of Relief Requested**.

Mitchell seeks compensatory damages, and punitive damages, jointly and severally, from the named defendants.  Additionally, Mitchell seeks actual attorney fees under 42 U.S.C. § 1988, and recovery of all costs and fees associated allowable under state and/or federal law.  Additionally, or in the alternative, Mitchell seeks attorney fees under Rule 82, Alaska Rules of Civil Procedure.

V.    CONTROLLING LAW.

Dunaway v. New York, 442 U.S. 200 (1979), governs when an arrest is unreasonable under the Fourth Amendment.  According to Dunaway, if police officers arrest, or partake in conduct mirroring an arrest, without probable cause, this is a violation of a citizens Fourth Amendment rights, and is as a matter of law unreasonable.

Alaska Statebank v. Fairco, 674 P.2d 288 (1983), is the controlling law on the issue of defamation *per se*, holding that "observable conduct" is actionable under defamation law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VI.     **SUMMARY OF MOST PROMINENT ISSUES ANTICIPATED.**

The most prominent issue at trial will center on the Fourth Amendment requirement that any arrest or search conducted without probable cause is unreasonable. The critical fact in this case will center on the admission that Voss and Henikman did not have probable cause to arrest Mitchell. Incorporating the fact that no probable cause existed, Mitchell will emphasize that Monegan and the Municipality of Anchorage have acknowledged that Voss and Henikman's conduct, i.e. arresting without probable cause, is acceptable policy and custom in the Anchorage Police Department.

The defendants may intend to raise immunity as an issue in this case. However, immunity is a legal issue where the facts of the case are not in dispute, and the facts of this case are not in dispute. This court has already determined that Voss and Henikman arrested Mitchell, rather than conducted a terry stop. As such, any mention of terry stop analysis is inappropriate. Consequently, the defendants immunity argument must rest on whether or not it is clearly understood that arrests must be based on probable cause. The law is very clear that any arrest without probable cause is unreasonable, and a violation of the Fourth Amendment. Immunity simply is a misplaced argument when considering whether or not a Municipal police officer has discretion to arrest without probable cause.

The most prominent issue concerning defamation will center on what statement Voss and Henikman made through the observable conduct of handcuffing Mitchell at gun point, and holding her in clear public view. Likewise, an issue will

be whether falsely arresting a citizen simply based on an unverified police dispatch is outrageous, callous, unacceptable behavior in a society governed by Fourth Amendment protections. The claims of IIED, and the appropriateness of punitive damages, will certainly center on the outrageous fact that Voss and Henikman received no discipline for falsely arresting Mitchell. Similarly, testimony by Cpt. Miller and John Daily will indicate that Voss and Henikman would actually have been discipline if they failed to take Mitchell in custody.

VII.    **SUMMARY OF LIKELY EVIDENTIARY ISSUES.**

Plaintiff anticipates no significant evidentiary issue in this case. The facts of this case are generally agreed upon by the parties. All that is truly at issue is whether the conduct perpetrated by Voss and Henikman is acceptable in civilized society. Proof regarding the widespread belief by defendants that they did nothing wrong should be proven by evidence that provides no significant issue for the court to resolve.

It is anticipated, however, that defendants will attempt to introduce evidence that establishes that Voss and Henikman did not actually arrest Mitchell. However, this court has ruled on this issue, and Mitchell will object to any attempt by defendant to argue to the contrary. Issues regarding terry stops, qualified immunity concerning false arrest, or reasonable suspicion by Voss and Henikman would be objected to by Mitchell. Reasonable suspicion to justify stopping Mitchell would be an irrelevant evidentiary issue because it has been established by admission by

parties and by this court that Voss and Henikman did not have probable cause to stop

Mitchell.  Reasonable suspicion is merely a term used to establish probable cause, or

to justify a terry stop.

This Court has already determined that Voss and Henikman did not execute a

legal terry stop when they handcuffed Mitchell.  Any efforts to bring these concepts

before the jury would merely be attempts to confuse the fact finder and should be

prohibited.

Respectfully submitted this 16th day of June 2008.

 S/  Isaac Zorea
Law Offices of Isaac D Zorea
P.O. Box 210434
Anchorage, AK 99521
907-830-1385
907-677-3779
Eyedz@gci.net

1

2

3            <u>Certificate of Service</u>

4    I hereby certify that on June 16, 2008
     I electronically filed the foregoing with
5    the Clerk of Court using the CM/ECF
     system which sent notification to the
6    following:

7
            Joyce Weaver Johnson
8

9    and I hereby certify that I have mailed by
     United States Postal Service the document
10   to the following non CM/ECF participants:

11
            none.
12

13   Dated this 16th day of June 2008, at Anchorage, Alaska.

14    S/ Isaac Zorea
        Law Offices of Isaac D Zorea
15      P.O. Box 210434
        Anchorage, AK 99521
16      907-830-1385
        907-677-3779
17      Eyedz@gci.net

18

19

20

21

22

23

24

25

26

27

28   PLAINTIFF'S TRIAL BRIEF: <u>MITCHELL V. MOA, ET AL</u>.                    PAGE - 8 -