Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 677-3779
(907) 644-2802 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CAROLYN MITCHELL,                          )
                     Plaintiff,            )
              vs.                          )
                                           )
ANCHORAGE POLICE DEPARTMENT and the        )
MUNICIPALITY OF ANCHORAGE, a               )
municipal corporation, WALTER MONEGAN,     )
Officer HENIKMAN, and Officer J. VOSS,     )
                     Defendants.           ) Case No. 3:05-cv-00273-JWS
_____ )

**PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS**

Plaintiff Carolyn Mitchell acting pursuant to court order hereby submits the

following proposed jury instructions.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

Ladies and gentlemen: You are now the jury in this case. It is my duty to

instruct you on the law.

These instructions are preliminary instructions to help you understand the

principles that apply to civil trials and to help you understand the evidence as you

listen to it.  You will be allowed to keep this set throughout the trial to which to refer.

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS                                      PAGE - 1 -

This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 1.1A

OR

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict

should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 1.1B


OR


Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict

1    should be.

2         It is your duty to find the facts from all the evidence in the case.  To those
3
     facts you will apply the law as I give it to you.  You must follow the law as I give it
4
5    to you whether you agree with it or not.  And you must not be influenced by any

6    personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you

7    must decide the case solely on the evidence before you.  You will recall that you took

8    an oath to do so.

9
          In following my instructions, you must follow all of them and not single out
10
11   some and ignore others; they are all important.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   9ᵀᴴ Cɪʀᴄᴜɪᴛ Pᴀᴛᴛᴇʀɴ Cɪᴠɪʟ Jᴜʀʏ Iɴꜱᴛʀᴜᴄᴛɪᴏɴꜱ, 1.1C

27

28

1    P<small>LAINTIFF</small>'<small>S</small> P<small>ROPOSED</small> J<small>URY</small> I<small>NSTRUCTION</small> N<small>O</small>. 2

2

3
        To help you follow the evidence, I will give you a brief summary of the
4
positions of the parties:
5

6        The plaintiff claims that [*plaintiff's claims*].  The plaintiff has the burden of

7    proving these claims.

8        The defendant denies those claims [and also contends that [*defendant's*

9    *counterclaims and/or affirmative defenses*]].  [The defendant has the burden of proof

10   on these [*counterclaims and/or affirmative defenses.*]]

11

12       [The plaintiff denies [*defendant's counterclaims and/or affirmative*

13   *defenses*].]

14

15

16

17

18

19

20

21

22

23

24

25

26   9<small>TH</small> C<small>IRCUIT</small> P<small>ATTERN</small> C<small>IVIL</small> J<small>URY</small> I<small>NSTRUCTIONS</small>, 1.2

27

28

1

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3</u>

2

3

4          When a party has the burden of proof on any claim [or affirmative defense]

5    by a preponderance of the evidence, it means you must be persuaded by the evidence

6    that the claim [or affirmative defense] is more probably true than not true.

7          You should base your decision on all of the evidence, regardless of which

8    party presented it.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS</u>, 1.3

27

28

1

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4</u>

2

3

        You should decide the case as to each defendant separately. Unless otherwise

4

stated, the instructions apply to all parties.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS</u>, 1.5

27

28

1

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5</u>

2

3

    The evidence you are to consider in deciding what the facts are consists of:

4

5

    1.    the sworn testimony of any witness;

6

    2.    the exhibits which are received into evidence; and

7

    3.    any facts to which the lawyers have agreed.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS</u>, 1.6

27

28

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 1.7

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 1.8

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

2

3
          There are rules of evidence that control what can be received into evidence.
4
5    When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the

6    other side thinks that it is not permitted by the rules of evidence, that lawyer may

7    object.  If I overrule the objection, the question may be answered or the exhibit

8    received.  If I sustain the objection, the question cannot be answered, and the exhibit
9
     cannot be received.  Whenever I sustain an objection to a question, you must ignore
10
11   the question and must not guess what the answer might have been.

