Elizabeth D. Friedman
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANCHORAGE POLICE DEPARTMENT and ) <br> the MUNICIPALITY OF ANCHORAGE, a ) <br> municipal corporation, WALTER MONEGAN, ) <br> Officer HENIKMAN, and Officer J. VOSS, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:05-cv-00273-JWS |

**DEFENDANTS' BRIEFING ON "OFFICIAL IMMUNITY"
IN RESPONSE TO THE COURT'S REQUEST**

At the June 25, 2008 pre-trial conference, the court requested Defendants file a responsive pleading to Plaintiff's claim that "official immunity" under Alaska Supreme Court rulings is applicable only to actions by State, not Municipal actors. Plaintiff mistakenly contends that the Defendants misunderstand Alaska immunity defenses.

Alaska statutes provide immunity for state and municipal actors under separate statutory authority. But, the Alaska Supreme Court has applied the same analysis and same terminology -- "official immunity" – for municipal immunity (AS 09.65.070) and state immunity for operational functions under (AS 09.50.250).

A.  **THE ALASKA SUPREME COURT USES THE TERM "OFFICIAL IMMUNITY" WHEN ANALYZING DISCRETIONARY ACTS WITHIN THE SCOPE OF A PUBLIC SERVANT'S AUTHORITY.**

The Alaska Supreme Court uses the term "official immunity" for both state and municipal government employees. In *Estate of Logusak ex rel. Logusak v. City of Togiak* WL 2389471(Alaska 2008), the court explained the terminology:

> Alaska Statute 09.65.070 exempts municipalities from civil liability for claims 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty by a municipality or its agents ... whether or not the discretion involved is abused.' This statutory grant of immunity, which we previously characterized as "**discretionary function official immunity**," [*footnote omitted*] is a type of qualified immunity. [*footnote omitted*] Under this qualified immunity, "a public official is shielded from liability ... when discretionary acts within the scope of the official's authority are done in good faith and are not malicious or corrupt." [*footnote omitted*] We have previously described discretionary functions as actions that require 'personal deliberation, decision, and judgment.'

"Official immunity" is described in *Pauley v. Anchorage School District*, 31 P.3d 1284, 1286 (Alaska 2001) where the Court examined actions of municipal school district employees.

In cases involving State of Alaska public servants, the Alaska Supreme Court also uses the term "official immunity" and the same test – whether the Trooper or social worker was exercising personal deliberation, decision making and judgment during the

action at issue in the litigation. *Smith v. Stafford*, 2008 WL 540181 (Alaska 2008) involved actions by State social workers and *Prentzel v. State, Dept. of Public Safety*, 53 P.3d 587 (Alaska 2002) involved actions by Alaska State Troopers.

### B.   THE JURY SHOULD BE INSTRUCTED ON "OFFICIAL IMMUNITY" UNDER ALASKA LAW FOR FINDINGS ON THE ALASKA TORTS.

The jury will be making findings on the common law torts of intentional infliction of emotional distress and defamation as well as the federal Section 1983 claims. The Alaska definition of "official immunity" focuses the jury's attention on the "deliberation, decision and judgments" that the public servant is making. The actions of the Anchorage police officers facing a suspect in an armed robbery should be judged by the process of deliberation, judgment and decisions they made under the circumstances. The Defendants' proposed jury instruction is taken directly from Alaska case law and should be given to the jury.

### CONCLUSION

Alaska case law utilizes the term "official immunity" as a gloss for the type of discretionary immunity applied to public servants such as police officers when analyzing the decisions made in the course of their official duties. The Defendants urge the court to use definitions from Alaska law to instruct the jury for the immunity defense to the common law torts.

Respectfully submitted this 27th day of June, 2008.

    JAMES N. REEVES
    Municipal Attorney

By: s/ Elizabeth D. Friedman
    Municipal Attorney's Office
    P.O. Box 196650
    Anchorage, Alaska 99519-6650
    Phone: (907) 343-4545
    Fax: (907) 343-4550
    E-mail: uslit@muni.org
    Alaska Bar No. 9306027

The undersigned hereby certifies that on 06/27/08 a true and correct copy of the *Defendants' Briefing on "Official Immunity"* was served on:

Isaac D. Zorea
Moshe C. Zorea

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office