UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL,        )<br>                          )<br>    Plaintiff,         )<br>                          )<br>    vs.                   )<br>                          )<br>ANCHORAGE POLICE DEPARTMENT, )<br>et al.,                   )<br>                          )<br>    Defendants.        )<br>_____) | 3:05-cv-00273 JWS<br><br>ORDER FROM CHAMBERS |

    During the pre-trial conference, the court advised the parties that, contrary to the position advocated by plaintiff, the court did not consider its determination of the state law false arrest claim on summary judgment to be determinative of plaintiff's Fourth Amendment claim brought under 42 U.S.C. § 1983. The court explained that this was so because plaintiff had failed to raise the § 1983 claim in a motion for summary judgment. At plaintiff's request, the court permitted the parties to submit citations to cases which either side thought bore upon the validity of the court's position. Plaintiff has done so. Cases she believes to be on point are cited in her submission filed at docket 127.

    The cases cited do stand for the proposition that an arrest without probable cause is a violation of the Fourth Amendment. However, the cases do **not** address the basis for the court's position which flows directly from the parties' incomplete pre-trial motion practice. Plaintiff did not ask the court to award her summary judgment on her Fourth Amendment claim. The omission has created a situation in which neither the court nor the jury would actually pass on the merits of that claim if the court were to treat its ruling on the state law false arrest claim to be the equivalent of a ruling on the Fourth

Amendment claim.  The elimination of any focused review of the merits of the federal claim requested by plaintiff would be compounded by defendants' inexplicable failure to make a timely qualified immunity motion, a matter which perforce has been left for resolution at trial.

The court declines to alter the position taken at the final pre-trial conference. DATED this 29th day of June 2008.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE