UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL,           ) | |
|                             ) | 3:05-cv-00273 JWS |
| Plaintiff,           ) | |
|                             ) | |
| vs.                         ) | ORDER AND OPINION |
|                             ) | |
| ANCHORAGE POLICE DEPARTMENT, ) | [RE:   State Law Issues] |
| *et al.*,                   ) | |
|                             ) | |
| Defendants.          ) | |
|                             ) | |

The parties have not made an entirely adequate presentation of issues surrounding any immunity which might be applicable to defendants' conduct in this case. The court is also not certain it fully understands the parties' positions on the potential state law liability of any defendants other than officers Henikman and Voss. With respect to the single federal law claim – violation of the Fourth Amendment, this court is adequately apprised of applicable principles by virtue of its familiarity with federal law dealing with immunity and the liability of municipalities.[1]

With respect to the state law claims, the court here sets out its views and invites the parties to respond. A hearing for the purpose of considering the parties' responses to the court's views will be held at 8:00 AM on July 2, 2008. The court will allow each side no more than 10 minutes to advise the court of its position on the issues discussed below.

**A. Immunity Under State Law**

Alaska law provides immunity for certain actions by the state which is codified at

---

[1] The seminal case on municipal liability under 42 U.S.C. § 1983 is, of course, *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978).

AS 09.50.250.[2]  This immunity provision reflects the concept of sovereign immunity.[3] The Alaska Supreme Court has held that this statute does not provide immunity to municipalities.[4]  However, another provision of state law, AS 09.65.070, does provide immunity to municipalities and their employees.  It is useful to compare the two statutes when attempting to ascertain the extent of the immunity created by AS 09.65.070.

To begin with it may be observed that both statutes contain an exception to liability for tort claims where the act or omission constitutes a discretionary act. Immunity for discretionary acts is expressed in identical language in both statutes.[5] Next, it may be observed that the state immunity statute includes a provision which the municipal liability statute does not, and it is one of particular relevance here.  In the state immunity statute, an exception to liability is made for any claim which "arises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."[6] The municipal immunity statute contains no comparable provision.

It is also appropriate to note that the discretionary function exemption from liability found in both state statutes is patterned after 28 U.S.C. § 2680(a) which is the corresponding provision in the Federal Tort Claims Act.[7]  Justice Rabinowitz explained in *State v. I'Anson*[8] that, as does federal law, Alaska law uses the planning-operational test to determine whether an act or omission falls within or without the discretionary function exemption to liability.  In *I'anson*, the Alaska court held that state employees' acts in placing highway road signs and striping were operational, not planning activities.

---

[2]Originally enacted as § 26.01 ch. 101 SLA 1962.

[3]*State v. Abbott*, 498 P.2d 712 (Alaska 1972).

[4]*State v. Jennings*, 555 P.2d 248, 251 (Alaska 1976).

[5]*Compare*  AS 09.50.250 (1) and AS 09.65.070 (d)(2).

[6]AS 09.50.250 (3).

[7]*Abbot*, 498 P.2d 717.

[8]529 P.2d 188, 193-94 (Alaska 1974).

The court said: "In our view functions of this nature do not involve broad basic policy decisions which come within the 'planning' category of decisions which are expressly entrusted to a coordinate branch of government."[9]

Consideration of Alaska cases such as *I'Anson* articulating the kinds of acts which are "operational" together with application of the elementary principle of statutory construction that different provisions in the same statute should not be construed to render one provision surplusage, leads to the conclusion that claims for false arrest, libel, or slander (among other specified acts) are not matters which fall into the discretionary function exception to liability in AS 09.50.250 (1). Rather, the only reason that claims based on such acts are barred reposes in AS 09.50.250(3).

There is no reason to construe the language in AS 09.65.070 (d)(2) more broadly than the identical language in AS 09.50.250 (1), particularly in light of the long standing principle that liability is the norm and immunity the exception to claims against government entities in Alaska.[10] With no provision corresponding to AS 09.50.250 (3) to be found in AS 09.65.070, there is no state law immunity for municipalities and their employees for torts such as false arrest and defamation.

The court has already determined that the false arrest claims against defendants Henikman and Voss have merit. With respect to the state law claims against Henikman and Voss for defamation and intentional infliction of emotional distress ("IIED"), the preceding analysis establishes that they have no statutory immunity. The availability of immunity on the § 1983 claim will be controlled by principles of federal law applicable to such claims.

The last aspect of state immunity law which needs to be fleshed out is whether it is a question for the court or for the jury. The court has little trouble concluding that where the facts are not in dispute it is a question of law for the court, but where the availability of immunity turns upon facts which are disputed, the disputed issue of fact

---

[9] *Id.*

[10] In *Abbott*, the seminal case on governmental immunity in Alaska, the Supreme Court clearly approved this principle as it was articulated by Justice Traynor in *Muskopf v. Corning Hospital Dist.* 359 P.2d 457, 462 (California 1968). *Abbott*, 498 P.2d at 720.

must be submitted to the jury.[11]

It deserves emphasis that determining the availability of both federal and state immunity has not been reserved for determination at trial in this case because this court has made a finding that immunity necessarily turns on disputed issues of material fact. Rather, the availability of immunity remains to be resolved at trial because defendants failed to ask the court to determine the issue until long after the time for pre-trial motions had expired, and the time for trial was at hand.

### B. Other State Law Issues

Defendant Monegan could be liable on the state law claims only if plaintiffs can prove that Monegan's own act or omission in his capacity as their supervisor caused Henikman and Voss to act as they did, for a supervisory employee may be liable for the torts of his subordinates where his own action is in violation of a duty owed to the injured person.[12] However, if the action taken or omitted by Monegan falls within the discretionary function exception, then Monegan would be entitled to immunity under AS 09.65.070(d)(2).[13] The Anchorage Police Department and the Municipality of Anchorage of which it is a part (jointly "Anchorage") could be liable on a theory of *respondeat superior* on the false arrest, defamation, and IIED claims if Henikman and Voss were acting within the scope of their employment.[14] *Respondeat superior* liability would not be subject to an immunity defense, because liability on that theory implicates no act or omission beyond the acts or omissions of Henikman and Voss themselves which are not entitled to such immunity.

Anchorage cannot be liable under Alaska law for punitive damages, because there is no statute explicitly allowing such a recovery in this case.[15] On the other hand,

---

[11] *Crawford v. Kemp*, 139 P.3d 1249 (Alaska 2006).

[12] *Ransom v. Haner*, 362 P.2d 282 (Alaska 1961).

[13] *Prentzel v. State Dept. of Public Safety*, 53 P.2d 587, 592 (Alaska 2002).

[14] *Taranto v. North Slope Borough*, 909 P.2d 354 (Alaska 1996).

[15] *Hazen v. Municipality of Anchorage*, 718 P. 2d 456, 465-66 (Alaska 1986).

if sufficiently reprehensible conduct by Monegan can be proved, then he could be liable for punitive damages, just as Henikman and Voss could be liable for punitive damages given proof by clear and convincing evidence of their own conduct rising to the requisite level of reprehensibility.[16]

DATED this 29th day of June 2008.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[16] *Alaska Housing Finance Corp. v. Salvucci*, 950 P.2d 1116, 1124 (Alaska 1997).