IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CAROLYN MITCHELL,           )
                                       )
                Plaintiff,     )       3:05-cv-273 JWS
                                       )
       v.                    )
                                       )
MUNICIPALITY OF ANCHORAGE,    )
et al.,                            )
                                       )
                Defendants.   )
_____)

**JURY INSTRUCTIONS**

## INSTRUCTION NO. 1

Duty of Jury

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 2**

Burden of Proof—Preponderance of the Evidence

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 3

Two or More Parties - Different Legal Rights

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 4

What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.

## INSTRUCTION NO. 5

What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. 6

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 7**

Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. Whenever I have sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Where I have ordered that evidence not be considered, you must not consider that evidence when you are deciding the case.

## INSTRUCTION NO. 8

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**INSTRUCTION NO. 9**

Stipulations of Fact

You will recall that the parties agreed that certain facts are true. I read those facts to you at the beginning of the trial. You should accept those facts as true. What significance to give any of those facts is for you to determine.

## INSTRUCTION NO. 10

### False Arrest Claims Against Defendants Henikman and Voss

In this case, plaintiff Carolyn Mitchell claims that the defendants Ross Henikman and Justin Voss, police officers for defendant Municipality of Anchorage, falsely arrested her.

Prior to trial, this court determined, as a matter of state tort law, that plaintiff has proven her claims of false arrest against defendants Henikman and Voss under state tort law.

The court's determination that plaintiff has proven her claims of false arrest under state tort law against defendants Henikman and Voss does not establish that she has proven her claims of unlawful seizure against defendants Henikman and Voss under the Fourth Amendment to the United States Constitution because the claims are different under state and federal law.

## INSTRUCTION NO. 11

Other False Arrest Claims

Plaintiff also brings a claim of false arrest against defendant Municipality of Anchorage.

Because the court determined that plaintiff has established a claim for false arrest against both defendants Henikman and Voss under state tort law and because defendant Municipality of Anchorage agrees that officers Henikman and Voss were acting within the scope of their employment during their contact with plaintiff Carolyn Mitchell, plaintiff has proved her false arrest claim against the Municipality of Anchorage.

Plaintiff is not making a false arrest claim against defendant Walter Monegan.

**INSTRUCTION NO. 12**

Fourth Amendment Claim Under Section 1983

Plaintiff Carolyn Mitchell brings claims against defendants Henikman, Voss, Monegan, and the Municipality of Anchorage under federal statute 42 U.S.C. § 1983 for violation of the Fourth Amendment.  Such claims are often referred to as Section 1983 claims.  Section 1983 provides that any person or persons who, under color of law, deprives another person of any rights, privileges, or immunities secured by the Constitution of the United States shall be liable to the injured party.

## INSTRUCTION NO. 13

Fourth Amendment Claim Under Section 1983

Against Defendants Henikman and Voss

In order to prevail on her Section 1983 claims against defendant Henikman and Voss, plaintiff Mitchell must prove each of the following elements by a preponderance of the evidence:

1.    that defendants acted under color of law; and

2.    the acts of defendants deprived the plaintiff of her rights under the Fourth Amendment to the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state or municipal law. The parties have agreed that defendants Henikman and Voss acted under color of law.

Thus, if you find plaintiff Mitchell has proved that defendants Henikman and Voss violated plaintiff's rights under the Fourth Amendment, your verdict should be for the plaintiff.  If, on the other hand, plaintiff has failed to prove that defendants Henikman and Voss violated her Fourth Amendment rights, your verdict should be for defendants.

I will now instruct you on what constitutes a violation of plaintiff's rights under the Fourth Amendment.

## INSTRUCTION NO. 14

Fourth Amendment Rights

The Fourth Amendment prohibits unreasonable searches and seizures by police officers, and its protections include investigatory stops as well as arrests. It is undisputed that plaintiff Mitchell's detention by defendants Henikman and Voss amounted to a seizure for Fourth Amendment purposes, as a reasonable person in her situation would not have felt free to disregard the police and go about her business.

If plaintiff's detention was an arrest, the Fourth Amendment requires that the arresting officers have probable cause to justify their actions. "Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime. The parties agree that defendants Henikman and Voss lacked probable cause to arrest plaintiff Mitchell.

In *Terry v. Ohio*, the Supreme Court created a limited exception to the general rule that police detentions require probable cause. Under *Terry*, the Fourth Amendment allows police to conduct an investigatory stop, so long as they have a reasonable suspicion that the person has committed a crime. Depending on the circumstances, what begins as an investigatory stop may become an arrest under federal law.

