Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 677-3779
(907) 644-2802 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT and the | ) |
| MUNICIPALITY OF ANCHORAGE, a | ) |
| municipal corporation, WALTER MONEGAN, | ) |
| Officer HENIKMAN, and Officer J. VOSS, | ) |
| Defendants. | ) |
| | ) |

Case No. 3:05-cv-00273-JWS

**PLAINTIFF'S MOTION FOR RULING ON
PREVAILING PARTY STATUS**

Plaintiff, Carolyn Mitchell, through counsel, Isaac Derek Zorea, moves for recognition as the prevailing party in the above captioned lawsuit. On August 14, 2008, Defendants moved for costs permitted under Federal Rules of Civil Procedure, Rule 54(d), arguing that it was the prevailing party in this case. Associated with its motion for costs, Defendants set up a cost bill hearing with the court clerk.

PLAINTIFF'S MOTION FOR RULING ON PREVAILING PARTY STATUS:
MITCHELL V. MOA, ET AL..                                                                                    PAGE - 1 -

On August 15, 2008, Plaintiff called the court clerk to set up a cost bill hearing and submit its cost bill. During this conversation, the court clerk, Ida Romack, stated that a determination of prevailing party status needed to be established before plaintiff could submit its cost bill, or schedule a cost bill hearing. This motion is being filed in order to establish which is the prevailing party to this lawsuit. Thereby establishing which party is permitted costs associated with Federal Rules of Civil Procedure, Rule 54.

## ARGUMENT

In its cost bill, submitted August 14, 2008, Defendants declared that judgment had been entered against Carolyn Mitchell. In support of its allegation, Defendants argue that Plaintiff failed to exceed the Offers of Judgment served to plaintiff May 29, 2008. In response to Defendants' argument, Plaintiff argues that judgment has not been entered against Carolyn Mitchell, see Dkt. 144. Further, Plaintiff argues that the judgment, and costs, she is entitled to is in excess of the offers submitted by defendants.

When the pre-offer costs are added to the judgment Mitchell received at trial, the judgment amount she is entitled to exceeds the offers of judgment submitted by defendants on May 29, 2008. As such, Plaintiff is in fact the prevailing party to the above captioned lawsuit.

On May 29, 2008, Defendants Henikman, Voss, Monegan, and Municipality of Anchorage, submitted Offers of Judgment in the amount of $100 each, for a total

of $400 joint and several liability. The Offers of Judgment specified that the offers were "inclusive of all allowable costs, interest and attorney fees." According to Federal Rules of Civil Procedure, Rule 68, if Mitchell failed to obtain final judgment, including costs and attorney fees, in excess of the amount of the offer, she would be liable for all post-offer costs incurred by Defendants. However, Rule 68 does not state that if Mitchell did not exceed the offer, Defendants would become the prevailing party. All Rule 68 stipulates is that if the offer is not exceeded, post-offer costs would be paid by plaintiff.

At the conclusion of trial, Mitchell obtained only nominal damages. Obtaining even nominal damages, however, still designates Mitchell as the prevailing party to the lawsuit. As the prevailing party, Mitchell would automatically be entitled to costs under Rule 54. The pre-offer costs that Mitchell would be entitled to must be calculated into the total judgment that she obtained pursuant to bring forth her cause of action. Marek v. Chesny, 473 U.S. 1, 8 (1985); Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1024, FN. 1, (9th Cir. 2003). As such, all pre-offer costs associated with Mitchell's case must be included as part of the judgment. It is this final amount that must be compared with Defendants' Offer of Judgment to determine if Mitchell's judgment exceeded the offer.

As is evidenced by the attached proposed Bill of Costs, Exhibit A, Mitchell's costs, in addition to her judgment, in fact exceed the offers submitted to her on May 29, 2008. Consequently, Mitchell requests that this court declare that she is the prevailing party, and entitled to submit her Bill of Costs, pursuant to Rule 54.

1  Additionally, Mitchell requests that the Court reject Defendants' Bill of Costs, and

2  its assertion that it is the prevailing party in this lawsuit.

3  Respectfully submitted this 18th day of August 2008.

4

5    S/  Isaac Zorea
  Law Offices of Isaac D Zorea
6    P.O. Box 210434
  Anchorage, AK 99521
7    907-830-1385
  907-677-3779
8    Eyedz@gci.net

9

10

11       Certificate of Service

12

13  I hereby certify that on August 18, 2008
I electronically filed the foregoing with
14  the Clerk of Court using the CM/ECF
system which sent notification to the
15  following:

16     James Reeves; and Elizabeth Friedman

17  and I hereby certify that I have mailed by
18  United States Postal Service the document
to the following non CM/ECF participants:
19
20     none.

21  Dated this 18th day of August 2008, at Anchorage, Alaska.

22   S/ Isaac Zorea
  Law Offices of Isaac D Zorea
23   P.O. Box 210434
24   Anchorage, AK 99521
 907-830-1385
25   907-677-3779
26   Eyedz@gci.net

27

28  PLAINTIFF'S MOTION FOR RULING ON PREVAILING PARTY STATUS:
MITCHELL V. MOA, ET AL..                                                                 PAGE  - 4 -