Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT and the MUNICIPALITY OF ANCHORAGE, a municipal corporation, WALTER MONEGAN, Officer HENIKMAN, and Officer J. VOSS, | ) |
| | ) |
| Defendants. | ) Case No. 3:05-cv-00273-JWS |
| | ) |

**DEFENDANTS' MOTION FOR ATTORNEY FEES**

Defendants Municipality of Anchorage, Walt Monegan and Officers Henikman and Voss, through the Municipal Attorney's Office, move under Rule 82, Alaska Rules of Civil Procedure, for an award of attorney fees against plaintiff Carolyn Mitchell. On all

of plaintiff's claims under both federal and Alaska law, defendants prevailed at trial.[1] Their total reasonable, actual fees incurred to date in defense of this case amounted to $125,852.  Defendants seek an award of a lesser amount, $113,266, for the reasons explained below.  In support of their Rule 82 request, Defendants will address the role of 42 U.S.C Sec. 1988 as it bears on the issues herein.

I.   **BOTH FEDERAL AND ALASKA LAW ALLOW FEES TO DEFENDANTS HEREIN.**

By Act of Congress, the prevailing party in an action on a Civil Rights Act claim is entitled to its attorney fees.  42 U.S.C. Sec. 1988, **Proceedings in vindication of civil rights**.  By state law, applicable in this federal action, the prevailing party is entitled to an award of partial fees.  Rule 82, Alaska Rules of Civil Procedure; Alaska Stat. 09.60.010.

Municipal Defendants are in all ways the prevailing parties herein.  They obtained dismissal on the merits, after a full jury trial, of Plaintiff's federal Civil Rights Act claim for violation of her Fourth Amendment rights, and dismissal on the merits of two of her three state law claims.  Dkt.144.  On the single remaining state claim, false arrest,

---

[1] On one state law claim, false arrest, Plaintiff obtained summary judgment against Officers Voss and Henikman as to liability, but the jury awarded nominal damages of $1, less than any defendant's Rule 68 Offer of Judgment.  Therefore, Defendants prevailed on all claims.  The unaccepted Offers were previously filed at Dkt. 147, Exhibits A-D.  The relationship of the $1 to the Offers of Judgment is not the only reason why Defendants are the prevailing parties on that claim.

Plaintiff obtained a summary judgment as to liability against two of the four defendants, and the jury gave her a nominal award of $1. Dkt.144.

Even if this dollar had been awarded on one of the covered federal claims rather than on a state law claim, Defendants would be the prevailing parties for purposes of any fee award under Sec. 1988, for two compelling reasons.

### A. A $1 Verdict Does Not Make Plaintiff the Prevailing Party So As To Merit a Fee Award.

The U.S. Supreme Court has held that a nominal award such as $1 in a claim under the Civil Rights Act does not entitle a plaintiff to attorney fees. While the Court in Farrar v. Hobby, 113 S.Ct. 566, 574 (1992), found such a plaintiff had "technically" prevailed, it said such a nominal award "highlights the plaintiff's failure to prove actual compensable injury." Id. at 575. Accordingly, it denied him Sec. 1988 fees.

In this case, actual damages were an essential element of Plaintiff's claim, and she could not prove them. Id. Therefore, she is not a prevailing party entitled to fees.

### B. Defendants' Unaccepted Offers of Judgment Make Them the Prevailing Parties.

Besides failing to prove an essential element, actual damages, on the only claim where she had any apparent success, Plaintiff turned down opportunities to confront the weaknesses of her case and avoid the risk she now faces: liability for Defendants' fees and costs. She would also have obtained a little cash.

On May 29, 2008, each officer, former Chief Monegan and the Municipality served a separate Rule 68 Offer in the amount of $100 on Plaintiff. Accepting all of the

Offers would have given Plaintiff an immediate $400. As permitted by Rule 68(b) the four Offers, Exhibits A-D at Dkt. 147, have been filed in this "proceeding to determine" the costs and fees (the instant Motion for Attorney Fees and the previously filed Bill of Costs.) Plaintiff did not accept any of the Offers.

Because Defendants obtained a result at trial that is superior to their unaccepted Offers of Judgment, Rule 68(d), Federal Rules of Civil Procedure requires that Plaintiff pay Defendants their costs.

Alaska Rules of Civil Procedure, Rule 82, provides for attorneys' fees to prevailing parties. See also Alaska Stat. 09.60.010. Defendants prevailed on all claims in this case and are entitled to their fees.

