Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 677-3779
(907) 644-2802 facsimile
Eyedz@gci.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT and the | ) |
| MUNICIPALITY OF ANCHORAGE, a | ) |
| municipal corporation, WALTER MONEGAN, | ) |
| Officer HENIKMAN, and Officer J. VOSS, | ) |
|     Defendants. | ) |

Case No. 3:05-cv-00273-JWS

## PLAINTIFF'S MOTION FOR ATTORNEY FEES

Plaintiff, Carolyn Mitchell, through counsel, Isaac Derek Zorea, moves for Attorney Fees under Federal Rules of Civil Procedure, Rule 54(d)(2), and local Rule of Civil Procedure, Rule 54.3. Mitchell requests attorney fees under two alternative theories, each producing a different award. Discussion concerning each alternate theory is provided below.

## FEE REQUEST

Under the first legal theory, Mitchell requests attorney fees in the amount of $46,871.25, which represents thirty percent (30%) of her actual attorney fees.

Under her second legal theory, Mitchell requests attorney fees in the amount of $156,237.50, which represents her full, actual attorney fees.

## FEE REQUEST AUTHORITY

A.  Alaska Rules of Civil Procedure, Rule 82(b)(3).

Under her first legal theory for recovering attorney fees, Mitchell relies on Alaska Rules of Civil Procedure, Rule 82(b)(3), which permits a variation to the standard award of attorney fees (Rule 82(b)(1)) based on a variety of considerations. As the prevailing party in her state law claim of false arrest, a claim alleging constitutional violations, Mitchell is traditionally entitled to an award under Rule 82(b)(1), which permits a percentage of the judgment awarded. Although she prevailed on her claim, she did not receive any award other than nominal damages, or $1. Mitchell argues that based on all the factors relevant to this case, it is just and fair that the Court vary the award she would receive under Rule 82(b)(1).

Alaska Rules of Civil Procedure permits a thirty percent (30%) award of the prevailing party's reasonable actual attorney fees in situations where the prevailing party recovers "no money judgment." Alaska R.Civ.P. Rule 82(b)(2). In the case at bar, it is arguable that Mitchell is a prevailing party that has not received a money judgment, since nominal damages represents more a token of success rather than

monetary judgment.  However, Rule 82(b)(3) seems to contemplate situations that do not fit perfectly into Rules 82(b)(2) or 82(b)(1).  As such, Mitchell requests that she receive the default rate permitted under Rule 82(b)(2), but she relies on Rule 82(b)(3) to justify her requested award.

Alaska Rules of Civil Procedure, Rule 82(b)(3), permits the Court to vary the standard attorney award, based on eleven factors. Alaska R.Civ.P. 82(b)(3)(a)-(k).  It is not necessary that all eleven factors favor a variation in attorney fee award.  Mitchell argues that based on the totality of these factors, it is only just and proper that she be awarded a variation in her attorney fees award.

The initial factor that Mitchell requests that the Court considers is "the complexity of the litigation." Rule 82(b)(3)(A).  This factor is particularly pertinent in this case.  Mitchell alleged that two Municipal police officers violated her constitutional rights under the State and Federal Constitutions.  The allegation of false arrest is necessarily an allegation that Anchorage police officers acted contrary to legal authority when they restrained her in 2004.  Constitutional law is a very complex area of law, with constantly changing court decisions.  Mitchell successfully maneuvered through these complex legal issues, prevailing on all major motions filed by either party.

In addition to the complex Constitutional issues at play in Mitchell's lawsuit, she needed to address issues of discretionary immunity.  In all, the legal issues in this case were far more complex than the issues that exist in a case where the defendant is a private individual, rather than a municipal employee or entity.  Nonetheless, the

PLAINTIFF'S MOTION FOR ATTORNEY FEES:
MITCHELL V. MOA, ET AL..                                                                                  PAGE - 3 -

complexity of the lawsuit, and the fact that the actors were municipal employee, should not become an impediment for Mitchell, who is a private citizen asserting her legal rights.

To the extent that Alaska Rules of Civil Procedure permits the Court to consider the complexity of a lawsuit in determining attorney fees, this consideration should weigh in favor of Mitchell receiving a favorable variation in the standard award of attorney fees. Mitchell carefully addressed the complex issues in this case, successfully arguing these issues, and prevailing on all major motion filed before the court.

Next, Mitchell argues that the factors identified in Rule 82(b)(3)(B) through (E), all mitigate favorably toward a variation in Mitchell's favor. In subsection (B), Rule 82(b)(3), the Court is permitted to assess the length of trial. In this case, Mitchell's trial lasted only four days. This short duration illustrates the reasonableness of Mitchell's actual attorney fees. Similarly, Mitchell only utilized two attorneys for the prosecution of her claim. This illustrates reasonable use of attorneys, which is a factor of consideration to the Court. Rule 82(b)(3)(D).

