Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 677-3779
(907) 644-2802 facsimile
Eyedz@gci.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CAROLYN MITCHELL,                                )
        Plaintiff,                                           )
vs.                                                          )
                                                             )
ANCHORAGE POLICE DEPARTMENT and the )
MUNICIPALITY OF ANCHORAGE, a              )
municipal corporation, WALTER MONEGAN, )
Officer HENIKMAN, and Officer J. VOSS,     )
        Defendants.                                       )
_____)

Case No. 3:05-cv-00273-JWS

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION FOR ATTORNEY FEES**

Plaintiff Carolyn Mitchell opposes the Defendants' request for attorney fees, submitted in its motion at docket 150. Defendants allege that they are entitled to attorney fees, claiming that they prevailed on all issues. Dkt. 150, at 2. Based on its interpretation that it prevailed under all theories, the Defendants argue that they are entitled to attorney fees under Alaska Rules of Civil Procedure, Rule 82. Id..

Mitchell disagrees with Defendants' claim that they are the prevailing party in

this case. As she has already argued in prior motion filed before this court, see: Dkt. 149, Mitchell is certain that as a matter of law, she is the prevailing party in this case. As such, Defendants are in no way entitled to attorney fees, nor are they entitled to costs either.

**ARGUMENT**

In their request for attorney fees, the defendants have relied exclusively on Alaska Rules of Civil Procedure, Rule 82. The defendants devote five pages of their motion discussing attorney fees under 42 U.S.C. § 1988, yet they make no claim under this statute. Apparently, the defendants reference 42 U.S.C. § 1988 in order to imply that they might be entitled to attorney fees under this statute. While Mitchell could refute this claim, it seems clear that defendants have waived any request for attorney fees under 42 U.S.C. § 1988. Consequently, Mitchell will devote her reply brief to the only authority under which defendants seek attorney fees: Alaska Rules of Civil Procedure, Rule 82.

A glaring flaw exists in defendants request for attorney fees under Rule 82. Defendants have requested attorney fee based on the incorrect assertion that they prevailed at trial. The issue of prevailing party status has been briefed by both parties in prior motion work. It has not yet been resolved. However, under both Federal and Alaska state law, Mitchell is the prevailing party in this lawsuit.

Under Alaska's legal interpretations, Mitchell must be considered, and adjudged to be, the prevailing party of this lawsuit. Alaska's Supreme Court has stated that "the prevailing party 'is the one who successfully prosecutes the action or

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR ATTORNEY FEES: MITCHELL V. MOA, ET AL..                                   PAGE - 2 -

successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention; the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered.'" K & K Recycling, Inc. v. Alaska Gold Co., 80 P.3d 702, 722 (2003).  Relying on this definition by the Alaska Supreme Court, Mitchell is undoubtedly the prevailing party.

### A. THE MAIN ISSUE OF THIS LAWSUIT IS WHETHER OFFICERS VOSS AND HENIKMAN FALSELY ARRESTED MITCHELL.

On May 8, 2004, Officers Voss and Henikman pointed guns at Carolyn Mitchell, handcuffed her, and kept her in custody for over twenty minutes.  Mitchell believed that the conduct by Voss and Henikman amounted to an arrest, without probable cause.  After the event, Mitchell sought acknowledgment by the Anchorage Police Department that Voss and Henikman acted unlawfully when they handcuffed her, at gun point, and held her in custody for over twenty minutes.  The Anchorage Police Department told her that Voss and Henikman acted according to police policy.  Further, the APD stated that Mitchell had not been arrested.

Based on the facts of this case, when Mitchell filed her lawsuit on October 21, 2005, her main issue sought to determine whether Voss and Henikman arrested her, and whether the arrest occurred unlawfully.  The principal issue within Mitchell's lawsuit sought to determine whether Voss and Henikman unlawfully arrested her on May 8, 2004.  Mitchell pled alternative, or associated, legal theories along with her main legal issue, but her main issue centered on whether she had been falsely arrested.

In addition to her claim for false arrest, Mitchell alleged that the false arrest violated her civil rights, caused emotional distress, and defamed her. The alternative, or associated, legal theories of 42 U.S.C. § 1983, defamation, and intentional infliction of emotional distress, all by necessity linked themselves to the alleged false arrest. Mitchell has always alleged that had she not been falsely arrested, she would not have had her civil rights violated, nor would she have been defamed, or suffered emotional distress. Understanding these basic premises is essential to determining which party has prevailed in this lawsuit.

After identifying the main issue in Mitchell's lawsuit, the next step is to determine which party prevailed on this main issue. In the case at bar, Mitchell unequivocally prevailed on the issue of false arrest. As a matter of law, this Court concluded that Voss and Henikman did falsely arrest Carolyn Mitchell. Dkt. 76, at 4. It must also be noted, that damages are not an essential element to the tort of false arrest. Mitchell prevailed on this issue when she proved that Voss and Henikman (1) restrained her freedom, (2) without proper legal authority. Waskey v. Municipality of Anchorage, 909 P.2d 342, 345 (Alaska 1996). A defendant can commit false arrest, even though the jury concludes the false arrest did not warrant a damage award.

