Joyce Weaver Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Attorney for Defendants
Municipality of Anchorage
Anchorage Police Department
Walt Monegan
Officers Voss and Henikman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROLYN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHORAGE POLICE DEPARTMENT and | ) |
| the MUNICIPALITY OF ANCHORAGE, a | ) |
| municipal corporation, WALTER MONEGAN, | ) |
| Officer HENIKMAN, and Officer J. VOSS, | ) |
| | ) |
| Defendants. | ) Case No. 3:05-cv-00273-JWS |
| | ) |

**DEFENDANTS' COMBINED OPPOSITION TO PLAINTIFF'S MOTION FOR RULING ON PREVAILING PARTY STATUS; OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, AND REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY FEES**

Defendants here combine their briefing in response to Plaintiff's three briefs[1] on related subjects.  This brief opposes Plaintiff's Prevailing Party motion, Dkt. 149, and her Motion for Fees, Dkt. 153.  The brief also replies to Plaintiff's Response, Dkt. 156, to Defendants' Motion for Fees, Dkt. 150.

## I.     U.S., ALASKA SUPREME COURT PRECEDENTS UNEQUIVOCALLY MAKE DEFENDANTS PREVAILING PARTIES FOR PURPOSES OF FEES.

On the applicable Alaska and Federal theories of attorneys' fees, Defendants prevailed on all issues or the "main issues" and are entitled to their fees.

### A.     Defendants Prevailed on All or 'Main Issues,' Entitling Them to Rule 82 Fees.

Under a long line of Alaska Supreme Court cases, Defendants herein are unequivocally prevailing parties for purposes of Rule 82 attorney fees.  The Court has said,

> We have articulated guidelines for determining the "prevailing party."  For purposes of awarding fees pursuant to Civil Rule 82, the general rule is that the prevailing party is the one "who has successfully prosecuted or defended against the action, the one who is successful on the 'main issue' of the action and "in whose favor the decision or verdict is rendered and the judgment entered.'"

Day v. Moore, 771 P.2d 436, 437 (1989) (citing Adoption of V.M.C., 528 P.2d 788, 795 note 14 (1974).[2]

---

[1] See Unopposed Motion for Extension of Time, Dkt. 157, and Affidavit of Counsel, Dkt. 158, reflecting Plaintiff's non-opposition to extra time.  See also ECF Order at Dkt. 160 approving the change.

[2] The case cited by Plaintiff at Dkt. 156, page 3, is no different. There are many other Alaska cases along these lines.  A party who was "successful with regard to the 'main issues in the action'" even though it did not prevail on every issue may be the prevailing

Defendants successfully defended on all issues in this action: the jury determined Plaintiff had suffered no damages as a result of her detention, and damages were an essential element of any tort such as false arrest. Defendants obtained dismissals of all other claims. Defendants have unequivocally prevailed on the "main issues" for purposes of Rule 82 attorney fees.

Merely obtaining some "affirmative recovery" does not automatically make a party the "prevailing party" for purposes of Rule 82, and Alaska law puts the "prevailing party" determination within the discretion of the court. Hayer v. National Bank of Alaska, 619 P.2d 474, 477 (1980). It is doubtful that Plaintiff herein can be said to have "prevailed," or to have obtained an "affirmative recovery," as her $1 award will be offset against a substantial award of fees in Defendants' favor.

Plaintiff's new assertion, Dkt. 156 at p. 3, that her case was really only about false arrest, is disingenuous. She claims this for the first time in opposing Defendants' Motion for Attorneys' Fees, because false arrest is the only remnant remaining from her four major claims. During discovery, motion practice and trial, however, both parties spent tremendous amounts of time and effort finding facts, researching, arguing and trying all of the claims. After fighting those issues all the way through trial, she now seeks to

---

party." Cooper v. Carlson, 511 P.2d 1305, 1308 (1973). "[A] litigant who is successful in defeating a claim of great potential liability may be the prevailing party even though the other side is successful in receiving an affirmative recovery." Id. at 1309 (citation omitted.) "Determination of who the prevailing party is does not automatically follow if the party receives an affirmative recovery, but rather is grounded on which party prevails on the main issues." Continental Insurance Company v. U.S. Fidelity & Guaranty Company, 552 P.2d 1122, 1125 (1976).

minimize all but false arrest, in a self-serving effort to salvage some fees.  The Court should disregard this assertion and hold that, for purposes of fees under either Sec. 1988 or Rule 82, Plaintiff prevailed on no claim, and Defendants prevailed on all.