12        Sometimes I may order that evidence be stricken from the record and that you

13   disregard or ignore the evidence.  That means that when you are deciding the case,

14
     you must not consider the evidence that I told you to disregard.
15

16

17

18

19

20

21

22

23

24

25

26
     9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 1.10
27

28

1    <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9</u>

2

3
          In deciding the facts in this case, you may have to decide which testimony to
4
believe and which testimony not to believe. You may believe everything a witness
5
says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the
6
number of witnesses who testify about it.
7
          In considering the testimony of any witness, you may take into account:
8
          (1) the opportunity and ability of the witness to see or hear or know the things
9
testified to;
10

11
          (2) the witness's memory;
12
          (3) the witness's manner while testifying;
13
          (4) the witness's interest in the outcome of the case and any bias or prejudice;
14

15
          (5) whether other evidence contradicted the witness's testimony;
16
          (6) the reasonableness of the witness's testimony in light of all the evidence;
17
and
18
          (7) any other factors that bear on believability.
19
          The weight of the evidence as to a fact does not necessarily depend on the
20
number of witnesses who testify about it.
21

22

23

24

25

26
     <u>9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS</u>, 1.11
27

28

1

<u>Plaintiff's Proposed Jury Instruction No. 10</u>

2

3

4
     I will now say a few words about your conduct as jurors.

5
     First, you are not to discuss this case with anyone, including members of your

6
family, people involved in the trial, or anyone else; this includes discussing the case

7
in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.

8
Nor are you allowed to permit others to discuss the case with you. If anyone

9
10
approaches you and tries to talk to you about the case, please let me know about it

11
immediately;

12
     Second, do not read or listen to any news stories, articles, radio, television, or

13
online reports about the case or about anyone who has anything to do with it;

14
     Third, do not do any research, such as consulting dictionaries, searching the

15
16
Internet or using other reference materials, and do not make any investigation about

17
the case on your own;

18
     Fourth, if you need to communicate with me simply give a signed note to the

19
[bailiff] [clerk] [law clerk] to give to me; and

20
     Fifth, do not make up your mind about what the verdict should be until after

21
22
you have gone to the jury room to decide the case and you and your fellow jurors

23
have discussed the evidence. Keep an open mind until then.

24
     Finally, until this case is given to you for your deliberation and verdict, you

25
are not to discuss the case with your fellow jurors.

26
<u>9th Circuit Pattern Civil Jury Instructions</u>, 1.12

27

28

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 11
2
3
          During deliberations, you will have to make your decision based on what you
4
5    recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay
6    close attention to the testimony as it is given.
7
          If at any time you cannot hear or see the testimony, evidence, questions or
8
     arguments, let me know so that I can correct the problem.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26   9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 1.13
27
28   PLAINTIFF'S PROPOSED JURY INSTRUCTIONS                              PAGE  - 14 -

1   <u>P</u>LAINTIFF'S <u>P</u>ROPOSED <u>J</u>URY <u>I</u>NSTRUCTION <u>N</u>O. 12

2

3

4          If you wish, you may take notes to help you remember the evidence. If you do

5   take notes, please keep them to yourself until you and your fellow jurors go to the

6   jury room to decide the case. Do not let note-taking distract you. When you leave,

7   your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

8   No one will read your notes.  They will be destroyed at the conclusion of the case.

9          Whether or not you take notes, you should rely on your own memory of the

10  evidence. Notes are only to assist your memory. You should not be overly influenced

11  by your notes or those of your fellow jurors.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  <u>9TH C</u>IRCUIT <u>P</u>ATTERN <u>C</u>IVIL <u>J</u>URY <u>I</u>NSTRUCTIONS, 1.14

27

28

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 1.18

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

2

3
       Trials proceed in the following way:  First, each side may make an opening
4
5    statement.  An opening statement is not evidence.  It is simply an outline to help you

6    understand what that party expects the evidence will show.  A party is not required to

7    make an opening statement.

8
       The plaintiff will then present evidence, and counsel for the defendant may
9
     cross-examine.  Then the defendant may present evidence, and counsel for the
10
11   plaintiff may cross-examine.

12      After the evidence has been presented, I will instruct you on the law that

13   applies to the case and the attorneys will make closing arguments.

14      After that, you will go to the jury room to deliberate on your verdict.

15

16

17

18

19

20

21

22

23

24

25

26   9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 1.19

27

28

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 15

2

3            The parties have agreed to certain facts [to be placed in evidence as Exhibit

4    __] [that will be read to you]. You should therefore treat these facts as having been

5

6    proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 2.2

27

28

1  <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16</u>

2

3

4          Evidence [will now be] [was] presented to you in the form of answers of one

5  of the parties to written interrogatories submitted by the other side.  These answers

6  [have been] [were] given in writing and under oath, before the actual trial, in

7  response to questions that were submitted in writing under established court

8  procedures.  You should consider the answers, insofar as possible, in the same way

9  as if they were made from the witness stand.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  <u>9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS</u>, 2.10

27

28

1     PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17

2

3

4         Some witnesses, because of education or experience, are permitted to state

5     opinions and the reasons for those opinions.