### INSTRUCTION NO. 15

Violations of Fourth Amendment Rights

There are two ways in which defendants Henikman and Voss could have violated plaintiff Mitchell's Fourth Amendment rights. The first is by detaining plaintiff without a reasonable suspicion that she committed the bank robbery. The second way is by detaining plaintiff with a reasonable suspicion, but doing so under circumstances which establish that her detention became an arrest under federal law.

In deciding whether defendants Henikman and Voss had a reasonable suspicion, you must look at the totality of the circumstances to determine whether defendants Henikman and Voss had a specific and objective basis for suspecting that plaintiff Mitchell had committed the bank robbery. A mere hunch or suspicion is not sufficient to justify an investigatory stop. However, the likelihood that plaintiff committed a crime need not rise to the level required for probable cause.

If you find that defendants Henikman and Voss detained plaintiff Mitchell without reasonable suspicion that she committed the bank robbery, then you must find for plaintiff against defendants Henikman and Voss, and you need not consider whether the detention became an arrest under federal law.

If you find that defendants Henikman and Voss had a reasonable suspicion that plaintiff Mitchell committed the bank robbery, you must then consider whether her detention became an arrest under federal law.

In determining whether a detention becomes an arrest under federal law, you must consider all the circumstances surrounding the encounter between the plaintiff and the police by evaluating how intrusive the stop was and whether the methods used by the police were reasonable given the specific circumstances.

If you find that plaintiff's detention by defendants Henikman and Voss became an arrest under federal law, then defendants Henikman and Voss violated plaintiff's rights under the Fourth Amendment and you must find for plaintiff on her Section 1983 claims against defendants Henikman and Voss.  If you find that plaintiff's detention did not become an arrest under federal law, then you must find for defendants Henikman and Voss on plaintiff's claims against them under Section 1983.

**INSTRUCTION NO. 16**

Fourth Amendment Claims Under Section 1983
Against Defendant Monegan and Defendant Municipality


If you find for plaintiff Mitchell on her Fourth Amendment claim under Section 1983 against defendants Henikman and Voss, you must decide plaintiff's claims under Section 1983 against defendant Monegan and defendant Municipality of Anchorage.

If you find against plaintiff on her Fourth Amendment claim under Section 1983 against defendants Henikman and Voss, you need not consider plaintiff's claims against defendant Monegan and defendant Municipality of Anchorage under Section 1983.

## INSTRUCTION NO. 17

Fourth Amendment Claim Under Section 1983 Against Supervisory Defendant

In order to prevail on her Fourth Amendment claim under Section 1983 against the supervisory defendant, Walter Monegan, plaintiff Mitchell must prove all of the following elements by a preponderance of the evidence:

1.    defendant Monegan acted under color of law;

2.    the acts of the defendant's subordinates, defendants Henikman and Voss, deprived the plaintiff of her rights under the Fourth Amendment; and

3.    defendant Monegan directed his subordinates, defendants Henikman and Voss,  in the acts that deprived the plaintiff of these rights

    **- or -**

    defendant Monegan set in motion a series of acts by his subordinates, defendants Henikman and Voss, that he knew or reasonably should have known would cause his subordinates to deprive the plaintiff of her rights under the Fourth Amendment.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state or municipal law. The parties have agreed that defendant Monegan acted under color of law.

If you find plaintiff has proved all of these elements, your verdict should be for the plaintiff.  If, on the other hand, plaintiff has failed to prove one or more of these elements, your verdict should be for defendant Monegan.

## INSTRUCTION NO. 18

Fourth Amendment Claim Under Section 1983 Against
Defendant Municipality Based on Official Policy, Practice, or Custom

In order to prevail on her Section 1983 claim against defendant Municipality of Anchorage alleging liability based on an official policy, practice, or custom, plaintiff Mitchell must prove all of the following elements by a preponderance of the evidence:

1.    defendants Henikman and Voss acted under color of law;

2.    the acts of defendants Henikman and Voss deprived the plaintiff of her rights under the Fourth Amendment; and

3.    defendants Henikman and Voss acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Municipality of Anchorage.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state or municipal law.  The parties have agreed that defendants Henikman and Voss acted under color of law.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the defendant Municipality of Anchorage.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant Municipality of Anchorage.

If you find plaintiff has proved all of these elements, your verdict should be for the plaintiff.  If, on the other hand, plaintiff has failed to prove one or more of these elements, your verdict should be for defendant Municipality of Anchorage.