**II.     INITIATING AND PURSUING HER SUIT WAS FRIVOLOUS; DEFENDANTS WOULD QUALIFY FOR SEC. 1988 FEES.**

The fee-shifting statute accompanying 42 U.S.C. Sec. 1983, by its terms, provides "a reasonable attorney's fee as part of the costs" to the prevailing party – whether plaintiff or defendants. 42 U.S.C. Sec. 1988. The Supreme Court decided, however, that as a general rule Sec. 1988 allows the award of attorney fees (as opposed to other costs) only for the benefit of prevailing plaintiffs. Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412 (U.S. 1978). But there is an exception to this general rule: fees are awarded to prevailing defendants "where the action brought is found to be unreasonable, frivolous, meritless or vexatious." Christiansburg at 421, quoting Carrion v. Yeshiva University, 535 F.2d 722, 727 (2nd Cir. 1976).

### A.     Filing and Pursuing This Action Was Frivolous.

Ms. Mitchell's bringing and pursuing this action against Defendants was "unreasonable, frivolous, meritless or vexatious." Faced with Plaintiff's serious claims against them under the Constitution and Alaska law – including a claim for punitive damages – they were forced to defend vigorously.

### B.     Plaintiff's Extravagant Claims Forced Defendants to Extra Preparation.

Plaintiff brought extravagant claims of emotional distress and sought costs of psychological counseling. She insisted she lost business income as a result of being detained by Defendants. She forced Defendants to prepare to defend all of these claims at trial, necessitating written discovery, painstaking deposition questioning, and preparation for cross-examination of the damages witnesses.

But trial came and went without Plaintiff ever really putting on a damages case. She listed damages witnesses such as her psychologist, whom she never called at trial. During discovery Plaintiff told Defendants of getting several months of psychological treatment, complained of its cost, and presented Defendants with the bills. She listed Christie Eberhardt, a Ph.D. psychologist, as her expert witness, even on her "Final, Revised Witness List," Dkt. 97. Accordingly Defendants revisited Dr. Eberhardt's extensive chart notes and prepared to cross-examine this professional. But Plaintiff never called her witness to the stand.

Plaintiff claimed lost income, but presented no testimony or other evidence to attempt to substantiate this claim. Her husband, friends, customers or business associates

who might have supported her psychological damage or lost income claims did not testify. Defendants prepared for a damages case that never happened.

To bring serious claims against members of her community, particularly public servants, without being prepared to support them at trial was to act frivolously and unreasonably. To bring her case before a jury, without bringing the evidence and witnesses necessary to try that case, was "unreasonable, frivolous, meritless or vexatious." Plaintiff's suit would warrant a Sec. 1988 fee award in Defendants' favor.

### C. Defendants Will Forego Seeking Sec. 1988 Fees, But Ask That Court Enhance Their Rule 82 Fees.

In spite of Plaintiff's frivolous claims and the unreasonable continuation of her suit after offers had been made, Defendants do not wish to complicate the proceedings by pursuing their right to Sec. 1988 fees on the basis of the frivolous nature of Plaintiff's suit. Instead, they focus the remainder of their Motion on Rule 82. In so doing, Defendants request that the Court vary their fee award upward, in light of the above. Rule 82(b)(3).

## III. DEFENDANTS PREVAILED AND ARE ENTITLED TO THEIR FEES UNDER ALASKA LAW.

### A. Statute, Court Rule Provide for Recovering Over 30 Percent of Actual Fees.

Under Alaska Statute and the Alaska Rules of Civil Procedure, prevailing parties recover an award of attorney fees. See Alaska Stat. 09.60.010, **Costs and attorney fees allowed prevailing party**, and Alaska Rules of Civil Procedure, Rule 82, **Attorney's**

**Fees.**[2]  When a plaintiff recovers a money judgment, she also gets a percentage of that judgment added on as attorney fees.  Rule 82(b)(1).  When defendants prevail but recover no money judgment, as is often the case in suits such as this one, their award is instead a percentage of their "reasonable actual attorney's fees which were necessarily incurred," Rule 82(b)(2).  If the case ends before trial, the Rule presumes that the award is 20 percent of the actual fees.  If the case goes to trial the presumptive award is 30 percent of the actual fees.  In the face of unreasonable claims, or if very important matters were at stake necessitating extra efforts on the clients' behalf, the court may vary the award upward from 30 percent.  In addition, if the attorneys have made good efforts to minimize fees, the Court may vary the award.  Rule 82(b)(3)(E), (F) and (H).

   1.   **Rule 82 Variance Factors Call for Enhanced Fees.**

Rule 82 (b)(3) allows the Court to vary its fee award on discretionary factors.   All of the variance factors cited above are present here:

**(E)  The Attorneys' Efforts to Minimize Fees**.

Defendants have chosen to omit from their request a substantial amount of Municipal Attorney Jim Reeves's time, for the reasons set forth in his Affidavit filed herewith.  The hourly rate for Reeves, who was lead counsel at the trial, is $225 per hour and he estimates some 25 to 40 hours of his time was not entered,  so the decision not to

---

[2]  See also Fed. R. Civ. P. 54(d), **Costs; Attorney's Fees,** and Rule 68(d), **Paying Costs After an Unaccepted Offer**.  Also applicable is Local Rule 54.3, **Award of Attorney's Fees**, which identifies Alaska Rule 82 as authority for fees in the federal court.

seek all of his time has already reduced Defendants' total fees figure by $5,625-$9,000. See Reeves Affidavit.

Defendants' counsel extensively utilized law clerks to research legal issues and their time was charged at a lower rate than that of the attorneys. See Exhibit A.

Defendants refrained from taking any deposition but the essential one, Ms. Mitchell's; they avoided overkill such as deposing her son, husband, business partner, etc. Defendants did not retain any experts, whose help inevitably involves substantial attorney time. Finally, Defendants' decision not to seek a ruling that the suit was frivolous will also save on fees.

**(F)  The Reasonableness of the Claims and Defenses Pursued by Each Side.**

Plaintiff's suit put all Defendants and their counsel through nearly three years of litigation that need never have taken place. She accused the officers of arresting her and doing so "illegally;" of "falsely" communicating to the public about her; of "intentionally" causing her emotional distress; of "outrageous," "reckless" and "egregious" behavior. Obviously, the jury disagreed with these allegations

In addition, her monetary demands – at least $100,000 in her complaint, far more in her first settlement demand, which she served several weeks before trial – exposed Officers Voss and Henikman and former Chief Monegan personally to judgments. But she didn't have the facts to support them, and her claims were unreasonable, as is reflected in the jury's quick verdicts.

### (H) The Relationship Between the Amount of Work Performed and the Significance of the Matters at Stake.

The suit exposed Officers Henikman and Voss in particular to the specter of punitive damages, the shame of allegations that, as officers sworn to uphold the law, they had intentionally violated Plaintiff's Constitutional rights, and the risk of a stain on their professional reputations – "significant matters," indeed. Moreover, she claimed punitive damages against the officers, exposing them to additional financial risk.

Particularly with respect to Defendants Voss and Henikman, the suit also impugned their professional reputations as law enforcement officers. Adverse court rulings and jury verdicts can interfere with employment or place an obstacle in the way of job changes, advancement and leadership roles. "[T]he significance of the matters at stake"– including the risk of punitive damages and risk of professional stigma – necessitated a vigorous defense. Rule 82(b)(3)(H).

Finally, the suit was very significant to the Anchorage Police Department because it threatened settled procedures for investigating crimes and protecting the public at crime scenes.

When Plaintiff's unreasonable claims are considered together with the "significance of the matters at stake" for Defendants, and the other Rule 82(b)(3) factors discussed above, upward variance of the fees to 75 to 90 percent is appropriate.

**2.     Achieving a Result More Favorable Than Their Rule 68 Offers Entitles Defendants to Enhanced Fees.**

Looking at the same facts strictly under Alaska law, prevailing party attorney fees would be enhanced if the other party had rejected a timely Offer of Judgment, under which she would have received more than she eventually recovered at trial.  Alaska Stat. 09.30.065, **Offers of Judgment**; Alaska Rule 68, **Offer of Judgment**.  Plaintiff did not accept Defendants' May 29, 2008, Offers of Judgment.  Were Defendants not already entitled to a minimum of 30 percent of their actual fees for the <u>whole</u> of this case pursuant to Rule 82, then Alaska Rule 68(b)(3) would command that plaintiff "must" pay 30 percent of the fees incurred after May 29.

**3.     State and Federal Claims are Largely Inseparable; the Court Should Treat Defendants' Work on State and Federal Issues as Indistinguishable.**

The acts and omissions of which Plaintiff complained in this suit all occurred in the course of 20-30 minutes, in a single location.  Her state and Sec. 1983 federal claims arose from one and the same set of facts:  her detention, in handcuffs, by armed officers following an attempted bank robbery by a woman whose sketchy description resembled Plaintiff.  Her single federal claim, alleging a Fourth Amendment violation, arose from exactly the same set of facts as the state false arrest claim.  As a result, the parties' efforts in discovery, motion practice, trial preparation and trial are virtually inseparable.  With the exception of trying to develop appropriate jury instructions on the Fourth Amendment claim, in light of the earlier ruling on state law false arrest, all of Defendants' efforts would have been required <u>even if the Fourth Amendment claim had never been asserted.</u>

That being the case, it would be inequitable to reduce Defendants' fee award just because a small portion of their time may have been spent on the federal claim. In other words, rather than attempt to separate out time spent on the federal claim, the court should apply Rule 82 to <u>all</u> of Defendants' fees, resolving any doubts in Defendants' favor.

Plaintiff pursued both her federal claims and her state common-law tort claims for nearly three years, all the way through trial. Although one state law claim was determined pre-trial as to liability only, the question of damages on that claim, and the questions of liability and damages as to all other state law claims, survived for trial. The federal and state claims were nearly inseparable; the same facts and overlapping legal principles applied to both. Immunity issues with respect to the tort claims and the Sec. 1983 claims were almost identical.

When the same factual and legal issues underlie state and federal claims, and defendants are entitled to fees under Sec. 1988, their work on state and federal claims need not be segregated. See <u>Carreras v. City of Anaheim,</u> 786 P.2d 1039 (9th Cir. 1985); <u>Munson v. Milwaukee Board of School Directors</u>, 969 F.2d 266 (7th Cir. 1992). Defendants in <u>Munson</u> were entitled under Sec. 1988 to fees for their work on the pendent state claims as well as for work on the federal claim. <u>Id</u>. at 271-272. A plaintiff's federal civil rights claims and pendent state law claims that are factually or legally interrelated should be treated as one action for purposes of a Sec. 1988 award. <u>Id.</u> at 272.

A fortiori it should not be necessary to segregate the fees in this case when making the award under Rule 82. If a "common core of facts" or "related legal theories" entitles a prevailing defendant to recover fees under Sec. 1988 even if the state-law claims were not directly compensable under a fee-shifting statute, Munson at 272, then a court considering Alaska Rule 82 fees in a civil rights case where defendants have prevailed should "consider the interrelated nature of the lawsuit as a whole" and include the party's fees for work on the state law claims.

It is beyond dispute that state-law false arrest and seizure under the Fourth Amendment are "related legal theories". The federal and state claims should be treated as one action for these purposes. Accordingly the Court need not attempt to disaggregate the costs and fees on the federal and state claims but should make its award based on the entirety of the costs and fees.

### 4. **In the Alternative, the Court Can Apportion Fees.**

If the Court chooses to omit from its award the fees for defending the single federal claim, it can review Defendants' supporting documentation (Exhibit A, time and rate detail) and the Affidavit of Joyce Weaver Johnson, and estimate the percent of the fees that were probably incurred exclusively in defending the single federal claim. A line-by-line accounting to distinguish federal from state is not necessary; the Court's estimate will suffice. In Balough v. Fairbanks North Star Borough, 995 P.2d 245 (Alaska 2000), the prevailing defendant submitted an itemization of attorney time and the court was able to estimate the percent of time spent on the state claims, so stating in its award.

On appeal, the Supreme Court held the superior court had not erred in awarding Rule 82 fees for prevailing on the non-federal parts of the case. Id. at 270. Also, it was appropriate for the court to estimate the proper apportionment. Under this procedure, the court should show in its ruling how it avoided awarding fees incurred in defending the federal claim. Brown v. Ely, 14 P.3d 257, 264 and n. 47 (Alaska 2000).

### IV. IN THE ALTERNATIVE, APPORTIONMENT OF 75 TO 90 PERCENT OF DEFENDANTS' REASONABLE ACTUAL ATTORNEY'S FEES TO THE STATE LAW CLAIMS WOULD BE APPROPRIATE.

If the Court deems it necessary to reduce defendants' total fees based on any of the Sec. 1988 jurisprudence, then Defendants suggest apportioning 75 to 90 percent of their total reasonable actual fees to the state law claims, and only 10 to 25 percent to the federal claims. This allocation is supported by the documentation submitted herewith; by the discussion above, and by cases such as Balough, 995 P.2d at 270, approving the lower court's use of an estimate in round numbers. Reducing the award by 10% brings Defendants' request to $113,266. This approach would obviate any need for the parties to argue and the Court to determine in minute detail which attorney time was for the single federal claim and which for the state claims.

### CONCLUSION

Defendants are entitled to their fees under Alaska Rule 82 as prevailing parties, and the Court should enhance the scheduled amount by applying discretionary factors, including three of the Rule's variance factors. These considerations, and the others set

forth above, should inform the Court's decision on the method and amount of Defendants' fee award.

Respectfully submitted this 19th day of August, 2008.

                                  JAMES N. REEVES
                                  Municipal Attorney

                              By:  s/ Joyce Weaver Johnson
                                    Municipal Attorney's Office
                                    P.O. Box 196650
                                    Anchorage, Alaska 99519-6650
                                    Phone: (907) 343-4545
                                    Fax: (907) 343-4550
                                    E-mail: uslit@muni.org
                                    Alaska Bar No. 9306027

The undersigned hereby certifies that on 08/19/08 a true and correct copy of the *Defendants' Motion for Attorney Fees; Exhibit A and Proposed Order* was served on:

Isaac D. Zorea
Moshe C. Zorea

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

 s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office