Further, as is illustrated by the attached list of actual attorney fees, Mitchell's attorneys acted reasonably in minimizing the hours expended in this case. An analysis of the motion work submitted by Mitchell's counsel, as opposed to Defendants' counsel, show that Mitchell's counsel responded to motions far more often than initiated motions. Mitchell's counsels took effort to minimize the motion work in this case, attempting to eliminate relevant issues prior to trial. Additionally,

because Mitchell's counsel devoted ample time to research on each filed motion, she prevailed on her key issues. The use of proper preparation and briefing greatly minimized the legal fees accrued in this case.

Addressing another factor the Courts can consider, Rule 82(b)(3)(F), is "the reasonableness of the claims and defenses pursued by each side." Mitchell presented this Court with reasonable claims. As evidence that her claims were all reasonable, she prevailed in defeating Defendants Motion for Summary Judgment, which sought dismissal of all triable claims. At the conclusion of trial, Mitchell did not prevail on all her claims, however, all her claims had a reasonable connection to her false arrest. Mitchell carefully sought causes of action that all aimed toward addressing conduct by the police that violated her rights as a free citizen. As such, these causes of action must be viewed as reasonable. The Court system is the sole recourse a citizen has for complaining of abuses by police authority. It would surely violate public policy to conclude that claims of this sort are not reasonable actions to pursue.

Perhaps the most significant factor favoring Mitchell is Rule 82(b)(3)(H), which looks at "the relationship between the amount of work performed and the significance of the matters at stake." Mitchell's case addressed extremely significant issues, dealing as she did with issues of when an officer may legally restrain a person's freedom. American society is based on the rule of law, based on the premise that government will endeavor to respect the rights of all its citizenry. Mitchell argued at trial that her rights had not been respected. The citizens ability to question, through the court system, whether or not police have violated rights is of

paramount significance.

The amount of work performed by Mitchell's attorney to address her significant matter were not excessive. Mitchell's attorney's successfully utilized pretrial motions to minimize the issues that needed to be resolved by the trier of fact. It is possible that greater pretrial work could have proved useful, but nonetheless, Mitchell took reasonable steps to resolve the issues in her case.

In contrast, Defendants' in this case made no efforts to minimize the work in this case. They filed universal motions for summary judgment, and failed on each issue. Nonetheless, Defendants made no effort to resolve this lawsuit until a month prior to trial, or four years after the case began. Under the Federal Rules of Civil Procedure, only the defendant has the option to submit an offer of judgment. See: Federal Rules of Civil Procedure, Rule 68. Mitchell made every effort, on her part, to minimize the amount of work required to achieve her significant purposes.

Finally, Mitchell argues that equitable factors are relevant regarding varying her attorney fee award. As stated previously, Mitchell prevailed in her lawsuit against the municipality, proving as a matter of law that Officers Voss and Henikman falsely arrested her. The issue that Mitchell brought before this court is extremely important in a civilized society. It is imperative that police realize that constraints exist concerning the manner by which citizens can be stopped and questioned concerning criminal events.

If Mitchell fails to receive any modification in her attorney fees award, this would act as a hindrance to future lawsuit of a similar nature. If this happens, society

will suffer. Citizens should not be dissuaded from bringing forward meritorious claims, simply because it is feared that a jury will not award a monetary verdict for such constitutional harms. The realities of this case are that Officers Voss and Henikman did falsely arrest Mitchell. If no variation in the attorney fees are provided, future litigants would be conditioned to merely tolerate violations of their constitutional rights to be free from unreasonable searches or seizures. Society does not benefit from a situation where its citizens are conditioned to meekly tolerate police misconduct. Similarly, the municipality will have no incentive to properly train its officers if it escapes paying the attorney fees of those citizens that have their rights violated.

Based on the factors discussed above, Mitchell requests a thirty percent (30%) award of her attorney fees. This request is made under Rule 82(b)(3), however, the amount of the request is identical to what Mitchell would receive under Rule 82(b)(2). Mitchell is the prevailing party to this lawsuit. She successfully proved that Officers Voss and Henikman falsely arrested her. Nonetheless, her award of nominal damages is essentially a recovery of "no money judgment." If Mitchell had prevailed and received no money judgment she would have been entitled to a thirty percent (30%) award of attorney fees.

While technically speaking, Rule 82(b)(2) does not apply to Mitchell, this Court is authorized via Rule 82(b)(3) to permit the same attorney award. Mitchell's presented a complex case against the power and authority of the municipality. She employed a reasonable number of attorneys, who took reasonable efforts to minimize

fees in pursuant of her significant claim. A majority of the factors listed in Rule 82(b)(3) mitigate in favor of Mitchell receiving enhanced attorney fees. Based on these factors she argues that a variation of her Rule 82(b)(1) fees, to reflect the benefit she would receive under Rule 82(b)(2), is just and equitable.

For the above reasons, Mitchell request an award of attorney fees in the amount of $46,871.25.

B.   Alaska Statute § 09.60.010(c).

Under her second, alternate, legal theory for recovering attorney fees, Mitchell relies on Alaska Statute § 09.60.010(c), which permits full reasonable attorney fees for civil actions concerning the "protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska." As the prevailing Party in her false arrest claim, Mitchell argues that she is a public interest litigant, and thereby entitled to full attorney fees under AS § 09.60.010(c). Her false arrest claim sought the enforcement of her rights against unreasonable search and seizure, which she proved by establishing that Officers Voss and Henikman falsely arrested her.

A public interest litigant is defined by Alaska's Supreme Court, which identified four specific elements that such a litigant must satisfy. In <u>Anchorage Daily News v. Anchorage School District</u>, 803 P.2d 402 (Alaska 1990), the Supreme Court stated that a public interest litigant must satisfy these criteria: "(1) Is the case designed to effectuate strong public policies?; (2) If the plaintiff succeeds will

numerous people receive benefits from the lawsuit?; (3) Can only a private party have been expected to bring the suit?; and (4) Would the purported public interest litigant have sufficient economic incentive to file suit even if the action involved only narrow issues lacking general importance?" Id., at 404.

Assessing the four criteria established by the Alaska Supreme Court it is clear that Mitchell is a public interest litigant. The cause of action brought forth by Mitchell sought to establish the fact that police officers in Anchorage had not been trained properly. To establish this fact Mitchell proved that Officers Voss and Henikman, who had received no reprimand by their superiors at the Anchorage Police Department, falsely arrested her. To prove false arrest, Mitchell needed to prove that the arrest that Voss and Henikman arrested her in violation of the law, specifically the Alaska Constitution.

Testimony at trial, and the affidavits of Cpt. Miller and John Daily, established that Mitchell's lawsuit would effectuate strong public policies. Mitchell argued that Municipal officers needed to utilize greater restrain when stopping citizens to ask questions concerning criminal activities. The officers in this suit stated that they would behave just as they did, Mitchell hopes that her law suit will necessitate greater restraint by these officers in the future. This greater restraint will create a strong change in municipal policy that would benefit all of Anchorage's citizenry.

As stated above, Mitchell's lawsuit will benefit numerous people because she succeeded. By bringing forward her lawsuit, Mitchell has established that the

conduct of Voss and Henikman toward her, constituted false arrest, and violated her protections under the Alaska Constitution.  Prior to Mitchell's lawsuit, Municipal police officer's believed that they could hold citizens without probable cause, for as long as needed.  After Mitchell's lawsuit, Municipal police officers must acknowledge that false arrest exists when the police act toward Mitchell in the same manner as Voss and Henikman.  The benefit of Mitchell's case is definitely widespread.

Similarly, Mitchell's lawsuit alleging false arrest against the Municipality of Anchorage is the type of suit that "only a private party" would have been expected to bring.  The conduct of Voss and Henikman would have gone unchecked, and uncorrected, had Mitchell chosen to not bring forward her lawsuit.  The conduct of Voss and Henikman did not seem to rise to the level of criminal behavior, even though it was unlawful.  As such, Mitchell, as a private party, is the only person expected to bring forward her lawsuit.

Finally, Mitchell filed her lawsuit, even though she did not have personal "economic motive" for bringing forward the claim.  Mitchell brought forward her claim even though she did not suffer great economic damages, or suffer great physical injuries.  She brought forward her claim so that she could definitively establish that Municipal police could not arbitrarily handcuff citizens, and hold them for indefinite periods of time.

Based on the above analysis, Mitchell argues that she is a public interest litigant.  As a public interest litigant, who prevailed on her state law cause of action,

she is entitled to full attorney fees pursuant to AS § 09.60.010.

For the above reasons, Mitchell request an award of attorney fees in the amount of $156,237.50.

Respectfully submitted this 19th day of August 2008.

      S/ Isaac Zorea
Law Offices of Isaac D Zorea
P.O. Box 210434
Anchorage, AK 99521
907-830-1385
907-677-3779
Eyedz@gci.net

Certificate of Service

I hereby certify that on August 19, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification to the following:

    Joyce Weaver Johnson

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    none.

Dated this 19th day of August 2008, at Anchorage, Alaska.

 S/ Isaac Zorea
  Law Offices of Isaac D Zorea
 P.O. Box 210434
 Anchorage, AK 99521
 907-830-1385
 907-677-3779
 Eyedz@gci.net