Mitchell fully and completely prevailed on the issue of whether or not Municipality of Anchorage police officers Voss and Henikman falsely arrested her. As employees of the Municipality of Anchorage, when Mitchell proved that Voss and Henikman falsely arrested her, she also established vicarious liability against the Municipality. As such, Mitchell prevailed in her claim against the defendant

Municipality of Anchorage when she prevailed against Voss and Henikman.

At the conclusion of trial, the jury concluded that Mitchell's Fourth Amendment rights had not been violated, even though she had been falsely arrested by Voss and Henikman.  The fact that the jury concluded that a false arrest did not constitute a civil rights violation does not impact Mitchell's status as the prevailing party to the lawsuit.  Likewise, the defendants do not become the prevailing party simply because a jury concluded that the false arrest she endured did not defame her, or did not constitute intentional infliction of emotional distress.  Plaintiff's are permitted to plead their cases under alternative theories, and just because only one of these theories prevails this does not change the fact that the party did prevail on the main issue.

Furthermore, the defendants request for attorney fees in this case is utterly against public policy, and is illustrative of the powerful attempting to beat down the weak.  At no time during this lawsuit has the Municipality of Anchorage admitted that it needs to change its policies concerning how innocent people are interrogated by police.  Officers Voss and Henikman have been steadfast in the position that they did nothing wrong as regards to Mitchell.  The facts are different.  This Court has declared that Voss and Henikman falsely arrested Mitchell. Dkt. 76, at 4.  Put differently, this Court declared that Voss and Henikman arrested Mitchell, without probable cause, and that the conduct was unlawful. Id., at 5.

It is absurd for the defendants to allege that just because their unlawful conduct did not result in a large monetary judgment against them, that the unlawful

conduct is somehow converted into lawful conduct. A monetary jury award should not be the only thing that causes the Municipality of Anchorage to alter its policies. If a court of law determines that Municipal officers have violated a citizen's rights, by falsely arresting the citizen, this sole fact should be significant. If Voss and Henikman acted pursuant to Alaska's Constitution, their conduct would have been lawful. If Voss and Henikman's conduct was lawful, this court would not have ruled that Mitchell had been falsely arrested. Mitchell sought confirmation that Voss and Henikman acted contrary to Alaska's Constitution. On this issue, Mitchell prevailed.

As Mitchell argued in her motion for attorney fees, at docket 153, she is a public interest litigant. A public interest litigant seeks redress concerning constitutional issues, even though little or no financial incentive exists to encourage the suit. Alaska Statute § 09.60.010(c). Mitchell as a public interest litigant sought vindication that her constitutional rights had been violated by Voss and Henikman. Her lawsuit is the type of lawsuit that should have been filed by the attorney general, or resolved internally by the Municipality of Anchorage.

When no other legal authority undertook the challenge to prove that Voss and Henikman acted unlawfully, Mitchell assumed the risk and burden of this duty. By acting as she did, Mitchell clearly established herself as a public interest litigant. Mitchell hoped that by proving that Voss and Henikman acted unlawfully, she would be protecting future citizens from similar treatment.

In its request for attorney fees, the Municipality is showing that it is unrepentant concerning Voss and Henikman's actions toward Mitchell. The

Municipality's motion shows that in Anchorage, if a citizen undertakes to stand up against the Municipality of Anchorage, and assert that her rights have been violated, she risks everything.  Rather than apologize for the conduct of Voss and Henikman, the Municipality of Anchorage is asking for $113,266 in attorney fees.  The vindictiveness shown by the Municipality of Anchorage should not be embraced by this court.

The main issue Mitchell's lawsuit sought to address centered on whether Voss or Henikman unlawfully arrested her on May 8, 2004.  Concerning this central issue, Mitchell prevailed under state law.  The defendants have based their whole argument on the premise that they prevailed on all issues Mitchell presented, under federal law and Alaska state law. Dkt. 150, at 2.  The Court issued judgment, docket 144, shows that defendants are misstating facts.  The Court issued judgment stated that plaintiff prevailed on her state law claim of false arrest. Dkt. 144.  Based on the fact that the Court's judgment declares that Mitchell prevailed on the state law claim of false arrest, she is the prevailing party in this lawsuit.

> B.   THE DEFENDANTS' RULE 68 OFFER CANNOT ELEVATE THEIR STATUS TO THAT OF A PREVAILING PARTY.

The Defendants have advanced several flawed arguments concerning the Offers of Judgment they submitted to Mitchell a month prior to trial.  Apparently sensing that the argument is without merit, the defendants devote only a single paragraph to the issue of its Offers of Judgment. Dkt. 150, at 10.  Defendants' lack of detail regarding its Offers of Judgment is very significant.  Defendants have asserted

that they are the prevailing party solely because they believe their Offers of Judgment exceeded the judgment Mitchell obtained after trial. Id.. Despite the significance of this legal position, the defendants have provided no analysis into how, under federal law, an Offer of Judgment can convert a party into the prevailing party, entitled to attorney fees.

For unknown reasons, defendants imply that they submitted an offer of judgment to Mitchell under Alaska Rules of Civil Procedure, Rule 68. Dkt. 150, at 10. Mitchell is astounded that defendants would submit such an argument to this court, since it is clearly inaccurate. A month before trial, the defendants in this case submitted an Offer of Judgment, pursuant to Federal Rules of Civil Procedure, Rule 68. Dkt. 147-2 to 147-5. Defendants did not submit an offer of judgment under Alaska Rules of Civil Procedure, but relied instead on the federal counterpart. The federal application of Rule 68 is completely different than the rule under Alaska state law. Mitchell is shocked that defendants would so blatantly confuse the jurisdiction under which it submitted its offer of judgment.

Under the Federal Rules of Civil Procedure, failure to better a Rule 68, Offer of Judgment, carries with it a much less severe penalty. Under the federal rules, if a party does not exceed an offer of judgment, the unsuccessful party is liable only for **costs** incurred **after** the offer had been submitted. The federal rule does not include attorney fees under costs. As such, **if** Mitchell had failed to exceed the defendants offer of judgment, she would have been liable only for the costs accrued after August 18, 2008. She would not have been subject to the greater penalties that exist had she

been given an offer of judgment under Alaska Rules of Civil Procedure.

Mitchell argues that even if she failed to exceed defendants offers of judgment, this fact would not elevate defendants to the position of prevailing party. The defendants have provided no case law, or statutory authority, stating that failure to exceed an offer of judgment will elevate an otherwise losing party to the status of prevailing party. Under the Federal Rules of Civil Procedure, Rule 68 does not have anything to do with which party is considered the prevailing party. The rule merely deals with how costs are awarded in situations where the prevailing party does not exceed the offer submitted.

Under the Federal Rules of Civil Procedure, Rule 68 does not impact the merits of a plaintiff's case. All Rule 68 does is shift some of the costs associated with a lawsuit from the defendant to the plaintiff, if the defendant proves that it made a reasonable effort to settle the case before trial. Furthermore, under federal law, only the defendant is permitted to submit a rule 68 offer. As such, Mitchell had no opportunity to attempt to resolve this case prior to trial. This is a second difference between the federal rule and the Alaska rule.

C.   THE DEFENDANTS' RULE 68 OFFER DID NOT EXCEED THE AMOUNT MITCHELL RECOVERED AFTER TRIAL.

A secondary flaw exists in defendants' claim that they are the prevailing party. In its paragraph on the offer of judgment it offered to Mitchell, the defendants incorrectly state that their offer exceeded what she recovered at trial. Dkt. 150, at 10. As Mitchell has argued previously, at docket 149, defendants' offer of judgment was

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR ATTORNEY FEES: MITCHELL V. MOA, ET AL..                                PAGE - 9 -

"inclusive of costs and attorney fees."

When Mitchell reviewed defendants' offer, and assessed whether she could recover an amount exceeding the $400 offer, she based her calculation on several facts. The initial fact Mitchell considered in evaluating the defendants' offer of judgment, was that she had already prevailed on the main issue of her lawsuit prior to trial. By prevailing on the issue of false arrest, docket 76, Mitchell knew that she was already entitled to her existing costs, plus whatever verdict she received from the jury. Based on her pre-offer costs, Mitchell knew that she had already exceeded the defendants offer of judgment, regardless what amount the jury awarded her.

As Mitchell has already argued to this court, docket 149, she did obtain recovery at trial in excess of the defendants offers of judgment. The defendants should have known from the moment that they submitted their offer of judgment that the amount offered had already been exceeded. For whatever reasons, the defendants' offers of judgment amounted to nothing other than a waste of paper. The offer stated that it was inclusive of costs, and yet it did not exceed the costs that had already been incurred by Mitchell.

## Conclusion

The defendants have requested attorney fees in this case, even though they are not the prevailing parties in this case. Mitchell filed her lawsuit in order to determine whether Voss and Henikman falsely arrested her. Based on the premise that she had been falsely arrested, Mitchell believed that she also suffered defamation, emotional distress and a civil rights violation. She prevailed on the issue of false arrest, but the

jury did not believe that the false arrest necessitated recovery on Mitchell's alternative theories of recovery. Under Alaska law, however, Mitchell's success on the false arrest issue establishes her as the prevailing party in this lawsuit.

As the prevailing party, Mitchell alone is entitled to costs and attorney fees under Alaska Rule 82. Defendants requests for attorney fees, and cost, must be denied. Based on the argument presented above, the defendants motion for attorney fees should be fully denied.

Respectfully submitted this 1st day of September 2008.

S/ Isaac Zorea
Law Offices of Isaac D Zorea
P.O. Box 210434
Anchorage, AK 99521
907-830-1385
907-677-3779
Eyedz@gci.net

Certificate of Service

I hereby certify that on September 1, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification to the following:

Joyce Weaver Johnson

Dated this 1st day of September 2008, at Anchorage, Alaska.

S/ Isaac Zorea
Law Offices of Isaac D Zorea
P.O. Box 210434
Anchorage, AK 99521
907-830-1385
907-677-3779
Eyedz@gci.net

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR ATTORNEY FEES: MITCHELL V. MOA, ET AL..                          PAGE - 11 -