> **B.    Plaintiff Cannot Answer *Farrar*, Which Is Dispositive of the Fact that Defendants, Not Plaintiff, Prevailed for Purposes of 42 U.S.C. Sec. 1988.**

Inexplicably, Plaintiff's Response to Defendants' Motion for Attorney Fees, Dkt. 156, doesn't attempt to answer, in any fashion, Defendants' binding U.S. Supreme Court authority making them unequivocally the "prevailing parties" for purposes of any fee award.  Dkt. 150 at p. 3, citing Farrar v. Hobby, 113 S.Ct. 566, 574 (1992).  She doesn't even reach the first step toward a Sec. 1988 fee award because her $1 was awarded on a state law claim, not a U.S. Constitutional claim.  For purposes of any Sec. 1988 fees Defendants, not Plaintiff, prevailed.

> **C.    Plaintiff Erred in Rejecting Rule 68 Offers; She Should Not Get Costs.**

There can be no doubt, even before the post-trial rulings are in, that Plaintiff would have come out of this case far better had she accepted the May 29 Offers of Judgment: she would have avoided the substantial judgment in Defendants' favor which this Court is likely to enter, based on their fees as prevailing parties.  From that standpoint, it is clear that Plaintiff did not prevail by any measure.

If, however, Plaintiff is deemed "prevailing" by virtue of her pre-offer costs plus $1, for purposes of this Court's Rule 68 costs determination, Defendants ask the Court to scrutinize the claims as to their timing.  She asks for pre-offer costs and submits a Bill of

Costs, but does not document, nor even assert, that the costs submitted were in fact incurred before the May 29, 2008, offers.  The Clerk should require Plaintiff to clarify this before the Court rules.  Clearly, Plaintiff is not entitled to any costs she incurred after the offers were made, and in fact owes Defendants their costs for this period.  Rule 68(d).

## II.    UNDER CORRECT LAW, PLAINTIFF'S CLAIM OF "PUBLIC INTEREST LITIGANT" STATUS FAILS.

Plaintiff brings her claim of "public interest litigant" status, part (B) of her Motion for Attorney Fees, under the wrong legal authority.  The only legal case she cites for her surprising new claim of "public interest litigant" status is one decided under a doctrine abrogated by the Alaska Legislature in 2003.  The new AS 09.60.010 applies to her lawsuit filed in 2005, after the effective date of the changes.

### A.    Legislature Corrected "Imbalances" from Former Case Law.

The policy behind the changes in AS 09.60.010, the Supreme Court has said, is to correct imbalances that existed under the former common-law exception to Rule 82.  In a post-2003 decision interpreting the statutory changes, the Alaska Supreme Court quoted the "purpose" section of the bill, stating that the common-law doctrine had worked an imbalance and encouraged the wrong kinds of litigation behavior:

> PURPOSE. (a) The judicially created doctrine respecting the award of attorney fees and costs for or against public interest litigants has created an unbalanced set of incentives for parties litigating issues that fall under the public interest litigant exception. *This imbalance has led to increased litigation, arguments made with little merit, difficulties in compromising claims, and significant costs to the state and private citizens. More importantly, application of the public interest litigant exception has resulted in unequal access to the courts and unequal positions in litigation.*

(b) The purpose of sec. 2 of this Act to provide for a more equal footing for parties in civil actions and appeals by abrogating the special status given to public interest litigants with respect to the award of attorney fees and costs. . . .

State v. Native Village of Nunapitchuk, 156 P.3d 389, 392 (italics added). The "purpose" section of the legislation went on to expressly overrule various prior cases. In other words, the Legislature believed the well-intentioned "public-interest litigant" exception to Rule 82 had gone way overboard and encouraged cases which should never have been filed.

The instant case is just the kind of case which the Supreme Court holds the statute was meant to discourage. As the jury concluded, Dkt. 144, there was no merit to any of Plaintiff's claims: they found against her on her U.S. Constitutional claims, and awarded only the $1 in nominal damages which this Court instructed them they must award if they found no actual damages. She made her case difficult or impossible to compromise: Judge Burgess worked all day with the parties in a settlement conference shortly before trial; previously, Plaintiff had rejected Defendants' Offers of Judgment, which would have served her better than taking the case through trial. She made arguments with little merit: notably, she argued without success that the pre-trial ruling on false arrest was determinative of her Constitutional claims under the Fourth Amendment. She imposed very significant costs on the public: Anchorage Police Department personnel were heavily involved in discovery and trial, and the Municipal Attorney incurred 800-900 hours, or nearly half a year's worth of professional time.

Just by raising this surprising argument, Plaintiff acknowledges that the idea of getting "public interest litigant" status may have influenced her, or her attorneys, to bring her claims. This is just the kind of suit the Legislature sought to discourage when it narrowed the circumstances in which a litigant's status will trigger an exception to Rule 82.

**B.    "Economic Incentive" Factor Fatal to Plaintiff's Argument.**

Another post-2003 case on this issue emphasizes the importance of determining whether a litigant had a sufficient economic self-interest to bring suit. In Simpson v. Murkowski, 129 P.3d 435 (2006), a case brought against the State of Alaska by senior citizens regarding the longevity bonus, the state prevailed on the merits but the trial court denied it attorney fees. The Alaska Supreme Court remanded, requiring the trial judge to consider whether the senior citizens would have had "sufficient economic incentive", AS 09.60.010, to bring the suit. If they had, then defendant therein (the State of Alaska) should get its fees after all.

> In 2003 the legislature enacted a statute *expressly abrogating the special status given to public interest litigants* with respect to the award of attorney's fees and costs under this court's precedents and limiting the circumstances in which public interest litigants would be considered exempt from paying attorney's fees . . . This statute became effective September 11, 2003 and applies to all civil actions filed after the effective date . . . Under AS 09.60.010(b), as amended, *public interest litigants are generally not exempt from paying attorney's fees.* The statute provides:
>
> > (b) Except as otherwise provided by statute, a court in this state may not discriminate in the award of attorney fees and costs to or against a party in a civil action or appeal based on the nature of the policy or interest advocated by the party, the number of persons affected by the outcome of the case, whether a governmental entity could be expected to bring or participate in the case, the

extent of the party's economic incentive to bring the case, or any combination of these factors.

But public interest litigants may be exempt from paying attorney's fees under certain circumstances. Relevant to this case, AS 09. 60. 010( c)(2) provides:

(c) In a civil action or appeal concerning the establishment, protection, or enforcement *of a right under the United States* Constitution or the Constitution of the State of Alaska, the court:

. . .

(2) may not order a claimant to pay the attorney fees of the opposing party devoted to claims concerning constitutional rights *if the claimant as plaintiff*, counterclaimant, cross claimant, or third-party plaintiff in the action or appeal *did not prevail in asserting the right, the action or appeal asserting the right was not frivolous, and the claimant did not have sufficient economic incentive to bring the action* or appeal regardless of the constitutional claims involved.

Simpson, 129 P3d at 448 (italics added, footnotes omitted.)

The instant case presents plenty of evidence on which this Court can find Plaintiff had "sufficient economic incentive" to bring her claims, without the benefit of "public interest" status. Plaintiff's claim of such status should be roundly rejected.

## C.    Statute Prohibits Discriminating as Plaintiff Requests; Parsing Its Factors Reveals It Does Not Work in Her Favor.

The function of the statute, at its part (b), is to prohibit, except as specifically set forth in its part (c), any discrimination in fee awards – whether in favor of, or against a litigant – based on whether or not her claims were brought under the Constitution.

Which factors in the new AS 09.60.010 can Plaintiff satisfy to obtain her fees – or to avoid an award of fees against her? The answer is: at most, only one of several. The statute says, in pertinent part:

**AS 09.60.010. Costs and attorney fees allowed prevailing party**

. . .

(c) In a civil action or appeal *concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska*, the court

    (1) shall award, subject to (d) and (e) of this section, full reasonable attorney fees and costs to a claimant, who, as plaintiff, counterclaimant, cross claimant, or third-party plaintiff in the action or on appeal, *has prevailed in asserting the right*;

    (2) may not order a claimant to pay the attorney fees of the opposing party devoted to *claims concerning constitutional rights* if the claimant as plaintiff, counterclaimant, cross claimant, or third-party plaintiff in the action or appeal *did not prevail* in asserting the right, the action or appeal asserting the right was not frivolous, *and the claimant did not have sufficient economic incentive to bring the action or appeal regardless of the constitutional claims involved.*

(d) In calculating an award of attorney fees and costs under (c)(1) of this section,

    (1) the court shall include in the award *only that portion of the services of claimant's attorney fees and associated costs that were devoted to claims concerning rights under the United States Constitution or the Constitution of the State of Alaska upon which the claimant ultimately prevailed;* and

    (2) the court shall make an award *only if the claimant did not have sufficient economic incentive to bring the suit,* regardless of the constitutional claims involved.

. . .

(Italics added.)

    __First, part (c)(1):__ Plaintiff is not entitled to fees because she did not "prevail" on any claims brought "under the United States Constitution or the Constitution of the State of Alaska." She brought no Alaska Constitutional claims, and the jury decided against her on her Fourth Amendment claims.

**Next, part (c)(2):** she cannot use the statute as a shield against paying Defendants their Rule 82 fees because, even though some of her claims (on which she did not prevail) did concern the Fourth Amendment, she had "sufficient economic incentive" to bring them, regardless of the constitutional claims.  Three of her four claims were brought not under the Constitution, but under Alaska's common-law of torts.  She could, in fact, have fashioned her entire lawsuit on the same facts without mentioning the Constitution.  She demonstrated a significant economic motivation in her Complaint by asserting substantial demands, beginning with $100,000 on each of her four claims, then by rejecting Defendants' Offers of Judgment, and ultimately their offers at the settlement conference, as too low.

**Next, part (d)(1):**  Again, even if Plaintiff were entitled to any consideration at all under Sec. 010 (which she is not) it would be limited to work performed on Constitutional claims "upon which the claimant ultimately  prevailed."  But she prevailed on no Constitutional claim.

**Finally, part (d)(2):**  Again, she would not be entitled to any award, because she had "sufficient economic incentive" to bring the suit without Constitutional claims, and in fact her suit could have stood alone, in state court, with her common-law claims only.

Plaintiff's claim to be a "public interest litigant" therefore fails for her reliance on an abrogated doctrine; her failure to prevail on any Constitutional claim, and her significant economic incentive, among other factors.  The Supreme Court explained that:

> The public interest litigant exception operates both affirmatively and protectively: affirmatively, in that when a public interest litigant prevails it is entitled to an

award of full attorney's fees . . . and protectively, in that when a public interest litigant is on the losing side of litigation no attorney's fees may be assessed against it.

Nunapitchuk, 156 P.3d at 392, note 2 (citations omitted.)  In this case, Plaintiff  is neither within the benefits of the affirmative or protective scope of the statute, and her claims for special consideration as a "public interest litigant," both in her Motion for Attorney Fees, and in opposing Defendants' Motion – are without merit.

### D.     Alaska Supreme Court Has Cautioned Against Using Equitable Powers to Recreate Old "Public Interest Litigant" Exception.

After arguing that she "prevailed" and deserves Rule 82 fees, Plaintiff urges on this Court many arguments for enhancing such fees. See pages 2-8 of her Motion for Fees.  But Plaintiff's arguments have already been addressed and rejected by the Alaska Supreme Court in Nunapitchuk, supra, at pp. 404-405.  In other words, judges should be suspicious of equitable arguments such as those Plaintiff raises; she is trying to revert to the old, abrogated "public interest" exception.  Plaintiff even argues this expressly, see her carryover paragraph, Dkt. 153 at pages 6-7, when she states that she must be awarded extra fees because otherwise "society will suffer" and "future litigants would be conditioned to merely tolerate violations of their constitutional rights."  This is nonsense, in light of the jury's findings; it is also an attempt to do exactly what the Court in Nunapitchuk, forbade.  It said:

[W]e believe that courts must take care to avoid using this equitable power as an indirect means of accomplishing what HB 145 has now disallowed – using awards of attorney's fees to encourage litigation that can be characterized as involving the public interest.

Id. at 404-405.    Accordingly, Plaintiff's equitable arguments should be rejected out of hand.

## III.    **FEDERAL RULES 68, 54 ENTITLE DEFENDANTS TO COSTS.**

Defendants are entitled to their costs under either of two theories.  First, having beaten their Rule 68 offer, they are entitled to all of their post-offer costs, at least as to the 3 of 4 claims under state law.  That is, if Sec. 1988 bars Defendants from collecting their costs on the single Constitutional claim, Rule 54 applies to allow them to collect the costs on the tort claims.

Second, as prevailing parties overall as a matter of law, Rule 54(d) entitles them to <u>all</u> of their allowable costs, not just those incurred post-offer.[3]

## **CONCLUSION.**

Most important is that Defendants unequivocally prevailed for purposes of recovering their award of Alaska Rule 82 fees.  They succeeded on the "main issues," and they are (or soon will be) the parties "in whose favor the decision or verdict is rendered and the judgment entered," <u>Day v. Moore</u>, <u>supra</u>.  (The Clerk's entry of judgment on the verdict before consideration of Rule 68, fees or costs is not the "final

---

[3] If the Court cannot otherwise determine which party was "prevailing" for purposes of costs under Rule 68, it may be necessary for the Clerk to review the parties' respective Bills of Costs and determine which costs are allowable. Also, there were four defendants, each of whom served a separate Offer of Judgment.  In that regard, the Court may need to determine whether Plaintiff's allowable costs should be viewed in the aggregate and compared with $400, or separated as to her four different claims, and each amount compared with a single Offer of Judgment in the amount of $100.

judgment" in this case.)  Too, for purposes of considering any fee issues under 42 U.S.C.

Sec. 1988, Defendants unquestionably prevailed, based on Farrar, supra.  For purposes of

costs, Defendants are entitled at least to any post-offer costs allowable under the Rules.

      The Court should rule (1) that Defendants are the prevailing parties for any and all

purposes relating to fees, and are entitled to their award of fees under Alaska Rule 82, see

Dkt. 150; (2) Defendants are entitled to their post-offer costs under Federal Rule 68; (3)

Plaintiff is not entitled to any fees, and (4) if Plaintiff is entitled to any costs, they should

be carefully scrutinized and then set off against Defendants' costs and fees.

      Respectfully submitted this 9th day of September, 2008.

                  JAMES N. REEVES
                  Municipal Attorney

                  By:  s/ Joyce Weaver Johnson
                       Municipal Attorney's Office
                       P.O. Box 196650
                       Anchorage, Alaska 99519-6650
                       Phone: (907) 343-4545
                       Fax: (907) 343-4550
                       E-mail: uslit@muni.org
                       Alaska Bar No. 9306029

The undersigned hereby certifies that on 09/9/08 a true and correct copy of the *Defendants' Combined Opposition to Motion for Ruling on Prevailing Party; Motion for Attorney Fees and Reply to Plaintiff's Response to Motion for Attorney Fees* was served on:

Isaac D. Zorea
and
Moshe C. Zorea

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.
 s/Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office