6         Opinion testimony should be judged just like any other testimony. You may

7     accept it or reject it, and give it as much weight as you think it deserves, considering

8     the witness's education and experience, the reasons given for the opinion, and all the

9     other evidence in the case.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26     9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 2.11

27

28

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 3.1

1    PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19

2

3
        If it becomes necessary during your deliberations to communicate with me,
4
5    you may send a note through the bailiff, signed by your presiding juror or by one or

6    more members of the jury.  No member of the jury should ever attempt to

7    communicate with me except by a signed writing; I will communicate with any
8
     member of the jury on anything concerning the case only in writing, or here in open
9
10   court.  If you send out a question, I will consult with the parties before answering it,

11   which may take some time.  You may continue your deliberations while waiting for

12   the answer to any question.  Remember that you are not to tell anyone—including

13   me—how the jury stands, numerically or otherwise, until after you have reached a
14
     unanimous verdict or have been discharged.  Do not disclose any vote count in any
15
16   note to the court.

17

18

19

20

21

22

23

24

25

26
     9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 3.2
27

28

1    P<small>LAINTIFF'S</small> P<small>ROPOSED</small> J<small>URY</small> I<small>NSTRUCTION</small> N<small>O.</small> 20

2

3
        A verdict form has been prepared for you.  [*Any explanation of the verdict*
4
*form may be given at this time.*]  After you have reached unanimous agreement on a
5
verdict, your presiding juror will fill in the form that has been given to you, sign and
6
date it, and advise the court that you are ready to return to the courtroom.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
        9<small>TH</small> C<small>IRCUIT</small> P<small>ATTERN</small> C<small>IVIL</small> J<small>URY</small> I<small>NSTRUCTIONS</small>, 3.3
27

28

1    <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21</u>

2

3

4         At this point I will give you a further instruction.  By giving a further

5    instruction at this time, I do not mean to emphasize this instruction over any other

6    instruction.

7         You are not to attach undue importance to the fact that this was read

8    separately to you.  You shall consider this instruction together with all of the other

9    instructions that were given to you.

10

11        [*Insert text of new instruction.*]

12        You will now retire to the jury room and continue your deliberations.

13                                **Comment**

14        Use this instruction for giving a jury instruction to a jury while it is

15   deliberating.  If the jury has a copy of the instructions, send the additional instruction

16   to the jury room.  Unless the additional instruction is by consent of both parties, both

17   sides must be given an opportunity to take exception or object to it.  If this

18   instruction is used, it should be made a part of the record. The judge and attorneys

19   should make a full record of the proceedings.

20

21        *See* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON

22   JURY TRIAL PROCEDURES, § 5.2.C (2004).

23

24

25

26   <u>9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS</u>, 3.4

27

28

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, emotional, pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 5.1

1

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23</u>

2

3

     If you find for the plaintiff, you may, but are not required to, award punitive

4

damages. The purposes of punitive damages are not to compensate a plaintiff, but to

5

6

punish a defendant and to deter a defendant and others from committing similar acts

7

in the future.

8

     The plaintiff has the burden of proving that punitive damages should be

9

awarded, and the amount, by a preponderance of the evidence. You may award

10

11

punitive damages only if you find that the defendant's conduct was malicious,

12

oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it

13

is accompanied by ill will, or spite, or if it is for the purpose of injuring another.

14

Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it

15

reflects complete indifference to the plaintiff's safety or rights, or the defendant acts

16

in the face of a perceived risk that its actions will violate the plaintiff's rights under

17

18

federal law.  An act or omission is oppressive if the person who performs it injures or

19

damages or otherwise violates the rights of the plaintiff with unnecessary harshness or

20

severity, such as by the misuse or abuse of authority or power or by the taking

21

advantage of some weakness or disability or misfortune of the plaintiff.

22

23

     If you find that punitive damages are appropriate, you must use reason in

24

setting the amount.  Punitive damages, if any, should be in an amount sufficient to

25

fulfill their purposes but should not reflect bias, prejudice or sympathy toward any

26

party.  In considering punitive damages, you may consider the degree of

27

28

reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against the Municipality.  You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.  Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 5.5

1    <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24</u>

2

3
        The law which applies to this case authorizes an award of nominal damages.
4
If you find for the plaintiff but you find that the plaintiff has failed to prove damages
5
as defined in these instructions, you must award nominal damages.  Nominal damages
6
may not exceed one dollar.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    <u>9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS</u>, 5.6

27

28

1

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25</u>

2

3

      The plaintiff, Carolyn Mitchell, claims that she suffered harm because of False

4

Arrest, Intentional Infliction of Emotional Distress, and Defamation, and wants

5

payment from Ross Henikman and/or Justin Voss for her loss.  The plaintiff also

6

claims that Anchorage Police Department is redundant legally responsible for the

7

harm she suffered, because Ross Henikman and Justin Voss are the employees of the

8

9

Anchorage Police Department.

10

      I will first tell you under what circumstances Ross Henikman and/or Justin

11

Voss may have to pay for the damage caused by their own acts.  Then I will tell you

12

under what circumstances the Anchorage Police Department  may be held legally

13

responsible for the same damages.

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>ALASKA PATTERN CIVIL JURY INSTRUCTION</u>, 23.01A

27

28

1

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26</u>

2

3

       In this case, Carolyn Mitchell claims that the defendants Ross Henikman and

4

5

Justin Voss, police officers for Anchorage Police Department, improperly arrested

6

her.

7

       Prior to trial, this Court determined, as a matter of law, that Carolyn Mitchell

8

has proven her claim of false arrest against defendants Ross Henikman and Justin

9

Voss, police officers for Anchorage Police Department.

10

11

       As part of its decision, this Court determined, as a matter of law, that Ross

12

Henikman and Justin Voss:

13

       (1) Arrested Carolyn Mitchell, without an arrest warrant, and without probable

14

cause; and

15

       (2) Ross Henikman and Justin Voss did not have legal authority to arrest

16

Carolyn Mitchell, without an arrest warrant, and without probable cause.

17

18

       As a result of the Court pretrial determination, you must return a verdict for

19

Carolyn Mitchell on her claim of False Arrest against defendants Ross Henikman and

20

Justin Voss, both police officers for Anchorage Police Department.

21

22

23

24

25

26

<u>ALASKA PATTERN CIVIL JURY INSTRUCTION</u>, 15.03A

27

28

1    <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27</u>

2

3

4         Carolyn Mitchell claims that the conduct of defendants, Ross Henikman

5    and/or Justin Voss, conduct caused her to suffer severe emotional distress. To

6    establish this claim, Carolyn Mitchell must prove all of the following:

7         1.    That the conduct of defendants, Ross Henikman and/or Justin Voss, was

8    outrageous, or that defendants Ross Henikman and/or Justin Voss acted with reckless

9    disregard of the probability that Carolyn Mitchell would suffer emotional distress;

10

11        2.    That Carolyn Mitchell suffered severe emotional distress; and

12        3.    That the conduct of defendants, Ross Henikman and/or Justin Voss, was

13   a substantial factor in causing Carolyn Mitchell's severe emotional distress.

14

15

16

17

18

19

20

21

22

23

24

25

26   <u>CALIFORNIA PATTERN CIVIL JURY INSTRUCTION</u>, 1600

27

28   <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>                     PAGE - 31 -

1   <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28</u>

2

3
       "Outrageous conduct" is conduct so extreme that it goes beyond all possible
4
   bounds of decency. Conduct is outrageous if a reasonable person would regard the
5
   conduct as intolerable in a civilized community. Outrageous conduct does not include
6
   trivialities such as indignities, annoyances, hurt feelings, or bad manners that a
7
8   reasonable person is expected to endure.

9
       In deciding whether the conduct of Ross Henikman and/or Justin Voss was
10
   outrageous, you may consider, among other factors, the following:
11

12       (a)   Whether Ross Henikman and/or Justin Voss abused a position of

13   authority or a relationship that gave them real or apparent power to affect Carolyn

14   Mitchell's interests;
15
         (b)   Whether Ross Henikman and/or Justin Voss knew that Carolyn Mitchell
16
   was particularly vulnerable to emotional distress; and
17

18       (c)   Whether Ross Henikman and/or Justin Voss knew that their conduct

19   would likely result in harm due to mental distress.

20

21

22

23

24

25

26   <u>CALIFORNIA PATTERN CIVIL JURY INSTRUCTION</u>, 1602

27

28

1  <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29</u>

2

3

    Defendants Ross Henikman and/or Justin Voss acted with reckless disregard
4
in causing Carolyn Mitchell emotional distress if:
5

6        1.    Ross Henikman and/or Justin Voss knew that emotional distress would

7  probably result from their conduct; or

8        2.    Ross Henikman and/or Justin Voss gave little or no thought to the

9  probable effects of their conduct.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  <u>CALIFORNIA PATTERN CIVIL JURY INSTRUCTION</u>, 1603

27

28

1    <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30</u>

2

3
        Emotional distress includes suffering, anguish, fright, horror, nervousness,
4
grief, anxiety, worry, shock, humiliation, and shame.
5
        "Severe emotional distress" is not mild or brief; it must be so substantial or
6
7    long lasting that no reasonable person in a civilized society should be expected to bear

8    it.  Carolyn Mitchell is not required to prove physical injury to recover damages for
9
severe emotional distress.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
     <u>CALIFORNIA PATTERN CIVIL JURY INSTRUCTION</u>, 1604
27

28

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31


Carolyn Mitchell claims that defendants Ross Henikman and Justin Voss harmed her by making the following statement, or observable conduct: implying that they had probable cause to arrest Carolyn Mitchell, when they pointed weapons at her, handcuffed her, falsely arrested her, and held her in custody along a busy intersection where people could see her. To establish this claim, Carolyn Mitchell must prove all of the following:


LIABILITY

1.    That Ross Henikman and/or Justin Voss made the statement, or observable conduct, to persons other than Carolyn Mitchell;

2.    That these people reasonably understood that the statement, or observable conduct, was about Carolyn Mitchell;

3.    That these people reasonably understood the statement, or observable conduct, to mean that Carolyn Mitchell had committed a crime, or that probable cause existed to believe that she had committed a crime;

4.    That the statement, or observable conduct, was false; and

5.    That Ross Henikman and/or Justin Voss failed to use reasonable care to determine the truth or falsity of the statement, or observable conduct.

1

ACTUAL DAMAGES

2

3    If Carolyn Mitchell has proved all of the above, then she is entitled to recover

4    if she proves that Ross Henikman and/or Justin Voss's wrongful conduct was a

5    substantial factor in causing any of the following actual damages:

6        a.    Harm to Carolyn Mitchell's property, business, trade, profession, or

7    occupation;

8        b.    Expenses Carolyn Mitchell had to pay as a result of the defamatory

9    statements;

10

11        c.    Harm to Carolyn Mitchell's reputation; or

12        d.    Shame, mortification, or hurt feelings.

13

14    NOMINAL DAMAGES

15

16    If Carolyn Mitchell has failed to prove any of the above actual damages but

17    proves by clear and convincing evidence that Ross Henikman and/or Justin Voss

18    knew the statement, or observable conduct, was false or that they had serious doubts

19    about the truth of the statement, or observable conduct, then the law assumes that

20    Carolyn Mitchell's reputation has been harmed.

21

22    Without further evidence of damage, Carolyn Mitchell is entitled to a nominal

23    sum such as one dollar or such greater sum as you believe is proper for the assumed

24    harm to her reputation under the circumstances of this case.

25

26

27

28

PUNITIVE DAMAGES

Carolyn Mitchell may also recover damages to punish Ross Henikman and/or Justin Voss if she proves by clear and convincing evidence that Ross Henikman and/or Justin Voss either knew the statement, or observable conduct, was false or had serious doubts about the truth of the statement, or observable conduct, and that either acted with malice, oppression, or fraud.

"Malice" means that Ross Henikman and/or Justin Voss acted with intent to cause injury or that their conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Ross Henikman and/or Justin Voss's conduct was despicable and subjected Carolyn Mitchell to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Ross Henikman and/or Justin Voss intentionally misrepresented or concealed a material fact and did so intending to deprive Carolyn Mitchell of property or of a legal right or otherwise to cause her injury.

CALIFORNIA PATTERN CIVIL JURY INSTRUCTION, 1702

1

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32</u>

2

3

      If you decide that the harm plaintiff suffered was to any extent legally caused

4

by Ross Henikman and/or Justin Voss's conduct of False Arrest, Intentional Infliction

5

of Emotional Distress, and/or Defamation, you then must consider whether Anchorage

6

Police Department is legally responsible for the same harm she suffered.  On the other

7

hand, if you decide Ross Henikman and/or Justin Voss was not legally responsible,

8

9

you must return a verdict in favor of Anchorage Police Department, as well as one in

10

favor of Ross Henikman and/or Justin Voss.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>ALASKA PATTERN CIVIL JURY INSTRUCTION</u>, 23.02

27

28

1

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33</u>

2

3

     I will tell you when the law will hold Anchorage Police Department

4

responsible for the acts of Ross Henikman and/or Justin Voss.

5

     The law holds the Anchorage Police Department responsible if Ross

6

Henikman and/or Justin Voss's acts were within the reasonable scope of what Ross

7

Henikman and/or Justin Voss reasonably believed he was asked to do by the

8

Anchorage Police Department and agreed to do.

9

10

     You might want to consider some factors that I will give you in deciding

11

whether they were within this scope.  If you find that the factors I will mention apply

12

to this case, this may suggest that the acts were within the scope that I have described.

13

If you find that they do not apply, this may suggest that the acts were outside the

14

scope.  These are the factors:

15

16

     a)    the acts of Ross Henikman and/or Justin Voss were the kind or similar to

17

the kind requested by the Anchorage Police Department;

18

     b)    the acts of Ross Henikman and/or Justin Voss's occurred substantially

19

when they were requested;

20

21

     c)    the purpose of Ross Henikman and/or Justin Voss's acts was to serve the

22

Anchorage Police Department, not his own benefit;

23

     d)    the acts of Ross Henikman and/or Justin Voss did in fact serve the

24

Anchorage Police Department;

25

26

     e)    the acts of Ross Henikman and/or Justin Voss were similar to acts done

27

28

by the Anchorage Police Department or by other persons working for the Anchorage

Police Department;

      f)    the acts of Ross Henikman and/or Justin Voss reasonably would have

been expected by the Anchorage Police Department;

      g)    the acts of Ross Henikman and/or Justin Voss were done with equipment

provided by the Anchorage Police Department;

      h)    Ross Henikman and/or Justin Voss did things usually required by the

Anchorage Police Department of people working for it;

      i)    the acts of Ross Henikman and/or Justin Voss were similar to other acts

authorized by the Anchorage Police Department or reasonably related to other acts

authorized by the Anchorage Police Department;

      j)    the acts were reasonably necessary to accomplish something that the

Anchorage Police Department had requested or required;

      k)    the acts of Ross Henikman and/or Justin Voss usually are done in

connection with the acts requested by the Anchorage Police Department;

      l)    the acts of Ross Henikman and/or Justin Voss were limited by

instructions from the Anchorage Police Department;

      m)    the acts of Ross Henikman and/or Justin Voss were closely related to

those actually requested or authorized by the Anchorage Police Department;

      n)    Ross Henikman and/or Justin Voss stayed closed to the route normally

taken by him or others while in the service of the Anchorage Police Department; and

o)    the acts of Ross Henikman and/or Justin Voss were those which are commonly done by people seeking to accomplish similar goals.

You may, of course, also use any other factors that help you decide.

If you decide that it is more likely than not that Ross Henikman and/or Justin Voss's acts were within the reasonable scope of what Ross Henikman and/or Justin Voss reasonably believed he was asked to do by the Anchorage Police Department and agreed to do, then the Anchorage Police Department is legally responsible for the acts of Ross Henikman and/or Justin Voss.  Otherwise, he is not legally responsible for those acts under this instruction.

ALASKA PATTERN CIVIL JURY INSTRUCTION, 23.04 A

1

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34

2

3

       The plaintiff Carolyn Mitchell brings a claim under the federal statute, 42

4

U.S.C. § 1983, which provides that any person or persons who, under color of law,

5

deprives another of any rights, privileges, or immunities secured by the Constitution

6

or laws of the United States shall be liable to the injured party.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 9.1

27

28

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35

In order to prevail on her § 1983 claim against the defendant Ross Henikman and/or Justin Voss, the plaintiff, Carolyn Mitchell must prove each of the following elements by a preponderance of the evidence:

    1.  the defendants, Ross Henikman and/or Justin Voss, acted under color of law; and

    2.  the acts of the defendants, Ross Henikman and/or Justin Voss, deprived the plaintiff, Carolyn Mitchell of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

The parties have stipulated that the defendants, Ross Henikman and/or Justin Voss, acted under color of law.

If you find that Carolyn Mitchell proved each of these elements, and if you find that the Carolyn Mitchell has proved all the elements she is required to prove under Instruction [***specify the  instruction[s] that deal with the particular right[s]***], your verdict should be for the Carolyn Mitchell.  If, on the other hand, Carolyn Mitchell has failed to prove any one or more of these elements, your verdict should be for the defendants Ross Henikman and/or Justin Voss .

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 9.2

1    <u>Plaintiff's Proposed Jury Instruction No. 36</u>

2

3

4    In order to prevail on her § 1983 claim against the supervisory defendant,

5    Walter Monegan, the plaintiff, Carolyn Mitchell, must prove each of the following

6    elements by a preponderance of the evidence:

7        1.    the defendant, Walter Monegan, acted under color of law;

8        2.    the acts of the Walter Monegan's subordinates, defendants, Ross

9    Henikman and/or Justin Voss, deprived Carolyn Mitchell of her particular rights

10

11   under the United States Constitution as explained in later instructions; and

12       3.    the defendant, Walter Monegan, directed his subordinates, defendants,

13   Ross Henikman and/or Justin Voss, in the acts that deprived the plaintiff of these

14   rights.

15                                        *or*

16

17        the defendant, Walter Monegan, set in motion a series of acts by his

18   subordinates, defendants, Ross Henikman and/or Justin Voss, that he knew or

19   reasonably should have known would cause the subordinates to deprive Carolyn

20   Mitchell of these rights.

21

22        A person acts "under color of law" when the person acts or purports to act in

23   the performance of official duties under any state, county, or municipal law,

24   ordinance, or regulation.

25        The parties have stipulated that the defendant, Walter Monegan, acted under

26   color of law.

27

28   <u>Plaintiff's Proposed Jury Instructions</u>                           <u>Page  - 44 -</u>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   If you find the plaintiff, Carolyn Mitchell, has proved each of these elements,

and if you find that the plaintiff has proved all the elements she is required to prove

under Instruction [***specify the instruction[s] that deal with the particular right[s]***],

your verdict should be for the Carolyn Mitchell.  If, on the other hand, Carolyn

Mitchell has failed to prove any one or more of these elements, your verdict should be

for the defendant, Walter Monegan.

9ᵀᴴ Cɪʀᴄᴜɪᴛ Pᴀᴛᴛᴇʀɴ Cɪᴠɪʟ Jᴜʀʏ Iɴsᴛʀᴜᴄᴛɪᴏɴs, 9.3

1    <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 37</u>

2

3

4          In order to prevail on her § 1983 claim against defendant Municipality of

5    Anchorage alleging liability based on the act of a final policymaker, the Carolyn

6    Mitchell must prove each of the following elements by a preponderance of the

7    evidence:

8          1.    Walter Monegan acted under color of law;

9
           2.    the acts of Walter Monegan deprived the plaintiff, Carolyn Mitchell, of
10
     her particular rights under the United States Constitution, as explained in later
11
     instructions;
12
           3.    Walter Monegan had final policymaking authority from defendant
13

14   Municipality of Anchorage concerning these acts; and

15         4.    when Walter Monegan engaged in these acts, he was acting as a final

16   policymaker for defendant, Municipality of Anchorage.

17
           A person acts "under color of law" when the person acts or purports to act in
18
     the performance of official duties under any state, county, or municipal law,
19

20   ordinance, or regulation.

21         The parties have stipulated that the defendant, Municipality of Anchorage's

22
     employees, Ross Henikman and/or Justin Voss, acted under color of law.
23

24         I instruct you that Walter Monegan had final policymaking authority from

25   defendant Municipality of Anchorage concerning the acts at issue and, therefore, the

26   third element requires no proof.

27

28

1

2

3

4

5

6

7

8

       If you find the plaintiff, Carolyn Mitchell, has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction [***specify the instruction[s] that deal with the particular right[s]***], your verdict should be for the Carolyn Mitchell.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant, Municipality of Anchorage.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

9ᵀᴴ Cɪʀᴄᴜɪᴛ Pᴀᴛᴛᴇʀɴ Cɪᴠɪʟ Jᴜʀʏ Iɴsᴛʀᴜᴄᴛɪᴏɴs, 9.5

27

28

1    <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 38</u>

2

3

4          In order to establish that the acts of the defendants, Ross Henikman and/or

5    Justin Voss, and/or Walter Monegan, and/or Municipality of Anchorage, deprived the

6    plaintiff, Carolyn Mitchell, of her particular rights under the United States

7    Constitution as explained in later instructions, the plaintiff, Carolyn Mitchell, must

8    prove by a preponderance of the evidence that the acts were so closely related to the

9    deprivation of the plaintiff's rights as to be the moving force that caused the ultimate

10   injury.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   <u>9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS</u>, 9.8

27

28

1    <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 39</u>

2

3
      As previously explained, the plaintiff, Carolyn Mitchell, has the burden to
4

5    prove that the acts of the defendants, Ross Henikman and/or Justin Voss, deprived the

6    plaintiff of particular rights under the United States Constitution.  In this case, the

7    laintiff, Carolyn Mitchell, alleges the defendants, Ross Henikman deprived her of her

8    rights under the Fourth Amendment to the Constitution when searched her person,
9
     and emptied the contents of her purse while conducting a warrantless arrest of
10
11   Carolyn Mitchell.

12        Under the Fourth Amendment, a person has the right to be free from an

13   unreasonable search of her person, and her purse.  In order to prove the defendant

14   Ross Henikman deprived Carolyn Mitchell of this Fourth Amendment right, the
15
     plaintiff must prove the following additional elements by a preponderance of the
16
17   evidence:

18        1.    Ross Henikman searched the plaintiff, Carolyn Mitchell's person, and

19   purse;

20        2.    in conducting the search, Ross Henikman acted intentionally; and
21
          3.    the search was unreasonable.
22

23        A person acts "intentionally" when the person acts with a conscious objective

24   to engage in particular conduct.  Thus, the plaintiff, Carolyn Mitchell, must prove the

25   defendant, Ross Henikman, meant to search the plaintiff's person, and purse.

26   Although the plaintiff does not need to prove the defendant intended to violate the
27

28   <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>                              PAGE  - 49 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the

defendant acted negligently, accidentally or inadvertently in conducting the search.

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 9.11

1

<u>Plaintiff's Proposed Jury Instruction No. 40</u>

2

3

4      As previously explained, the plaintiff, Carolyn Mitchell, has the burden to

5 prove that the acts of the defendants, Ross Henikman and/or Justin Voss, deprived the

6 plaintiff of particular rights under the United States Constitution.  In this case, the

7 plaintiff, Carolyn Mitchell, alleges the defendants, Ross Henikman and/or Justin

8 Voss, deprived her of her rights under the Fourth Amendment to the Constitution

9

10 when these police officers for the Anchorage Police Department, stopped, handcuffed,

11 and arrested her, without an arrest warrant, and without probable cause.

12      Under the Fourth Amendment, a person has the right to be free from an

13 unreasonable seizure of her person.  In order to prove the defendants, Ross Henikman

14 and/or Justin Voss, deprived the plaintiff of this Fourth Amendment right, the plaintiff

15

16 must prove the following additional elements by a preponderance of the evidence:

17      1.    Ross Henikman and/or Justin Voss, seized the plaintiff, Carolyn

18 Mitchell's person;

19      2.    in seizing the plaintiff, Carolyn Mitchell's person, the defendants, Ross

20 Henikman and/or Justin Voss, acted intentionally; and

21

22      3.    the seizure was unreasonable.

23      A defendant "seizes" the plaintiff's person when he restrains the plaintiff's

24 liberty by physical force or a show of authority.  A person's liberty is restrained when,

25 under all of the circumstances, a reasonable person would not have felt free to ignore

26 the presence of law enforcement officers and to go about her business.

27

28  <small>Plaintiff's Proposed Jury Instructions</small>                                         <small>Page - 51 -</small>

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including

1.   the number of officers present;

2.   whether weapons were displayed;

3.   whether the encounter occurred in a public or nonpublic setting;

4.   whether the officer's manner would imply that compliance would be compelled; and

5.   whether the officers advised the plaintiff that she was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to engage in the acts that caused a seizure of the plaintiff's person. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 9.18

1

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41</u>

2

3

        In general, a seizure of a person by arrest without a warrant is reasonable if the

4

arresting officers had probable cause to believe the plaintiff has committed or was

5

committing a crime.

6

        In order to prove the seizure in this case was unreasonable, the plaintiff must

7

8

prove by a preponderance of the evidence that she was arrested without probable

9

cause.

10

        "Probable cause" exists when, under all of the circumstances known to the

11

officers at the time, an objectively reasonable police officer would conclude there is a

12

fair probability that the plaintiff has committed or was committing a crime.

13

14

15

9TH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 9.20

16

17

        Respectfully submitted this 16th  day of June 2008.

18

19

                              S/  Isaac Zorea
20

                             Law Offices of Isaac D Zorea
21

                             P.O. Box 210434
                             Anchorage, AK 99521
22

                             907-830-1385
                             907-677-3779
23

                             Eyedz@gci.net
24

25

26

27

28

1

2            <u>Certificate of Service</u>

3    I hereby certify that on June 16, 2008
     I electronically filed the foregoing with
4    the Clerk of Court using the CM/ECF
     system which sent notification to the
5    following:

6
             Joyce Weaver Johnson
7

8    and I hereby certify that I have mailed by
     United States Postal Service the document
9    to the following non CM/ECF participants:

10           none.

11
     Dated this 16ᵗʰ day of June 2008, at Anchorage, Alaska.
12
      S/ Isaac Zorea
13      Law Offices of Isaac D Zorea
        P.O. Box 210434
14      Anchorage, AK 99521
15    907-830-1385
       907-677-3779
16    Eyedz@gci.net

17

18

19

20

21

22

23

24

25

26

27

28   <small>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</small>                    <small>PAGE - 54 -</small>