## INSTRUCTION NO. 19

Defamation Claims Against Defendants Henikman and Voss

Plaintiff Mitchell claims that defendants Henikman and Voss damaged her reputation by their observable conduct implying that she had committed a crime, when they pointed weapons at her, handcuffed her, and held her in custody by a police car near a busy street where people could see her.  To establish this claim, plaintiff Mitchell must prove all of the following:

(1)    that the above conduct was observed by other persons,

(2)    that these people reasonably understood that the observable conduct was about plaintiff,

(3)    that these people reasonably understood the observable conduct to mean that plaintiff had committed a crime, and

(4)    that the implication that plaintiff had committed a crime was false.

If you find plaintiff has proved all of these elements, your verdict should be for the plaintiff.  If, on the other hand, plaintiff has failed to prove one or more of these elements, your verdict should be for defendants Henikman and Voss.

**INSTRUCTION NO. 20**

Defamation Claim Against Defendant Municipality

Plaintiff Mitchell also brings a claim of defamation against defendant Municipality of Anchorage.

If you find that plaintiff Mitchell proved her defamation claims against defendants Henikman and Voss, then you must also find that plaintiff proved her defamation claim against defendant Municipality of Anchorage.  The Municipality agrees that officers Henikman and Voss were acting within the scope of their employment during their contact with plaintiff Mitchell.

On the other hand, if you find that plaintiff Mitchell did not prove her defamation claims against defendants Henikman and Voss, you need not consider plaintiff's defamation claim against defendant Municipality of Anchorage.

## INSTRUCTION NO. 21

Compensatory Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff Mitchell on any claim, you must determine plaintiff's damages. Plaintiff Mitchell has the burden of proving damages by a preponderance of the evidence. It is for you to determine what damages, if any, have been proved. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

You may not award damages more than once for the same harm. Thus, because plaintiff's claims of false arrest and Fourth Amendment claims under Section 1983 are based on the same harm, if you award damages on the false arrest claims, that award would also compensate plaintiff for her Fourth Amendment claims under Section 1983.

Because plaintiff's defamation claims are based on a different harm, if you find for plaintiff on her defamation claims, you must determine the amount, if any, which will compensate plaintiff for any injury to her reputation.

**INSTRUCTION NO. 22**

Nominal Damages

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**INSTRUCTION NO. 23**

Liability for Punitive Damages on False Arrest and Defamation Claims

Plaintiff has requested punitive damages on her state law false arrest and defamation claims. The purposes of punitive damages are to punish the defendant and to deter the defendant and others from repeating similar acts. You may award plaintiff punitive damages on her state law false arrest and/or defamation claims only if the plaintiff proves by clear and convincing evidence that the defendant's conduct which forms the basis of your verdict demonstrated reckless indifference to the interests of others, or was outrageous. Outrageous conduct includes acts done with malice or bad motives.

I will now define what it means to prove something by clear and convincing evidence. An alleged fact is established by clear and convincing evidence if the evidence induces belief in your minds that the alleged fact is highly probable. It is not necessary that the alleged fact be certainly true or true beyond a reasonable doubt or conclusively true. However, it is not enough to show that the alleged fact is more likely true than not true.

At this time, you must only decide whether the plaintiff has proved by clear and convincing evidence that punitive damages should be awarded on her state law false arrest and/or defamation claims. You should not discuss the amount of a punitive damages award or make any decision about the amount of a punitive damages award at this time. Before you make a decision about the amount of any punitive damages award, I will instruct you on how to determine the amount of the punitive damages award.

## INSTRUCTION NO. 24

Liability for Punitive Damages on Fourth Amendment Claims Under Section 1983

If you find for plaintiff Mitchell on her Fourth Amendment claim under Section 1983, you may award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded on a Section 1983 claim. I will now define what it means to prove something by a preponderance of the evidence. An alleged fact is established by a preponderance of the evidence if the evidence persuades you that the alleged fact is more probably true than not true

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. Conduct is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

At this time, you must only decide whether plaintiff has proved by a preponderance of the evidence that punitive damages should be awarded on her Fourth Amendment claim under Section 1983. You should not discuss or make any decision about the amount of a punitive damages award at this time. Before you make a decision about the amount of any punitive damages award, I will instruct you on how to determine the amount of the punitive damages award.

## INSTRUCTION NO. 25

Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 26**

Use of Notes

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## INSTRUCTION NO. 27

Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 28

### Return of Verdicts

Verdict forms have been prepared for you.  After you have reached unanimous agreement on all verdicts, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

GIVEN this 3ʳᵈ day of July 2008.

REDACTED SIGNATURE

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE